1 DAVID L. NEALE (SBN 141225)
2 JULIET Y. OH (SBN 211414)
  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3 10250 Constellation Boulevard, Suite 1700
  Los Angeles, California 90067
4 Telephone: (310) 229-1234
  Facsimile: (310) 229-1244
5 Email: dln@lnbrb.com, jyo@lnbrb.com

6 Attorneys for Chapter 11 Debtor
  and Debtor in Possession
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SAN FERNANDO VALLEY DIVISION**

11

| | |
|---|---|
| 12 In re | ) Case No. 1:09-bk-14214-GM |
| 13 ROOSEVELT LOFTS, LLC, a Delaware | ) |
| limited liability company, | ) Chapter 11 |
| 14 | ) |
| | ) **DEBTOR'S SECOND CASE STATUS** |
| 15 Debtor. | ) **CONFERENCE**      **REPORT;** |
| | ) **DECLARATION**   **OF**   **M.**   **AARON** |
| 16 | ) **YASHOUAFAR** |
| 17 | ) |
| 18 | ) **Status Conference:** |
| | ) Date:     September 16, 2009 |
| 19 | ) Time:     10:00 a.m. |
| | ) Place:    Courtroom "303" |
| 20 | )             21041 Burbank Boulevard |
| 21 | )             Woodland Hills, California 91367 |
| 22 | ) |

23 **TO THE HONORABLE GERALDINE MUND, UNITED STATES**

24 **BANKRUPTCY JUDGE:**

25      Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor and debtor in

26 possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby files its

27 Second Case Status Conference Report, as follows:

28

1      1.     The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.*

2  (as amended, the "Bankruptcy Code") on April 13, 2009 (the "Petition Date"). The Debtor is

3  managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant

4  to Sections 1107 and 1108 of the Bankruptcy Code.

5      2.     The Debtor is the owner of real property located at 727 West 7th Street in Los

6  Angeles, California, an architecturally significant building located in the heart of the Financial

7  District in downtown Los Angeles (the "Building"), which has been substantially converted by the

8  Debtor into 222 individually subdivided, luxury residential condominium units, a commercial retail

9  component on the ground floor, and parking areas which are both subterranean and above grade

10  within the Building.

11      3.     On April 17, 2009, the Court entered its *"Order To Appear At Status Conference*

12  *Pursuant To 11 U.S.C. § 105"* which required the Debtor to appear at a status conference on June

13  2, 2009 at 10:00 a.m., and file and serve on the Office of the United States Trustee (the "UST") a

14  Case Status Conference Report one week before the status conference (the "Status Conference

15  Order"). Subsequently, the Court rescheduled the status conference from June 2, 2009 to June 9,

16  2009 at 10:00 a.m.

17      4.     In compliance with the Status Conference Order, on June 2, 2009, the Debtor filed

18  and served upon the UST that certain *"Declaration of M. Aaron Yashouafar Re: Status of Case"*

19  which described the following: (1) the events that led up to and caused the filing of the Debtor's

20  chapter 11 case; (2) the major assets and liabilities of the Debtor's estate; (3) the general outline of

21  the reorganization or liquidation plan; and (4) the activities which the Debtor must complete prior

22  to filing a disclosure statement and plan of reorganization [Docket No. 52].

23      5.     The initial chapter 11 status conference in the Debtor's case was held on June 9,

24  2009 at 10:00 a.m. but was trailed to the following day, June 10, 2009 at 10:00 a.m., when the

25  Court was scheduled to consider the Debtor's first Sale Motion (defined below). At the status

26  conference conducted on June 10, 2009, the Court continued the status conference further to

27  August 4, 2009 at 10:00 a.m., and ordered the Debtor to file and serve upon the UST an updated

28

1  status report one week before the date of the continued status conference. [See, Scheduling Order,
2  Docket No. 86, filed on June 15, 2009].

3  6.    With the permission of the Court, the status conference was continued again from
4  August 4, 2009 to September 16, 2009 at 10:00 a.m. The Debtor filed a notice of continuance of
5  the status conference accordingly on July 30, 2009 [Docket No. 135].

6  7.    The Debtor provides this Second Case Status Conference Report to update the
7  Court on the events that have transpired in this case since the status conference held on June 10,
8  2009.

