1 | DAVID L. NEALE (State Bar No. 141225)
2 | JULIET Y. OH (State Bar No. 211414)
  | LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3 | 10250 Constellation Boulevard, Suite 1700
  | Los Angeles, California 90067
4 | Telephone:  (310) 229-1234
  | Facsimile:  (310) 229-1244

**FILED & ENTERED**

**JAN 08 2010**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ogier    DEPUTY CLERK

Attorneys for Chapter 11 Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | ) Case No. 1:09-bk-14214-GM |
| | ) |
| ROOSEVELT LOFTS, LLC, a Delaware limited liability company, | ) Chapter 11 |
| | ) |
| | ) **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO (A) CONDUCT A PUBLIC AUCTION OF, AND SELL, CERTAIN CONDOMINIUM UNITS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B) EMPLOY KENNEDY WILSON AUCTION GROUP INC. AS AUCTIONEER** |
| Debtor. | |
| | ) |
| | ) Date:  January 7, 2010 |
| | ) Time:  10:00 a.m. |
| | ) Place:  Courtroom "303" |
| | )         21041 Burbank Boulevard |
| | )         Woodland Hills, CA 91367 |
| | ) |

1

On December 24, 2009, Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), filed a motion (the "Auction Motion") seeking entry of an order, pursuant to 11 U.S.C. §§ 327(a), 328, 363, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2014-1(b), 2081-1(a), 6004-1 and 9075-1(b):

(A) authorizing the Debtor to conduct a public auction of approximately sixty five (65) condominium units located in the Debtor's building at 727 West 7th Street in Los Angeles, California, (the "Building"), but no fewer than fifty (50) units and no more than seventy five (75) units, (collectively, the "Units," and each a "Unit") and sell such Units to third party purchasers (collectively, the "Buyers," and each a "Buyer"), free and clear of liens, claims, interests and encumbrances; and

(B) authorizing the Debtor to employ Kennedy Wilson Auction Group Inc. ("KW") as the Debtor's auctioneer to publicize, market and offer the Units for sale through a public auction, pursuant to the terms and conditions set forth in that certain *"Residential Marketing Agreement"* entered into by the Debtor and KW (the "Residential Marketing Agreement") which is attached as Exhibit "A" to the Declaration of Richard Winchell annexed to the Auction Motion.[1]

Oppositions to the Auction Motion (each, an "Opposition," and collectively, the "Oppositions") were filed by Bank of America, N.A., individually and as agent for a group of lenders (the "Bank"), and various alleged mechanic's lien claimants (collectively, the "Mechanic's Lien Claimants"), including Sidney Alter *dba* Alter Electric Company and Allsale Electric, Inc., American Gunite, Inc., E.J. Reyes Corporation *dba* EJR Door Division, Glendale Plumbing And Fire Supply, Inc., SRS Fire Protection, Inc., Thermalair, Inc. and V.G.I. Incorporated.

---

[1] All capitalized terms not specifically defined in this Order shall have the same meanings ascribed to them in the Auction Motion.

2

  Based upon an *ex parte* application filed by the Debtor, a hearing on the Auction Motion was held on shortened notice on January 7, 2010 at 10:00 a.m. before the Honorable Geraldine Mund, United States Bankruptcy Judge for the Central District of California, in Courtroom "303" located at 21041 Burbank Boulevard, Woodland Hills, California.  Upon consideration of the Auction Motion and all papers filed by the Debtor in support of the Auction Motion, the Oppositions filed by the Bank and the Mechanic's Lien Claimants, the Reply to the Oppositions filed by the Debtor, the oral arguments and statements of counsel made at the hearing on the Auction Motion, and the entire record of the Debtor's case, it appearing that notice of the Auction Motion and notice of the hearing on the Auction Motion were appropriate and sufficient under the circumstances, it further appearing that the auction and sale of the Units contemplated by the Auction Motion satisfies the standards set forth in In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983) for consideration and approval of such sales and is in the best interests of the estate and creditors, and other good cause appearing therefor, the Court hereby

  **FINDS AND CONCLUDES** as follows:

  A. The Court has jurisdiction over the Auction Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested in the Auction Motion include sections 105(a), 327(a), 328 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and Bankruptcy Rules 2002, 6004 and 9014.

  B. As evidenced by the proofs of service filed with this Court, (i) proper, timely, adequate and sufficient notice of the Auction Motion and the hearing on the Auction Motion has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and any applicable Local Bankruptcy Rules, (ii) such notice was good, sufficient and appropriate under the particular circumstances, and (iii) no other or further notice of the Auction Motion and the hearing on the Auction Motion is or shall be required.