9  8.    Shortly after the commencement of the Debtor's bankruptcy case, the Debtor filed
10  two separate motions seeking authority to sell certain of the condominium units in the Building,
11  free and clear of all liens, claims, interests and encumbrances (collectively, the "Sale Motions,"
12  and individually, a "Sale Motion"). The Debtor filed its first Sale Motion on May 20, 2009,
13  pursuant to which the Debtor sought to sell units subject to pre-petition purchase and sale
14  contracts. The Debtor filed its second Sale Motion on May 26, 2009, pursuant to which the Debtor
15  sought to sell units subject to post-petition purchase and sale contracts.

16  9.    Numerous parties, including the Debtor's primary secured creditor, Bank of
17  America, N.A., individually and as agent for a group of lenders (the "Bank"), and several alleged
18  mechanic's lienholders, filed oppositions to the Sale Motions. At the June 10, 2009 hearing on the
19  first Sale Motion, the Court continued the hearings on both Sale Motions to August 4, 2009 at
20  10:00 a.m. and encouraged the parties, namely, the Debtor, the Bank and the Official Committee of
21  Unsecured Creditors appointed in the Debtor's case (the "Committee"), to discuss the terms of, and
22  formulate, a consensual plan of reorganization.    The hearings on the Sale Motions were
23  subsequently continued by stipulation from August 4, 2009 to September 16, 2009 at 10:00 a.m.[1]

24
25
26
_____

27  [1] Given the current posture of the Debtor's case, the Debtor has agreed to continue the hearing on the
    Sale Motions for approximately thirty (30) days, as requested by the Bank.

28

3

1        10.    Following the June 10, 2009 hearing on the first Sale Motion, the Debtor, the Bank
2    and the Committee engaged in discussions aimed at formulating a consensual plan of
3    reorganization in the Debtor's case.

4        11.    Under Section 362(d)(3) of the Bankruptcy Code, the Bank may obtain relief from
5    the automatic stay unless, within 90 days after the Petition Date (or such later date as the Court
6    may determine for cause by an order entered within that 90-day period), the Debtor has filed a plan
7    of reorganization that has a reasonable possibility of being confirmed within a reasonable time or
8    the Debtor has commenced monthly interest payments to the Bank. Given the ongoing discussions
9    among the parties regarding the terms of a consensual plan of reorganization, the Debtor, the Bank
10   and the Committee entered into a series of stipulations to extend the Section 362(d)(3) time period
11   applicable to the Debtor's case to and including August 31, 2009.

12       12.    In the meantime, on July 2, 2009, the Debtor filed a motion seeking to establish a
13   bar date for filing proofs of claim or interest in the Debtor's case. On July 27, 2009, the Court
14   entered an order granting the Debtor's motion and establishing September 15, 2009 as the bar date
15   for filing proofs of claim or interest in the Debtor's case [Docket No. 129].

16       13.    In addition, on August 5, 2009, the Debtor filed a motion seeking the entry of an
17   order extending the exclusivity periods for the Debtor to file a plan of reorganization and obtain
18   acceptance thereof. On August 28, 2009, the Court entered an order granting the Debtor's motion
19   and extending the Debtor's exclusivity periods for ninety days, from August 11, 2009 and October
20   10, 2009, respectively, through and including November 9, 2009 and January 8, 2010, respectively
21   [Docket No. 160].

22       14.    In conjunction with the Debtor's ongoing discussions with the Bank and the
23   Committee regarding the terms of a consensual plan of reorganization, the Debtor approached the
24   Committee about renting condominium units in the Building on a short-term basis and allowing the
25   Debtor to use cash collateral (including rent revenue generated by the Building) to help offset the
26   operating expenses being incurred on a monthly basis to maintain the Building. Although the
27   Debtor did not believe the Bank's consent to the Debtor's proposed leasing program was required,
28

4

since the Debtor had been attempting to cooperate with the Bank in formulating a mutually agreeable plan of reorganization, the Debtor approached the Bank in mid-June 2009 regarding the parameters of the Debtor's proposed short-term leasing program and sought the Bank's consent to such program. Although discussions were ongoing since mid-June, the Bank had still not provided its consent to the Debtor's proposed leasing program as of late August.

15. Based on the foregoing, on August 27, 2009, the Debtor filed an emergency motion for authority to commence the leasing program to permit the Debtor to enter into short-term residential leases. The Debtor also filed an emergency motion for authority to use cash collateral on an emergency interim basis pending a final hearing in accordance with the Debtor's operating budget (the "Budget") and to borrow money on an administrative expense priority basis from Milbank Holding Corp. to cover the operating shortages set forth in the Budget.