  C. The Debtor has articulated good and sufficient reasons for approving the auction and sale of the Units, free and clear of all liens, claims, encumbrances and interests (collectively,

3

in any form, and of any kind or nature whatsoever, "<u>Liens</u>"), in accordance with the terms and conditions set forth in this Order and in the Auction Motion.

D. The Debtor has demonstrated that it is in the best interests of the Debtor, its estate, its creditors and all other parties in interest to proceed with the auction and sale of the Units in accordance with the terms and conditions set forth in this Order and in the Auction Motion, and that the decision to proceed with such sale and auction of the Units constitutes an exercise of the Debtor's sound business judgment.

E. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the auction and sale of the Units, in accordance with the terms and conditions set forth in this Order and in the Auction Motion, prior to, and outside of, a plan of reorganization.

F. The Debtor's sound business judgment is that the auction and sale of the Units must be approved and consummated promptly in order for the Debtor to optimize the value of the Units.

G. The sale of each Unit to each Buyer will be a legal, valid and effective sale, transfer and assignment of the Unit, and will vest each Buyer with all right, title and interest of the Debtor to the respective Unit, free and clear of any and all Liens.

H. The Debtor may sell each of the Units free and clear of any and all Liens because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Each holder of any and all such Liens who did not object to the proposed auction and sale of the Units or to the Auction Motion is deemed to have consented pursuant to 11 U.S.C. 363(f)(2).

I. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor, as well as the authorized representative of the Debtor, is authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the sale of each of the Units to each applicable Buyer pursuant to and in accordance with the terms and conditions set forth in this Order and in the Auction Motion, and (ii) execute and deliver, perform under, implement and close fully all instruments and documents that may be reasonably necessary or desirable to consummate the sale of each of the Units to each respective Buyer.

4

1  J. No consents or approvals, other than the approval of this Court, are required for the Debtor to conduct an auction, and consummate the sale, of each of the Units.

K. Good cause has been shown for the entry of this Order.

WHEREFORE, it is hereby **ORDERED** that:

1. Subject to the provisions of this Order, the Auction Motion shall be, and it is hereby, granted.

2. Subject to the provisions of this Order, the Debtor shall be, and it is hereby, authorized to conduct a public auction and sale of the Units in accordance with the terms and conditions of the Auction Motion.

3. Sales of the Units shall remain contingent, and the Debtor shall not be authorized to close escrow on the sale of any of the Units, until at least twenty (20) Units enter into escrow, which is defined for this purpose to mean that each unit has at least 3 percent of the purchase price on deposit in the escrow and that this will be a non-refundable amount should the sale not close due to the fault or failure to perform of the buyer. Once there are twenty (20) Units in escrow, the Debtor may begin closing escrow on each of the Units, without further contingency or limitation.

4. Subject to the provisions of this Order, the Debtor shall be, and it is hereby, authorized to consummate the sale of each of the Units to each applicable Buyer, free and clear of any and all Liens in accordance with the terms and conditions of this Order.

5. The Debtor shall be, and it is hereby, authorized to take such steps, including, without limitation, executing such documents, as may reasonably be necessary or appropriate to consummate the sale of each of the Units to each applicable Buyer.

6. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, each of the Units shall be transferred to each applicable Buyer, free and clear of any and all Liens, with all such Liens to attach to the cash proceeds of the sale of the Units (net of the commissions payable to KW and cooperating brokers, advertising and marketing expenses reimbursable to KW, and closing costs) (the "Net Proceeds") to the same extent, priority and validity as they did with respect to the Units prior to the sale of the Units.

5

7. The Units shall be sold at or above the "Release Prices" set forth in that certain Modification Agreement entered into as of July 25, 2008 between the Debtor and the Bank (the "<u>Modification Agreement</u>"), with the Net Proceeds of the sale of such Units to be reserved in accordance with the terms of the Modification Agreement. All Net Proceeds shall be reserved in a segregated, interest-bearing account upon the close of escrow of each of the Units, and shall be distributed only upon further Court order.

8. The sale of each of the Units to each applicable Buyer constitutes a legal, valid and effective transfer, sale and assignment of such Unit, and shall vest the Buyer with all right, title and interest of the Debtor in and to the Unit, free and clear of any and all Liens, and the assertion of any such Liens in or against the Unit shall be and hereby is prohibited.

9. The consideration provided by each Buyer for each applicable Unit shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code.

10. The consideration provided by each Buyer for each applicable Unit shall be deemed fair and reasonable and the sale of such Unit may not be avoided under section 363(n) of the Bankruptcy Code.