16. A hearing was held on September 2, 2009 at 10:00 a.m. for the Court to consider the Debtor's emergency leasing program motion and emergency cash collateral/financing motion. The Court granted both of the Debtor's motions, subject to certain modifications set forth on the record of the Court and in the orders entered by the Court on September 8, 2009 [Docket Nos. 173 and 174].

17. In the meantime, although the Debtor requested that the Bank agree to further extend the Section 362(d)(3) time period applicable to the Debtor's case, the Bank declined to do so. Accordingly, on August 31, 2009, the Debtor filed a plan of reorganization (the "Plan") which provides for the lease and/or sales of the condominium units and commercial spaces in the Building in a manner which the Debtor believes maximizes the value of the property, and provides for the repayment of amounts due to the Bank, holders of valid and enforceable mechanic's liens against the Building, and holders of allowed priority and general unsecured claims in full. The Debtor anticipates filing a disclosure statement to accompany the Plan shortly.

18. The Debtor intends to continue pursuing, as the Bank has suggested, a "dual track" course in this case – while the Debtor intends to pursue confirmation of the Plan, the Debtor also

5

1  intends to continue engaging in discussions with the Bank and the Committee regarding the terms

2  of a potentially consensual plan of reorganization.

3  Dated: September 9, 2009                    ROOSEVELT LOFTS, LLC

4

5                                              By: _____

6                                                  DAVID L. NEALE
                                                   JULIET Y. OH
7                                                  LEVENE, NEALE, BENDER,
                                                       RANKIN & BRILL L.L.P.
                                                   Attorneys for Chapter 11 Debtor and
8                                                  Debtor in Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF M. AARON YASHOUAFAR**

I, M. Aaron Yashouafar, hereby declare as follows:

1.    I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.    I am the President of Roosevelt Lofts, Inc., which is the Manager of Roosevelt Lofts, LLC, a Delaware limited liability company, debtor and debtor in possession herein (the "Debtor").

3.    I submit this declaration in support of the *"Debtor's Second Case Status Conference Report"* to which this declaration is attached.

4.    On April 13, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code"). The Debtor is managing its financial affairs and operating its bankruptcy estate as a debtor in possession.

5.    The Debtor is the owner of real property located at 727 West 7th Street in Los Angeles, California, an architecturally significant building located in the heart of the Financial District in downtown Los Angeles (the "Building"), which has been substantially converted by the Debtor into 222 individually subdivided, luxury residential condominium units, a commercial retail component on the ground floor, and parking areas which are both subterranean and above grade within the Building.

6.    I attended the initial chapter 11 status conference in the Debtor's case, which was held on June 9, 2009 at 10:00 a.m. but was trailed to the following day. At the status conference conducted on June 10, 2009 at 10:00 a.m., which I attended, the Court continued the status conference further to August 4, 2009 at 10:00 a.m., and ordered the Debtor to file and serve upon the UST an updated status report one week before the date of the continued status conference.

7.    Shortly after the commencement of the Debtor's bankruptcy case, the Debtor filed two separate motions seeking authority to sell certain of the condominium units in the Building, free and clear of all liens, claims, interests and encumbrances (collectively, the "Sale Motions," and individually, a "Sale Motion"). The Debtor filed its first Sale Motion on May 20, 2009,

7

1  pursuant to which the Debtor sought to sell units subject to pre-petition purchase and sale

2  contracts. The Debtor filed its second Sale Motion on May 26, 2009, pursuant to which the

3  Debtor sought to sell units subject to post-petition purchase and sale contracts.

4       8.     It is my understanding and belief that numerous parties, including the Debtor's

5  primary secured creditor, Bank of America, N.A., individually and as agent for a group of

6  lenders (the "Bank"), and several alleged mechanic's lienholders, filed oppositions to the Sale

7  Motions. At the June 10, 2009 hearing on the first Sale Motion, which I attended, the Court

8  continued the hearings on both Sale Motions to August 4, 2009 at 10:00 a.m. and encouraged the

9  parties, namely, the Debtor, the Bank and the Official Committee of Unsecured Creditors

10  appointed in the Debtor's case (the "Committee"), to discuss the terms of, and formulate, a

11  consensual plan of reorganization. It is my understanding and belief that the hearings on the Sale

12  Motions were subsequently continued by stipulation from August 4, 2009 to September 16, 2009

13  at 10:00 a.m.