11. The transactions contemplated by the Auction Motion and this Order shall be deemed to be undertaken by the Buyers in good faith, as that term is used in 11 U.S.C. § 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sales of the Units shall not affect the validity of the sales of the Units to the Buyers, unless the closing of such sales is duly stayed pending such appeal. Each of the Buyers shall be deemed a purchaser in good faith, and shall be entitled to all of the protections afforded by l1 U.S.C. § 363(m).

12. <u>Employment of KW</u>. The Debtor shall be, and it is hereby, authorized to enter into the Residential Marketing Agreement in substantially the form attached as Exhibit "A" to the Declaration of Richard Winchell annexed to the Auction Motion, and to employ KW as its auctioneer in accordance with the terms and conditions of the Residential Marketing Agreement. KW shall be entitled to receive compensation for services rendered to the Debtor in accordance

6

with the terms and conditions of the Residential Marketing Agreement, without the need for filing fee applications or further Court order.

13. <u>Completion of Construction</u>.  On or before March 31, 2010, the Debtor shall complete construction of the ninth and tenth floors (as well as any work remaining on floors two through eight) of the Building (the "<u>First Phase</u>").  On or before June 30, 2010, the Debtor shall complete construction of the remaining floors of the Building (other than the penthouse units in the Building, which will have incomplete finishes to be customized by buyers) (the "<u>Second Phase</u>," and together with the First Phase, the "<u>Construction</u>").  The Construction shall be of substantially similar quality and style as is used throughout the Building and otherwise consistent in every material respect with the construction plans and specifications implemented by the Debtor before the commencement of its bankruptcy case.

14. <u>Funding for Completion of Construction</u>.  None of the Net Proceeds from the sale of the Units shall be used to pay the costs of completing the Construction.  None of the other assets of the Debtor's estate shall be used to pay the costs of completing the Construction, unless otherwise ordered by the Court.  In no event will the costs of completing the Construction be secured by a priming lien without the consent of those whose liens are to be primed.

15. <u>Procedure for Resolving Lien Priority Disputes</u>.  By January 31, 2010, Muir-Chase Plumbing Co., Inc. (and any other Mechanic's Lien Claimants who wish to join) shall file a complaint in the Bankruptcy Court seeking declaratory relief as to the relative order and priority of the Liens asserted against the Building (the "<u>Lien Priority Litigation</u>"), and shall name the Bank and all other Mechanic's Lien Claimants and other similarly situated parties.  The Debtor and any other representative of the estate shall be bound to each and any final determination in the Lien Priority Litigation.

16. <u>Deadline for Filing Objections to Claims</u>.  The Debtor shall be required to file objections to proofs of claim on or before April 30, 2010.

17. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, and of each of the agreements and documents executed in connection with the auction and sale of the Units in all respects, including, but not limited to, retaining jurisdiction

(a) to compel delivery of each Unit to each applicable Buyer, (b) to resolve any disputes arising from or related to the auction and sale of the Units, and (c) to interpret, implement, and enforce the provisions of this Order.

18. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its creditors and equity security holders, the Buyers, and their respective affiliates, designees, successors and assigns, and any affected third parties including, but not limited to, all persons asserting liens, claims, interests and encumbrances in the Units to be sold to the Buyers, notwithstanding any subsequent appointment of any trustee(s), examiner or similar person under any chapter of the Bankruptcy Code, as to which trustee(s), examiner or other such person such terms and provisions likewise shall be binding.

19. The 10-day stay period set forth in Bankruptcy Rule 6004(h) is waived.

<u>IT IS SO ORDERED.</u>

###

DATED: January 8, 2010

_____
United States Bankruptcy Judge

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct of the foregoing document described as **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO (A) CONDUCT A PUBLIC AUCTION OF, AND SELL, CERTAIN CONDOMINIUM UNITS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B) EMPLOY KENNEDY WILSON AUCTION GROUP INC. AS AUCTIONEER** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 8, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Hon. Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 8 2010 | Marguerite Hardin | /s/ Marguerite Hardin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re ROOSEVELT LOFTS, LLC | Chapter 11 |
|---|---|
| Debtor(s). | Case No. 1:09-bk-14214-GM |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO (A) CONDUCT A PUBLIC AUCTION OF, AND SELL, CERTAIN CONDOMINIUM UNITS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B) EMPLOY KENNEDY WILSON AUCTION GROUP INC. AS AUCTIONEER**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **January 8, 2010** the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- John B Acierno    ecfcacb@piteduncan.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- Steven R Fox    emails@foxlaw.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Ian Landsberg    ilandsberg@lm-lawyers.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Daniel H Slate    dslate@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Brandon J Witkow    bwitkow@lockelord.com
- Aimee Y Wong    aywong@mckennalong.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

1 | **III.** **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address indicated herein.