14       9.     Following the June 10, 2009 hearing on the first Sale Motion, the Debtor, the

15  Bank and the Committee engaged in discussions aimed at formulating a consensual plan of

16  reorganization in the Debtor's case.

17       10.     It is my understanding and belief that, under 11 U.S.C. § 362(d)(3), the Bank may

18  obtain relief from the automatic stay unless, within 90 days after the Petition Date (or such later

19  date as the Court may determine for cause by an order entered within that 90-day period), the

20  Debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed

21  within a reasonable time or the Debtor has commenced monthly interest payments to the Bank.

22  Given the ongoing discussions among the parties regarding the terms of a consensual plan of

23  reorganization, the Debtor, the Bank and the Committee entered into a series of stipulations to

24  extend the Section 362(d)(3) time period applicable to the Debtor's case to and including August

25  31, 2009.

26       11.     In conjunction with the Debtor's ongoing discussions with the Bank and the

27  Committee regarding the terms of a consensual plan of reorganization, the Debtor approached

28

the Committee about renting condominium units in the Building on a short-term basis and allowing the Debtor to use cash collateral (including rent revenue generated by the Building) to help offset the operating expenses being incurred on a monthly basis to maintain the Building. Although the Debtor did not believe the Bank's consent to the Debtor's proposed leasing program was required, since the Debtor had been attempting to cooperate with the Bank in formulating a mutually agreeable plan of reorganization, the Debtor approached the Bank in mid-June 2009 regarding the parameters of the Debtor's proposed short-term leasing program and sought the Bank's consent to such program. Although discussions were ongoing since mid-June, the Bank had still not provided its consent to the Debtor's proposed leasing program as of late August.

12. Based on the foregoing, on August 27, 2009, the Debtor filed an emergency motion for authority to commence the leasing program to permit the Debtor to enter into short-term residential leases. The Debtor also filed an emergency motion for authority to use cash collateral on an emergency interim basis pending a final hearing in accordance with the Debtor's operating budget (the "Budget") and to borrow money on an administrative expense priority basis from Milbank Holding Corp. to cover the operating shortages set forth in the Budget.

13. A hearing was held on September 2, 2009 at 10:00 a.m. for the Court to consider the Debtor's emergency leasing program motion and emergency cash collateral/financing motion. The Court granted both of the Debtor's motions, subject to certain modifications set forth on the record of the Court and in the orders entered by the Court on September 8, 2009.

14. In the meantime, although the Debtor requested that the Bank agree to further extend the Section 362(d)(3) time period applicable to the Debtor's case, the Bank declined to do so. Accordingly, on August 31, 2009, the Debtor filed a plan of reorganization (the "Plan") which provides for the lease and/or sales of the condominium units and commercial spaces in the Building in a manner which the Debtor believes maximizes the value of the property, and provides for the repayment of amounts due to the Bank, holders of valid and enforceable mechanic's liens against the Building, and holders of allowed priority and general unsecured

9

1  claims in full. The Debtor anticipates filing a disclosure statement to accompany the Plan
2  shortly.

3      15.    The Debtor intends to continue pursuing a "dual track" in its case – while the
4  Debtor intends to pursue confirmation of the Plan, the Debtor also intends to continue engaging
5  in discussions with the Bank and the Committee regarding the terms of a potentially consensual
6  plan of reorganization.

7      I declare under penalty of perjury that the foregoing is true and correct.

8      Executed this 9th day of September 2009, at Los Angeles, California.

9
10                          /s/  M. Aaron Yashouafar
                        M. Aaron Yashouafar, Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                10

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
| | | | 1:09-14214-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **DEBTOR'S SECOND CASE STATUS CONFERENCE REPORT; DECLARATION OF M. AARON YASHOUAFAR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 9, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Ian Landsberg    ilandsberg@lm-lawyers.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Daniel H Slate    dslate@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Aimee Y Wong    aywong@mckennalong.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ---------------------------- I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 9, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                  **F 9013-3.1**

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
|-------|----------------------|-----------|------------|
|       |                      |           | 1:09-14214-GM |

**By attorney service:**
Honorable Geraldine Mund
21041 Burbank Blvd.
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 9, 2009 | Marguerite Hardin | /s/ Marguerite Hardin |
|-------------------|-------------------|------------------------|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**