DAVID L. NEALE (State Bar No. 141225)
JULIET Y. OH (State Bar No. 211414)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Chapter 11 Debtor and
Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ROOSEVELT LOFTS, LLC, a Delaware limited liability company,<br><br>            Debtor. | Case No. 1:09-bk-14214-GM<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION FILED BY LOS ANGELES COMMUNITY COLLEGE DISTRICT FOR AN ORDER RECONSIDERING AND AMENDING THE JANUARY 8, 2010 ORDER AUTHORIZING DEBTOR TO CONDUCT A PUBLIC AUCTION AND SALE OF CERTAIN CONDOMINIUM UNITS FREE AND CLEAR, BY REQUIRING DISCLOSURES TO POTENTIAL PURCHASERS OF THE STATE COURT EASEMENT DISPUTE; DECLARATIONS OF M. AARON YASHOUAFAR, J. THOMAS CAIRNS, JR., ESQ. AND JULIET Y. OH IN SUPPORT THEREOF**<br><br>Date:  February 17, 2010<br>Time:  10:00 a.m.<br>Place:  Courtroom "303"<br>       21041 Burbank Boulevard<br>       Woodland Hills, CA 91367 |

1    Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor and debtor in

2    possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby submits its

3    opposition (the "Opposition") to the motion (the "Reconsideration Motion") filed by the Los

4    Angeles Community College District (the "District") for an order reconsidering and amending

5    the order entered by the Court on January 8, 2010 granting the Debtor's motion (the "Auction

6    Motion") for authority to (A) conduct a public auction of approximately sixty five (65)

7    condominium units, but no fewer than fifty (50) units and no more than seventy five (75) units

8    (collectively, the "Units," and each a "Unit") and sell such Units to third party purchasers, free

9    and clear of liens, claims, interests and encumbrances, and (B) employ Kennedy Wilson Auction

10    Group Inc. as the Debtor's auctioneer to publicize, market and offer the Units for sale through a

11    public auction, pursuant to the terms and conditions set forth in that certain *"Residential*

12    *Marketing Agreement"* entered into by the Debtor and KW.

## I.

## **INTRODUCTION**

15    Pursuant to the Reconsideration Motion, the District seeks the reconsideration and

16    amendment of the order entered by the Court granting the Auction Motion.  Specifically, the

17    District seeks to have the order amended to require the Debtor (and its agents) to disclose to

18    prospective purchasers of the Units certain "information" regarding pending state court litigation

19    involving the Debtor, the District and 700 Wilshire Properties ("700 Wilshire") relating to the

20    parties' respective easement rights to use an alley that sits between their properties.  However,

21    the Reconsideration Motion is utterly devoid of any discussion of the legal authority which may

22    support the reconsideration or amendment of the auction order and should be denied based on

23    that deficiency alone.

24    Notwithstanding the foregoing, an application of the facts of this case to the standards set

25    forth in Rule 60(b) of the Federal Rules of Civil Procedure (the "Rules"), made applicable by

26    Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or

27    alternatively, Rule 59(e), made applicable by Bankruptcy Rule 9023, demonstrates that the

28    District cannot meet the legal standards set forth in such rules in any event.  What is evident

1    from a review of the Reconsideration Motion is that it is a blatant and unjustified attempt at a

2    "second bite at the apple" to object to the substantive relief requested in the Auction Motion as

3    well as the terms and conditions of the auction order.  However, the fact is that the District

4    received a copy of the Auction Motion, received notice of the hearing on the Auction Motion,

5    was represented by counsel at the hearing on the Auction Motion, elected not to assert any

6    objection to the Auction Motion (either prior to or at the hearing), was aware of the Court's

7    ruling on the Auction Motion at the conclusion of the hearing, elected not to assert an objection

8    to the form of the Auction Order, and elected not to appeal the Auction Order.  The deliberate

9    failure of the District and its counsel to assert its objections to the Auction Motion at or prior to

10   the time of the hearing, followed by their filing of the Reconsideration Motion one week later

11   (late on a Friday afternoon before a holiday weekend), reflect a level of legal gamesmanship that

12   is not indicative of good faith.  The District has not introduced evidence that was not already

13   known or available to it at the time of the hearing on the Auction Motion – or provided any other

14   legal ground – which justifies the reconsideration or amendment of the auction order under Rule

15   60(b) or Rule 59(e).

16          Even if the District's substantive objections to the Auction Motion and the order thereon

17   were to be considered (which they should not be), they are based upon inadmissible evidence,

18   misstatements of fact and mischaracterizations of the law, and have no merit whatsoever.

19          Given the apparent disregard for the facts and applicable law demonstrated by the District

20   and its counsel, and given the frivolousness of the Reconsideration Motion (and lack of good

21   faith by the District and its counsel in bringing such a motion), the Debtor respectfully requests

22   that the Court deny the Reconsideration Motion and require the District to pay all of the fees and

23   costs incurred by counsel for the Debtor to respond to, and appear at the hearing on, the

24   Reconsideration Motion.

25   ///

26   ///

27   ///

28   ///

## II.

## STATEMENT OF FACTS

1.      The Debtor is the owner of real property located at 727 West 7th Street in Los Angeles, California, a fifteen-story architecturally significant building located in the heart of the Financial District in downtown Los Angeles (the "Building"), which was converted by the Debtor into 222 individually subdivided, luxury residential condominium units, a commercial retail component on the ground floor, and parking areas which are both subterranean and above grade within the Building.

2.      The District, 700 Wilshire and the Debtor each own and operate buildings in downtown Los Angeles that are adjacent to one another, and while the District and 700 Wilshire each own one half of the land which comprises the approximately 30 feet wide and approximately 100 feet long alley that is between their properties (the "Alley"), the Debtor has an unrestricted right to use the Alley for right of way purposes pursuant to an easement granted to the Debtor's predecessors in approximately 1910, well before the buildings owned by the District and 700 Wilshire were even in existence.

3.      On September 4, 2007, 700 Wilshire filed a complaint against the Debtor and others seeking a permanent injunction, declaratory relief and other relief relating to the Debtor's easement right to use the Alley, thereby commencing that certain action in the Superior Court of the State of California for the County of Los Angeles ("State Court") bearing the number BC 377008 (the "Easement Action").  The Easement Action includes two related cross-actions commenced by the Debtor and the District, respectively.

4.      Pursuant to their respective complaints in the Easement Action, 700 Wilshire and the District contended, among other things, that the Debtor was unreasonably burdening the easement on the Alley by attempting to use it for continuous automobile traffic to and from the Building.

5.      On or about February 5, 2009, the District filed a notice of appeal from a temporary restraining order/preliminary injunction issued by the judge presiding over the Easement Action which, among other things, ordered the District to remove obstacles and cease

1   interference with the Debtor's use of the Alley for continuous automobile traffic, and from an

2   order holding the District in contempt of Court for violation of the temporary restraining order.

3   That appeal remains pending in the Second Appellate District of the California Court of Appeal,

4   Case No. B214024 (the "Easement Appeal").

5          6.      A jury trial took place in the Easement Action from March 12 through March 25,

6   2009.  At the conclusion of the trial, on March 25, 2009, the jury held that neither the District

7   nor 700 Wilshire were entitled to any of their damage claims against the Debtor.  The jury also

8   provided an advisory verdict regarding whether the Debtor's "use of the alley for egress of cars

9   from the Roosevelt Building overburdens the alley easement."  Although the jury specifically

10  found that the Debtor had **not** committed trespass and nuisance against 700 Wilshire when the

11  Debtor's general contractor demolished the existing surface of the Alley and replaced it with

12  another one, the jury's advisory verdict came back in the affirmative as to whether the Debtor

13  was overburdening the alley for use as egress from the Building[1].

14         7.      On March 25, 2009, the judge in the Easement Action ordered that the Debtor,

15  the District, and 700 Wilshire each file and serve upon the other parties an Opening

16  Memorandum of Points and Authorities presenting their respective positions on how the judge

17  should effectuate the decision of the jury and rule on the remaining issues.  The judge further

18  ordered that the Debtor, the District and 700 Wilshire each file and serve a Reply Memorandum

19  on April 24, 2009, with the hearing on the matters to take place before the judge on April 29,

20  2009.

21         8.      Following the commencement of the Debtor's bankruptcy case, the District filed

22  a motion in the Debtor's bankruptcy case on June 19, 2009 seeking relief from the automatic

23  stay to permit the completion of proceedings in both the Easement Action and the Easement

24  Appeal (the "District's Motion for Relief").  The Debtor did not oppose the District's Motion for

25

26

27  _____

    [1]  It is important to note that the jury's verdict was only advisory, and not binding, and was

28  specifically subject to the State Court judge's own determination of whether there was any
    overburdening of the Alley by the Debtor's use of the same for its intended purpose.

1    Relief, and the Court entered an order granting the District's Motion for Relief on August 6,

2    2009.

3    　　　　9.　　　Shortly thereafter, the Debtor's primary lender, Bank of America, N.A.,

4    individually and as agent for a group of lenders (the "Bank"), filed a motion in the Easement

5    Action seeking leave to intervene in such action (the "Motion to Intervene").  The District

6    opposed the Bank's Motion to Intervene.  The Bank's motion was ultimately denied by the State

7    Court.

8    　　　　10.　　The Debtor has employed the law firm of Ives, Kirwan & Dibble APC ("IKD"),

9    which represented the Debtor in the Easement Action pre-petition, as special litigation counsel

10   to represent the Debtor in connection with the Easement Action and the Easement Appeal post-

11   petition.  IKD has represented, and is continuing to represent, the Debtor's co-defendants in the

12   Easement Action and the Easement Appeal, namely, Urban Builders, Inc., Alliance Property

13   Investments Inc., Carla Ridge LLC, Maverick Holdings LLC, S&M Yashoua Investments and

14   Desert Field LLC.  The Court entered an order approving the Debtor's employment of IKD on

15   November 20, 2009.

16   　　　　11.　　After review of the briefs filed, and after hearing oral arguments, the State Court

17   took the matter under submission on November 2, 2009.  On December 14, 2009, the State

18   Court issued a Tentative Decision, finding in favor of the Debtor on all counts, and ruling that

19   there was no overburdening of the Alley by the Debtor.  The State Court specifically made it

20   clear that the jury's verdict was only advisory, and not binding.  The State Court further ruled

21   that the Debtor is to be allowed an unrestricted easement for a right of way permitting the free

22   passage of vehicles in the Alley.  The State Court also held that neither 700 Wilshire nor the

23   District may interfere with Debtor's use of the Alley, and that the Debtor is entitled to a

24   permanent injunction which prohibits either 700 Wilshire or the District from placing any

25   obstructions in the Alley which prevent the Debtor's use of the same.  A true and correct copy of

26   the Tentative Decision is attached as Exhibit "1" to the Declaration of J. Thomas Cairns, Jr.,

27   Esq. annexed hereto (the "Cairns Declaration").

28

12.     On December 24, 2009, the District, obviously dissatisfied with the Tentative Decision of the State Court, filed a Request for Statement of Decision in connection with the Easement Action.

13.     On January 4, 2010, the State Court responded to the District's Request for Statement of Decision by ordering the Debtor and its co-defendants to prepare, serve and submit a proposed statement of decision.  A true and correct copy of the State Court's order is attached as Exhibit "2" to the Cairns Declaration.

14.     In compliance with the State Court's order, the Debtor and its co-defendants have, in fact, submitted a proposed statement of decision which substantially tracks the Tentative Decision issued by the State Court.  If the District objects to the proposed statement of decision – which it undoubtedly will – the State Court will schedule a hearing to consider such objection.

15.     On December 24, 2009, the Debtor filed the Auction Motion, with an application requesting shortened time on notice for a hearing on the Auction Motion (the "Application").  In order to provide notice of the Application and the Auction Motion in compliance with Local Bankruptcy Rule 9075-1(b), concurrently with the filing of the Application and the Auction Motion with the Court (on December 24, 2009), the Debtor served a copy of the Application and the Auction Motion and all supportive papers upon the Office of the United States Trustee ("UST"), the Official Committee of Unsecured Creditors (the "Committee") and its counsel, all known parties who have alleged liens or interests in the Units or in the Building, all of the Debtor's known creditors, including, without limitation, the District and 700 Wilshire, and parties requesting special notice by overnight courier for delivery by no later than Monday, December 28, 2009.  A true and correct copy of the proof of service for the Auction Motion is attached as Exhibit "A" to the Declaration of Juliet Y. Oh annexed hereto (the "Oh Declaration").  A true and correct copy of the proof of service for the Application is attached as Exhibit "B" to the Oh Declaration.

16.     On December 29, 2009, the Court entered an order approving the Debtor's Application and setting the hearing on the Auction Motion on January 7, 2010 at 10:00 a.m.

1    That same day, on December 29, 2009, the Debtor filed and served a notice of the hearing on the

2    Auction Motion (the "Hearing Notice") upon the UST, the Committee and its counsel, all

3    known parties who have alleged liens or interests in the Units or in the Building, all of the

4    Debtor's known creditors, including, without limitation, the District and 700 Wilshire, and

5    parties requesting special notice.  A true and correct copy of the Hearing Notice, with proof of

6    service, is attached as Exhibit "C" to the Oh Declaration.  Among other things, the Hearing

7    Notice advised parties that any opposition to the Auction Motion was required be filed with the

8    Court and served upon counsel for the Debtor by 12:00 p.m. (PST) on Tuesday, January 5, 2010,

9    with a courtesy copy delivered to Court chambers.

10    17.    Oppositions to the Auction Motion (collectively, the "Oppositions") were filed

11    by the Bank and various alleged mechanic's lien claimants (collectively, the "Mechanic's Lien

12    Claimants"), including Sidney Alter *dba* Alter Electric Company and Allsale Electric, Inc.,

13    American Gunite, Inc., E.J. Reyes Corporation *dba* EJR Door Division, Glendale Plumbing And

14    Fire Supply, Inc., SRS Fire Protection, Inc., Thermalair, Inc. and V.G.I. Incorporated.    In

15    addition, a joinder to the Auction Motion was filed by the Committee.

16    18.    The Debtor filed an omnibus reply to the Oppositions on January 6, 2010.

17    19.    A hearing on the Auction Motion was held on January 7, 2010 at 10:00 a.m.

18    Although Morton G. Rosen, the lead counsel for the District, was present in the courtroom at the

19    time of the hearing (and outside the courtroom, during recesses), Mr. Rosen did not make a

20    formal appearance for the District or address the Court during the hearing.  Mr. Rosen did not

21    object to the Auction Motion on behalf of the District at that time.  After hearing extensive

22    arguments by the parties, the Court granted the Auction Motion, subject to the terms and

23    conditions set forth on the record at the hearing.  In addition, the Court scheduled a telephonic

24    hearing the next day (January 8, 2010) at 2:00 p.m. to allow the parties time to prepare and

25    negotiate a consensual form of order regarding the Auction Motion and to address any

26    outstanding disputes relating to such proposed order.

27    20.    At the January 8, 2010 telephonic hearing, the Court resolved all remaining

28    disputes regarding the form of order (which disputes were primarily between the Debtor and the

8

1  Bank), and thereafter, entered an order granting the Auction Motion, subject to the terms and

2  conditions set forth therein (the "Auction Order").

3      21.    The Debtor hopes to conduct an auction sale of the Units, as authorized by the

4  Court pursuant to the Auction Order, by the end of February 2010.

5  ### III.

6  ### DISCUSSION

7  **A.    The District's Reconsideration Motion Is A Blatant Attempt To Revisit The Merits**

8  **Of The Auction Motion Without Satisfying Or Even Addressing The Basis For**
**Doing So.**

9

10      The District does not address – much less, satisfy – the legal standards governing

11  reconsideration of the Auction Order.  The Reconsideration Motion is utterly devoid of any

12  discussion of the legal authority which may support the reconsideration or amendment of an

13  entered order and should be denied based on that deficiency alone.

14      The Reconsideration Motion is a blatant and unjustified attempt at a "second bite at the

15  apple" to object to the substantive relief requested in the Auction Motion as well as the terms and

16  conditions of the Auction Order.  Unless the District can first establish a basis for the

17  reconsideration of the Auction Order under Rule 60(b) of the Federal Rules of Civil Procedure

18  (the "Rules"), made applicable by Rule 9024 of the Federal Rule of Bankruptcy Procedures (the

19  "Bankruptcy Rules"), the underlying merits of the Auction Motion and the Auction Order cannot

20  be considered.  See, National Industries, Inc. v. Republic Nat. Life Ins., 677 F.2d 1258, 1270 (9th

21  Cir. 1982) ("before the underlying merits of a motion brought under Rule 60(b)(1) can be

22  reached, the movant must show mistake, inadvertence, surprise or excusable neglect.").

23  **B.    The District Cannot Meet The Legal Standards Required Under Bankruptcy Rule**

24  **9024 And Rule 60(b) For Reconsideration of The Auction Order.**

25      Although the District does not support its request for reconsideration of the Auction

26  Order with any legal authority, to the extent the District may be relying upon Rule 60(b), made

27  applicable by Bankruptcy Rule 9024, the Debtor respectfully submits that the District cannot and

28  does not meet the legal standard set forth therein.

Rule 60(b), which governs reconsideration of a final or judgment in bankruptcy proceedings, states:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)    any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b)(1).

The grounds enumerated in Rule 60(b) generally require a showing that events subsequent to the entry of the judgment or order "make its enforcement unfair or inappropriate, or that the party was deprived of a fair opportunity to appear and be heard in connection with the underlying dispute.  This distinction is drawn in order to preserve the finality of the order allowing or disallowing a claim."  In re Wylie, 349 B.R. 204, 209-10 (9th Cir. BAP 2006).

1.    No Mistake, Inadvertence, Surprise, or Inexcusable Neglect [Rule 60(b)(1)].

Although the District and its counsel have not actually done so, even if the District is relying upon Rule 60(b)(1), it cannot assert that "mistake, inadvertence, surprise, or excusable neglect" exists which justifies the reconsideration of the Auction Order.

Under Rule 60(b)(1), reconsideration sought for legal error is categorized as "mistake." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989).  The District has not specified any legal error made so this ground for reconsideration of the Auction Order cannot be shown.

1    In addition, the District cannot claim that there was any "inadvertence" or "surprise" in

2    connection with the disposition of the Auction Motion or the entry of the Auction Order.  The

3    District received a copy of the Auction Motion, received actual and adequate notice of the

4    Auction Motion and the hearing on the Auction Motion, was represented by counsel at the

5    hearing on the Auction Motion, elected not to assert an objection to the Auction Motion (either

6    prior to or at the hearing on the Auction Motion), was aware of the Court's ruling on the Auction

7    Motion at the conclusion of the hearing, elected not to assert an objection to the form of the

8    Auction Order, and elected not to appeal the Auction Order.

9    To determine whether neglect is excusable, a court must consider the following four

10   factors established by the United States Supreme Court in Pioneer Investment Services Co. v.

11   Brunswick Associates Limited Partnership, 507 U.S. 380 (1993): (1) the danger of prejudice to

12   the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3)

13   the reason for the delay, including whether it was within the reasonable control of the movant;

14   and (4) whether the moving party's conduct was in good faith.  See also, In re Veritas Software

15   Corp. Securities Litigation, 496 F.3d 962 (9th Cir. 2007); Mendez v. Knowles, 556 F.3d 757,

16   764 (9th Cir. 2009).  There is little doubt that the Debtor and its estate will suffer great and

17   immediate prejudice if the Auction Order is vacated or amended as the District has requested.  If

18   the Auction Order is vacated or amended to require the Debtor to make the disclosures requested

19   by the District[2] to prospective buyers of the Units, the Debtor's ability to conduct a public

20   auction and sell the Units will be jeopardized, notwithstanding the fees and expenses already

21   incurred by the Debtor's estate in connection with the auction.  Furthermore, since the Debtor

22   hopes to conduct an auction sale of the Units by the end of February 2010, which the Debtor has

23   determined will allow it to maximize on the real estate market conditions in downtown Los

24   Angeles and obtain the highest prices for the Units (and which prompted the Debtor's

25   Application for an order shortening time), any delay in the auction will prejudice the Debtor and

26   its estate.   This is particularly true since the Debtor has already incurred marketing and

27

28
_____

[2]  For the reasons discussed below, the Debtor submits that the additional disclosures requested by the District are neither supported by the law nor the facts.

11

advertising expenses in connection with the anticipated auction sale. There appears to be no legitimate reason for the District's delay in asserting its objections to the Auction Motion and Auction Order. The District and its counsel clearly had notice of the Auction Motion (since counsel for the District was actually at the hearing on the Auction Motion) and opportunity to assert its objections in a timely manner. The deliberate failure of the District and its counsel to assert such objections at or prior to the time of the hearing on the Auction Motion, followed by their filing of the Reconsideration Motion one week later (late on a Friday afternoon before a holiday weekend), reflect a level of legal gamesmanship that is not indicative of good faith. Based on the foregoing, the District cannot establish "excusable neglect" as a basis for reconsideration of the Auction Order.

2.    No Newly Discovered Evidence [Rule 60(b)(2)].

To obtain a new determination based upon newly discovered evidence under Rule 60(b)(2), the movant must demonstrate that the evidence (1) was in existence at the time of trial but not discovered until later, (2) could not have been timely discovered by due diligence, (3) is not merely cumulative or impeaching, (4) is material, and (5) would probably produce a new result at trial. In re Covino, 241 B.R. 673 (Bankr. D. Idaho 1999). None of the evidence presented in the Reconsideration Motion (even assuming that such evidence is accurate or admissible – which it is not) was unknown or undiscoverable with reasonable due diligence at the time of the hearing on the Auction Motion. The Tentative Ruling of the State Court was entered on December 14, 2009, the District filed its Request for Statement of Decision on December 24, 2009, and the State Court issued its order requiring the Debtor to submit a proposed Statement of Decision on January 4, 2010 – all **prior to** the January 7, 2010 hearing on the Auction Motion. The District has not introduced any new evidence which justifies reconsideration of the Auction Order under Rule 60(b)(2).

3.    No Fraud, Misrepresentation, or Misconduct by the Debtor [Rule 60(b)(3)].

To prevail under Rule 60(b)(3), "it must be proven that an order was obtained through fraud, misrepresentation, or other misconduct that prevented the losing party from fully and fairly presenting its defense." In re Wylie, 349 B.R. at 213. As a preliminary matter, the District

1   does not allege that the Auction Order was obtained through fraud, misrepresentation or other

2   misconduct by the Debtor.  Any allegations of fraud, misrepresentation or misconduct that could

3   be asserted by the District would go to the merits of the Auction Order, not the process by which

4   the Auction Order was obtained.  Since the District and its counsel had notice of the Auction

5   Motion and could have presented such allegations in a timely objection to the Auction Motion,

6   but instead, chose to sit by and do nothing, it is too late for the District to address the merits of

7   the Auction Motion.  See, In re Wylie, 349 B.R. at 213.  Based on the foregoing, the District

8   cannot demonstrate the applicability of Rule 60(b)(3) to justify reconsideration of the Auction

9   Order.

10          4.      The Other Grounds Enumerated In 60(b) Are Inapplicable [Rule 60(b)(4)-(6)].

11          Rule 60(b)(4) provides for the reconsideration of a judgment or order if the judgment or

12   order is void.  Rule 60(b)(5) provides for the reconsideration of a judgment or order if the

13   judgment has been satisfied, released, or discharged; is based on an earlier judgment that has

14   been reversed or vacated; or applying it prospectively is no longer equitable.  The Auction Order

15   is not void as a matter of law, has not been satisfied, released or discharged, and is not based on

16   an earlier judgment or order that has been reversed or vacated.  The District has not argued, or

17   submitted any evidence to demonstrate, that the application of the Auction Order is "no longer

18   equitable."  Accordingly, neither Rule 60(b)(4) or 60(b)(5) applies here.

19          Rule 60(b)(6) allows the Court to reconsider an order for "any other reason that justifies

20   relief."  However, "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent

21   manifest injustice.  The rule is to be utilized only where extraordinary circumstances prevented a

22   party from taking timely action to prevent or correct an erroneous judgment." United States v.

23   Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993); Liljeberg v. Health Services

24   Acquisition Corp., 486 U.S. 847, 864, 108 S. Ct. 2194, 2204, 100 L.Ed.2d 855 (1988)

25   (reiterating that Rule 60(b)(6) relief may be had "to accomplish justice," but only under

26   "extraordinary circumstances").  No such extraordinary circumstances exist in this case.

27          For the reasons discussed above, the District cannot meet the standard for reconsideration

28   of an order set forth in Rule 60(b).  Accordingly, the Reconsideration Motion should be denied.

**C.    The District Cannot Meet The Legal Standard Required Under Bankruptcy Rule 9023 And Rule 59(e) For The Amendment of The Auction Order.**

Similarly, although the District does not support its request for amendment of the Auction Order with any legal authority, to the extent the District may be relying upon Rule 59(e), made applicable by Bankruptcy Rule 9023, the Debtor respectfully submits that the District cannot and does not meet the legal standard set forth therein.

The only grounds for granting a motion under Rule 59(e) are newly-discovered evidence or manifest errors of law or fact.    See, In re Kellogg, 197 F.3d 1116, 1119-20 (11th Cir. 1999). "The [Rule 59(e)] motion may not be used to simply ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate."). In re Wilson, 349 B.R. 831, 834 (Bankr. D. Id. 2006) (citing In re Negrete, 183 B.R. 195, 197 (9th Cir. BAP 1995), aff'd, 103 F.3d 139 (9th Cir. 1996). Rule 59(e) motions are not to be used by parties who failed to raise available arguments. See, In re Kellogg, 197 F.3d at 1120 (finding that the movant had plenty of opportunity to present his arguments and evidence in a timely manner but chose not to, and holding that the movant may not use a Rule 59(e) motion to raise arguments available but not advanced at the hearing); Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available").

The District has not argued, or submitted any evidence to demonstrate, that there has been a manifest error or law or fact in connection with the entry of the Auction Order.  In addition, as noted above, the District has not shown that any newly discovered evidence exists which justifies the reconsideration or amendment of the Auction Order under Rule 59(e).  Since the District had plenty of opportunity to present its arguments and evidence in connection with a timely objection to the Auction Motion, but chose not to, it cannot be permitted to do an "end run" by presenting such arguments and evidence now in the guise of a Rule 59(e) motion.

**D.      The District's Substantive Objections To The Auction Order Are Not Supported By Any Facts Or Evidence, Are Not Supported By Applicable Non-Bankruptcy Law, And Should Be Disregarded.**

Although the District is barred from revisiting the merits of the Auction Motion, for all of the reasons discussed above, the Debtor feels compelled to address the substantive objections expressed by the District.  The District relies upon inadmissible evidence, misstatements of fact, and mischaracterizations of the law to support its substantive objections to the Auction Motion. When such misstatements and mischaracterizations are corrected, it is clear that the District's substantive objections to the Auction Motion and Auction Order have no merit whatsoever.

1.      <u>The Statements Made by the Bank in its Memorandum of Points and Authorities in Support of the Motion to Intervene Do Not Constitute Admissible Evidence.</u>

The District relies upon statements made by the Bank in the Memorandum of Points and Authorities submitted in support of the Bank's Motion to Intervene as "evidence" that, if the District is successful in the Easement Action, the market value and the utility of the Units and the Building will be greatly diminished.  As a preliminary matter, the Debtor has consistently prevailed in the Easement Action, culminating in the recent issuance of the Tentative Decision in favor of the Debtor in State Court.  Given the foregoing, the chances that the District will be "successful" in connection with the Easement Action are negligible.  Notwithstanding the foregoing, the District's reliance upon the statements of the Bank in its Motion to Intervene is misplaced since such statements do not actually constitute admissible evidence.  Moreover, such statements were apparently not found by the State Court to be compelling since the Motion to Intervene was ultimately denied.  The fact remains that neither the Bank nor the District has provided any testimony from a valuation expert or any other admissible evidence to indicate that a decision in the District's favor (as far-fetched as that might be) would have a material adverse effect on the value of the Building and the Units or a negative impact on the attractiveness of the Building and the Units to prospective purchasers.  In fact, as set forth in the Declaration of M. Aaron Yashouafar annexed hereto, even if the Debtor is barred from use of the Alley, the Debtor will still be able to maintain two points of ingress into and two points of egress from the Building.  Without evidence, the unsupported conclusions of the Bank and the District cannot

and should not be relied upon.

    2.    <u>The District Makes Numerous Misrepresentations of the Facts</u>.

    The District makes numerous misstatements of the facts in its Reconsideration Motion.

Some of the more flagrant misstatements of the facts are described and addressed below.

| The District's Statements | The Facts |
|---|---|
| "The District…oppose the use of the Alley…because of safety hazards, liability concerns, and preclusion of their long-established uses of the Alley Property." <u>See</u>, Reconsideration Motion, p. 2, lines 17-20.<br><br>"The District is certain that use of the Alley Property for continuous automobile traffic in and out of the Roosevelt Building will pose an enormous safety hazard, and will expose the District to liability claims of third parties who might be injured ,and will prevent the District from continuing to use the Alley Property as it has for many years." <u>See</u>, Reconsideration Motion, p. 4, lines 11-17. | "700 Wilshire/LACCD presented dramatic and emotional evidence of threats to the safety of pedestrians in the alley if it were allowed to be used by tenants of the Roosevelt Building for ingress.  Much of that evidence was speculative in light of the evidence, discussed above, that **there would not, in fact, be a "constant stream" of traffic that was likely to endanger schoolchildren and other pedestrians in the alley**.  […]  Pedestrian safety issues can be remedied by signage, the striping of pedestrian lanes along the sides of the alley and other precautions that will not interfere with use of the alley as a right of way."  <u>See</u>, Tentative Ruling, Exhibit "1" to the Cairns Declaration, pp. 7-8 (emphasis added).<br><br>"As fee owners of the underlying servient estate as well as co-owners of the easement, together with defendants, **plaintiffs are entitled to use the alley, but only to the extent that such uses are consistent with the easement's stated purpose as an unrestricted right of way.**  […]  Accordingly, plaintiffs' uses of the alley must be adapted so as not to interfere with that primary use and defendants are entitled to a permanent injunction against obstructions that prevent the use of the alley as a right of way."  <u>See</u>, Tentative Ruling, pp. 6-7 (emphasis added). |

| The District's Statements | The Facts |
|---|---|
| "The jury decided that Roosevelt's proposed use of the Alley Property for continual automobile traffic in and out of the Roosevelt Building was an excessive burden on the easement rights of the District and 700 Wilshire, **and was therefore barred**." See, Reconsideration Motion, p. 2, line 25 – p. 3, line 1 (emphasis added).<br><br>"On December 14, 2009, the Trial Judge issued a Tentative Decision **overturning the jury decision**." See, Reconsideration Motion, p. 3, lines 11-13 (emphasis added). | "The Court must exercise its own independent judgment in reviewing the evidence and in deciding the parties' equitable claims for declaratory and injunctive relief. The court is not bound by the jury's ruling that Roosevelt's proposed use of the alleyway overburdens the easement. See, Tentative Ruling, p. 1.<br><br>"**The jury verdict concerning overburdening was advisory only**. [citations omitted]. The trial court, which must decide claims that arise in equity, such as the claims for declaratory and injunctive relief present here, is entitled to disregard the jury's advisory verdict and make its own contrary findings." See, Tentative Ruling, p. 1 (emphasis added).<br><br>"This court has already found that the 1910 Granting Deed and the 1911 Extension Deed are unambiguous on their face and create an unrestricted easement of right of way permitting the free passage of vehicles in the alleyway." See, Tentative Ruling, p. 3.<br><br>"700 Wilshire and LACCD failed to meet their burden of showing overburdening of the easement." See, Tentative Ruling, p. 3. |
| "Non-disclosure of the full relevant facts is inequitable. Roosevelt, and any person or entity acting on its behalf, are barred from equitable relief unless they make proper disclosure under the Unclean Hands Doctrine[.]" See, Reconsideration Motion, p. 13, lines 7-10 (emphasis added). | "Although Plaintiffs have not formally pled any affirmative defenses to defendants' cause of action for injunctive relief…, they fully briefed the one affirmative defense that they seem to assert – unclean hands. That affirmative defense has no merit. LACCD's argument that defendants are guilty of fraud in their dealings with the district have already been disposed of by the court's finding that LACCD failed to prove its fraud cause of action. Plaintiffs' |

| The District's Statements | The Facts |
|---|---|
| | argument that defendants are guilty of certain alleged code violations in making the improvements to the alley is unsupported by the evidence." See, Tentative Ruling, p. 9. |

Those statements made by the District which are described above, when viewed in light of the findings and conclusions of the State Court, are clearly inaccurate and misleading. Therefore, the statements made by the District in the Reconsideration Motion, particularly those described above, should be disregarded by the Court.

3.      The District Mischaracterizes the Law Governing Required Disclosures to Prospective Buyers.

In connection with its Reconsideration Motion, the District is demanding that the Debtor and Kennedy Wilson, and anyone acting on their behalf, be required to disclose to prospective purchasers and anyone acting on their behalf, in writing, prominently, in advance of any and before the execution and exchange of any escrow and purchase-and-sale agreements, certain information regarding the Easement Action. See, Notice of the Reconsideration Motion, pp. 2-4. As discussed above, much of the "information" that the District is demanding be disclosed to prospective purchasers is inaccurate and misleading. In addition, the District mischaracterizes the state law governing required disclosures to prospective purchasers.

As the District notes in the Reconsideration Motion, California Civil Code § 1102 et seq. requires disclosure by a seller of real property to a buyer. The Debtor has provided in the past, and will continue to provide, the disclosures required by California Civil Code § 1102 et seq. to purchasers using the Real Estate Transfer Disclosure Statement form referenced in California Civil Code § 1102.6. The existence of the pending Easement Action and the fact that such action arises from the use of the Alley have been included, and will continue to be included, by the Debtor in its disclosures to purchasers. However, contrary to the District's contentions, no further "information" regarding the Easement Action is required (or appropriate) to be disclosed

1    to purchasers of the Units.

2        As noted in two of the cases that the District itself cites in the Reconsideration Motion –

3    Pagano v. Krohn, 60 Cal.App.4th 1, 8, n. 4 (1997) and Assilzadeh v. California Federal Bank, 82

4    Cal.App.4th 399, 410 (2000) – only **facts** are subject to a duty of disclosure.  Conclusions as to

5    how the legal or practical ramifications of disclosed facts adversely impact value are not "facts"

6    subject to an agent's duty of disclosure.  See, Pagano v. Krohn, 60 Cal.App.4th at 18; Sweat v.

7    Hollister, 37 Cal.App.4th 603, 608-609 (1995) ("The legal and practical effects of this state of

8    affairs do not rise to the status of a fact—they are conclusions as to value resulting from the

9    [disclosed facts].");  Assilzadeh v. California Federal Bank, 82 Cal.App.4th at 411-12

10    ("Statements concerning the value of property are generally deemed to be expressions of

11    personal opinion and not actionable representations of fact upon which the other party can

12    rely.").  In Pagano v. Krohn, the buyers contended that the seller had breached his duty by failing

13    to disclose his general knowledge that a lawsuit by a homeowner's association against a

14    developer has a detrimental effect on unit sale prices.  Pagano v. Krohn at 18-19.  The court in

15    Pagano v. Krohn concluded that the seller fulfilled his disclosure duty to the buyers by informing

16    them of the existence of the lawsuit and the fact that it arose from water intrusion problems, and

17    concluded further that the seller had no duty to tell the buyers that the lawsuit might adversely

18    affect the value of their unit.  Id.

19        In this case, the only "facts" that are subject to a duty of disclosure is the existence of the

20    Easement Action and the fact that such action arises from the use of the Alley.  Virtually all of

21    the other categories of "information" that the District is demanding be disclosed to prospective

22    purchasers (*e.g.*, "Any ruling in the State Action short of authorizing unlimited use of the

23    alleyway will materially and detrimentally affect the value of the Roosevelt Building, and

24    impose additional costs to redesign vehicular traffic, will increase long-term operational

25    costs…")[3] are not "facts" that are subject to a duty of disclosure but are conclusions as to how

26    the legal or practical ramifications of the Easement Action may or may not adversely impact the

27

28        [3] See, Notice of the Reconsideration Motion, p. 3, lines 21-25.

19

1    value of the Units and the Building.  These conclusions are not "facts" subject to a duty of

2    disclosure.

3 **IV.**

4 **<u>CONCLUSION</u>**

5       For all of the reasons set forth above, the Debtor respectfully requests that the Court enter

6    an order (i) denying the Reconsideration Motion; (ii) requiring the District to pay all of the fees

7    and costs incurred by counsel for the Debtor to respond to the Reconsideration Motion and

8    appear at the hearing on the Reconsideration Motion, in a total amount to be determined

9    separately; and (iii) granting such other and further relief as may be necessary or appropriate

10    under the circumstances.

11    Dated:  February 3, 2010          ROOSEVELT LOFTS, LLC

12

13                           By:    */s/ Juliet Y. Oh*

14                                   DAVID L. NEALE

15                                   JULIET Y. OH

16                                   LEVENE, NEALE, BENDER, RANKIN
                                    & BRILL L.L.P.
                                  Attorneys for Chapter 11 Debtor and
                                  Debtor in Possession

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF M. AARON YASHOUAFAR

I, M. Aaron Yashouafar hereby declares as follows:

1.      I am over 18 years of age.  I am the President of Roosevelt Lofts, Inc., which is the Manager of Roosevelt Lofts, LLC, a Delaware limited liability company, debtor and debtor in possession herein (the "Debtor").  Accordingly, I am familiar with virtually all aspects of the Debtor's condominium and commercial space project located at 727 West 7th Street in Los Angeles, California (the "Building").  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I submit this declaration in support of the Debtor's opposition (the "Opposition") to the motion (the "Reconsideration Motion") filed by the Los Angeles Community College District (the "District") for an order reconsidering and amending the order entered by the Court on January 8, 2010 granting the Debtor's motion (the "Auction Motion") for authority to (A) conduct a public auction of approximately sixty five (65) condominium units, but no fewer than fifty (50) units and no more than seventy five (75) units (collectively, the "Units," and each a "Unit") and sell such Units to third party purchasers, free and clear of liens, claims, interests and encumbrances, and (B) employ Kennedy Wilson Auction Group Inc. as the Debtor's auctioneer to publicize, market and offer the Units for sale through a public auction, pursuant to the terms and conditions set forth in that certain *"Residential Marketing Agreement"* entered into by the Debtor and KW.  Unless otherwise stated, all capitalized terms herein have the same meanings as in the Opposition.

3.      The District, 700 Wilshire and the Debtor each own and operate buildings in downtown Los Angeles that are adjacent to one another, and while the District and 700 Wilshire each own one half of the land which comprises the approximately 30 feet wide and approximately 100 feet long alley that is between their properties (the "Alley"), the Debtor has an unrestricted right to use the Alley for right of way purposes pursuant to an easement granted to the Debtor's predecessors in approximately 1910, well before the buildings owned by the District and 700 Wilshire were even in existence.

4.     On September 4, 2007, 700 Wilshire filed a complaint against the Debtor and others seeking a permanent injunction, declaratory relief and other relief relating to the Debtor's easement right to use the Alley, thereby commencing that certain action in the Superior Court of the State of California for the County of Los Angeles ("State Court") bearing the number BC 377008 (the "Easement Action").   The Easement Action includes two related cross-actions commenced by the Debtor and the District, respectively.

5.     Following the commencement of the Debtor's bankruptcy case, the District filed a motion in the Debtor's bankruptcy case on June 19, 2009 seeking relief from the automatic stay to permit the completion of proceedings in both the Easement Action and the Easement Appeal (the "District's Motion for Relief").   The Debtor did not oppose the District's Motion for Relief, and the Court entered an order granting the District's Motion for Relief on August 6, 2009.

6.     Shortly thereafter, the Debtor's primary lender, Bank of America, N.A., individually and as agent for a group of lenders (the "Bank"), filed a motion in the Easement Action seeking leave to intervene in such action (the "Motion to Intervene").   The District opposed the Bank's Motion to Intervene.   The Bank's motion was ultimately denied by the State Court.

7.     The Debtor has employed the law firm of Ives, Kirwan & Dibble APC ("IKD"), which represented the Debtor in the Easement Action pre-petition, as special litigation counsel to represent the Debtor in connection with the Easement Action and the related appeal post-petition. IKD has represented, and is continuing to represent, the Debtor's co-defendants in the Easement Action and the related appeal, namely, Urban Builders, Inc., Alliance Property Investments Inc., Carla Ridge LLC, Maverick Holdings LLC, S&M Yashoua Investments and Desert Field LLC. The Court entered an order approving the Debtor's employment of IKD on November 20, 2009.

8.     The Building currently has two entrances and two exits for automobile traffic. There is a two-way ramp on the Flower Street side of the Building which provides one entrance to, and one exit from, the Building (the "Flower Street Entrance/Exit").   This Flower Street ramp is the only way to access the subterranean parking levels of the Building.   The second entrance into the Building is also on the Flower Street side of the Building (the "Second Entrance").   The

1    Second Entrance is currently being used solely for ingress into (and not egress from) the

2    Building.  The second exit from the Building is connected to the Alley (the "Second Exit")

3    which provides a second point of egress for automobile traffic from the Building.  If the Debtor

4    were to be barred from use of the Alley, the Second Exit could no longer be used as a point of

5    egress from the Building.  However, if the Debtor were to be barred from use of the Alley, the

6    Debtor can, and will, use the Second Entrance as both an entrance and exit from the Building.

7    The Second Entrance is virtually the same width as the Flower Street Entrance/Exit and can

8    easily be utilized in a similar fashion (as both an entrance and exit).  Accordingly, even if the

9    Debtor is barred from use of the Alley, the Debtor will still be able to maintain two points of

10   ingress into and two points of egress from the Building.

11        9.      A hearing on the Auction Motion was held on January 7, 2010 at 10:00 a.m.,

12   which I attended.  Although I recognized Morton G. Rosen, the lead counsel for the District, who

13   was present in the courtroom at the time of the hearing (and outside the courtroom, during

14   recesses), Mr. Rosen did not make a formal appearance for the District or address the Court

15   during the hearing.  After hearing extensive arguments by the parties, the Court granted the

16   Auction Motion, subject to the terms and conditions set forth on the record at the hearing.

17        10.     The Debtor hopes to conduct an auction sale of the Units, as authorized by the

18   Court, by the end of February 2010.  The Debtor and Kennedy Wilson have already incurred fees

19   and expenses (including, among other things, marketing and advertising expenses) in connection

20   with the anticipated auction sale.

21        11.     The Debtor has provided in the past, and will continue to provide, the disclosures

22   required by California Civil Code § 1102 et seq. to purchasers using the Real Estate Transfer

23   Disclosure Statement form referenced in California Civil Code § 1102.6.  The existence of the

24   pending Easement Action and the fact that such action arises from the use of the Alley have been

25   included, and will continue to be included, by the Debtor in its disclosures to purchasers.

26   ///

27   ///

28

1       I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge.

3       Executed on this 3rd day of February 2010, at Los Angeles, California.

4

5                                  */s/ M. Aaron Yashouafar*
                                    M. AARON YASHOUAFAR

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF J. THOMAS CAIRNS, JR., ESQ.

I, J. Thomas Cairns, Jr., Esq., hereby declare as follows:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am a member of the law firm of Ives, Kirwan & Dibble APC ("IKD"), special litigation counsel to Roosevelt Lofts, LLC, a Delaware limited liability company, the chapter 11 debtor and debtor in possession herein (the "Debtor").  I am an attorney licensed to practice law in the State of California.

3.    I submit this declaration in support of the Debtor's opposition (the "Opposition") to the motion (the "Reconsideration Motion") filed by the Los Angeles Community College District (the "District") for an order reconsidering and amending the order entered by the Court on January 8, 2010 granting the Debtor's motion (the "Auction Motion") for authority to (A) conduct a public auction of approximately sixty five (65) condominium units, but no fewer than fifty (50) units and no more than seventy five (75) units (collectively, the "Units," and each a "Unit") and sell such Units to third party purchasers, free and clear of liens, claims, interests and encumbrances, and (B) employ Kennedy Wilson Auction Group Inc. as the Debtor's auctioneer to publicize, market and offer the Units for sale through a public auction, pursuant to the terms and conditions set forth in that certain *"Residential Marketing Agreement"* entered into by the Debtor and KW.  Unless otherwise stated, all capitalized terms herein have the same meanings as in the Opposition.

4.    The Debtor is the owner of real property located at 727 West 7th Street in Los Angeles, California, which was converted by the Debtor into 222 individually subdivided, luxury residential condominium units, a commercial retail component on the ground floor, and parking areas which are both subterranean and above grade (the "Building").

5.    The District, 700 Wilshire Properties ("700 Wilshire") and the Debtor each own and operate buildings in downtown Los Angeles that are adjacent to one another, and each has an easement right to use the approximately 30 feet wide and approximately 100 feet long alley that is between their properties (the "Alley").

6.      On September 4, 2007, 700 Wilshire filed a complaint against the Debtor and others seeking a permanent injunction, declaratory relief and other relief relating to the Debtor's easement right to use the Alley, thereby commencing that certain action in the Superior Court of the State of California for the County of Los Angeles ("State Court") bearing the number BC 377008 (the "Easement Action").   The Easement Action includes two related cross-actions commenced by the Debtor and the District, respectively.

7.      Pursuant to their respective complaints in the Easement Action, 700 Wilshire and the District contended, among other things, that the Debtor was unreasonably burdening the easement on the Alley by attempting to use it for continuous automobile traffic to and from the Building.

8.      On or about February 5, 2009, the District filed a notice of appeal from a temporary restraining order/preliminary injunction issued by the judge presiding over the Easement Action which, among other things, ordered the District to remove obstacles and cease interference with the Debtor's use of the Alley for continuous automobile traffic, and from an order holding the District in contempt of Court for violation of the temporary restraining order. That appeal remains pending in the Second Appellate District of the California Court of Appeal, Case No. B214024 (the "Easement Appeal").   As the District noted in the Reconsideration Motion, the Debtor has not filed a responding brief in connection with the Easement Appeal. However, the Debtor's failure to file its responding brief is due to the fact that the Easement Appeal will be rendered moot upon the entry of a judgment in the Easement Action.  Given the current status of the Easement Action (which is discussed in detail below) and more specifically, the pending entry of a judgment in the Easement Action, the Debtor has elected not to expend its limited resources to file a responding brief in the Easement Appeal, which will be rendered moot shortly.

9.      IKD has represented, and continues to represent, the Debtor and its co-defendants, namely, Urban Builders, Inc., Alliance Property Investments Inc., Carla Ridge LLC, Maverick Holdings LLC, S&M Yashoua Investments and Desert Field LLC, in the Easement Action and the Easement Appeal.   I am the attorney at IKD who is primarily responsible for the

representation of the Debtor and its co-defendants in the foregoing proceedings.  Accordingly, I have been involved in all aspects of the litigation in the foregoing proceedings.  IKD continues to represent the Debtor and its co-defendants in the Easement Action and the Easement Appeal.  I am advised that the Bankruptcy Court entered an order approving the Debtor's employment of IKD on November 20, 2009

10. A jury trial took place in the Easement Action from March 12 through March 25, 2009.  At the conclusion of the trial, on March 25, 2009, the jury held that neither the District nor 700 Wilshire were entitled to any of their damage claims against the Debtor.  The jury also provided an advisory verdict regarding whether the Debtor's "use of the alley for egress of cars from the Roosevelt Building overburdens the alley easement."  Although the jury specifically found that the Debtor had **not** committed trespass and nuisance against 700 Wilshire when the Debtor's general contractor demolished the existing surface of the Alley and replaced it with another one, the jury's advisory verdict came back in the affirmative as to whether the Debtor was overburdening the alley for use as egress from the Building.  The Debtor has never been barred (by the jury or the State Court judge) from using the Alley for continual automobile traffic in and out of the Building.

11. On March 25, 2009, the judge in the Easement Action ordered that the Debtor, the District, and 700 Wilshire each file and serve upon the other parties an Opening Memorandum of Points and Authorities presenting their respective positions on how the judge should effectuate the decision of the jury and rule on the remaining issues.  The judge further ordered that the Debtor, the District and 700 Wilshire each file and serve a Reply Memorandum on April 24, 2009, with the hearing on the matters to take place before the judge on April 29, 2009.

12. On or about September 17, 2009, the Debtor's primary lender, Bank of America, N.A., individually and as agent for a group of lenders (the "Bank"), filed a motion in the Easement Action seeking leave to intervene in such action (the "Motion to Intervene").  The District opposed the Bank's Motion to Intervene.  The Bank's motion was ultimately denied by the State Court.

/ / /

13.    After review of the briefs filed, and after hearing oral arguments, the State Court took the matter under submission on November 2, 2009.  On December 14, 2009, the State Court issued a Tentative Decision, finding in favor of the Debtor, and ruling that there was no overburdening of the Alley by the Debtor.  The State Court further ruled that the Debtor is to be allowed an unrestricted easement for a right of way permitting the free passage of vehicles in the Alley.  The court also held that neither 700 Wilshire nor the District may interfere with Debtor's use of the Alley, and that the Debtor is entitled to a permanent injunction which prohibits either 700 Wilshire or the District from placing any obstructions in the Alley which prevent the Debtor's use of the same.  A true and correct copy of the Tentative Decision is attached as Exhibit "1" hereto.

14.    On December 24, 2009, the District filed a Request for Statement of Decision in connection with the Easement Action.  On January 4, 2010, the State Court responded to the District's Request for Statement of Decision by ordering the Debtor and its co-defendants to prepare, serve and submit a proposed statement of decision.  A true and correct copy of the State Court's order is attached as Exhibit "2" hereto.

15.    In compliance with the State Court's order, the Debtor and its co-defendants have, in fact, submitted a proposed statement of decision which substantially tracks the Tentative Decision issued by the State Court.  If the District objects to the proposed statement of decision – which it undoubtedly will – the State Court will schedule a hearing to consider such objection.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 3rd day of February 2010, at Los Angeles, California.

_____*/s/ J. Thomas Cairns*_____
J. THOMAS CAIRNS, ESQ., Declarant

# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/14/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL          JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM 16. | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A.        Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC377008 | Plaintiff Counsel | NO APPEARANCES |
| 700 WILSHIRE PROPERTIES VS ALLIANCE PROPERTY INVESTMENTS I ET AL | Defendant Counsel | |

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTER:

TRIAL - NONJURY (AO)

The court having taken this matter under submission on November 2, 2009, comes now and makes its ruling as follows:

Ruling on trial of equitable issues: plaintiffs' causes of action for declaratory and injunctive relief and defendants' claim for injunctive relief

A.   The court must exercise its own independent judgment in reviewing the evidence and in deciding the parties' equitable claims for declaratory and injunctive relief.  The court is not bound by the jury's ruling that Roosevelt's proposed use of the alleyway overburdens the easement.

The jury verdict concerning overburdening was advisory only.  Hoopes. v. Dolan (2008) 168 Cal. App.4th 146, 147.  The trial court, which must decide claims that arise in equity, such as the claims for declaratory and injunctive relief present here, is entitled to disregard the jury's advisory verdict and make its own contrary findings. De Arellanes v. Arellanes (1907) 151 Cal. 443, 449.

Plaintiffs' argument, based on Hoopes, that this court cannot disregard the jury's verdict on

Page   1 of  10   DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 107

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 12/14/09 | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL    JUDGE | H. A. SMITH    DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM<br>16. | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A.    Deputy Sheriff | NONE    Reporter |

| | | |
|---|---|---|
| BC377008 | Plaintiff<br>Counsel | |
| 700 WILSHIRE PROPERTIES<br>VS<br>ALLIANCE PROPERTY INVESTMENTS I<br>ET AL | Defendant<br>Counsel | NO APPEARANCES |

NATURE OF PROCEEDINGS:

the overburdening issue is unavailing.  In Hoopes,
the trial court improperly disregarded the jury's
verdict in favor of plaintiff Hoopes on causes of
action (fraud, breach of contract, trespass) as to
which Hoopes was entitled to a jury as a matter of
right.  Here, the court has not rejected the jury's
verdict on those causes of action as to which
plaintiffs were entitled to a jury as matter of
right -- their claims of trespass and nuisance.
The jury's findings on those causes of action (which
were in favor of defendants in any event) remain
undisturbed.  The question whether the use of the
alley for egress from the Roosevelt garage might
overburden the easement played no role in the jury's
determination of the claims at law for trespass and
nuisance.  That issue is relevant only to the
equitable issues of declaratory and injunctive
relief and thus must be decided by the court, even
if it means rejecting the jury's finding on that
issue.  "In proceedings in which a jury trial is not
a matter of right (principally equity actions
[citation]), the issues of fact must be tried by the
court, subject to its power to order any such issue
to be tried by a jury.  The verdict in that case,
whether general or special, is advisory only.  It is
still the duty of the court to make its own
independent findings and to adopt or reject the
jury's findings as it deems proper."  Hoopes, supra,
168 Cal.App.4th 146 at 160 (citing 7 Witkin, Cal.
Procedure (4th ed. 1997) Trial, section 123).

Page   2 of  10   DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 108

## SUPERIOR COURT OF CALIFORNIA, COUNTY O. LOS ANGELES

DATE: 12/14/09                                                                    DEPT. 37

HONORABLE JOANNE O'DONNELL        JUDGE    H. A. SMITH          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
16.
          N. AVALOS, C.A.    Deputy Sheriff    NONE                Reporter

---

BC377008                          Plaintiff
                                  Counsel
700 WILSHIRE PROPERTIES                           NO APPEARANCES
VS                                Defendant
ALLIANCE PROPERTY INVESTMENTS I   Counsel
ET AL

---

NATURE OF PROCEEDINGS:

     Plaintiffs' claim that the court is bound to
accept the jury's verdict on the overburdening issue
because of the court's previous determination that
"course and performance" was a question of fact
subject to jury determination does not alter the
court's conclusion that the jury's response to the
special interrogatory was advisory only.  The jury
was not asked to decide a "course and performance"
issue and did not do so.  Plaintiffs' claim that the
question of overburdening is exclusively a matter of
fact to be determined by the jury is likewise
without merit.  None of the authorities cited by
plaintiffs stand for that proposition, as defendants
explain in their reply brief.

     This court has already found that the 1910
Granting Deed and the 1911 Extension Deed are
unambiguous on their face and create an unrestricted
easement of right of way permitting the free passage
of vehicles in the alleyway.  The court disregards
the jury's finding that defendants' proposed use of
the alleyway unreasonably overburdens the easement
for the reasons explained below.

B.  700 Wilshire and LACCD failed to meet their
burden of showing overburdening of the easement.

     As the parties seeking a declaration and
injunction restricting defendants' use of the alley
to access their building, plaintiffs bear the burden
of proof on the issue of whether such use will

Page  3 of  10   DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 109

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/14/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL     JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE                      JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16. | | |
| N. AVALOS, C.A.    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC377008 | Plaintiff Counsel | NO APPEARANCES |
| 700 WILSHIRE PROPERTIES VS ALLIANCE PROPERTY INVESTMENTS I ET AL | Defendant Counsel | |

NATURE OF PROCEEDINGS:

overburden the easement. They failed to meet that burden.

Traffic. _The only evidence concerning traffic volume was introduced by defendants. The project architect, Karin Liljegren, testified in detail about the City-approved parking plans for the Roosevelt Building (Exh. 112, 120, 121) and that the only 50-60 cars that can be parked on the smaller, upper levels of the garage have direct access to the alleyway. Ms. Liljegren further testified about the recorded covenant requiring full time valet parking (Ex. 111) and that one of the main attractions of the Roosevelt Building is its location directly over a Metrorail station that will encourage use of public transportation and less reliance on car use. Defendants also introduced the results of a traffic study performed by Weston Pringle, an experienced traffic engineer. Mr. Pringle testified that the Roosevelt condominiums, when fully occupied, will generate only about 105 total trips per day over the alley and between 14 and 18 trips per hour during the peak morning and evening commuting hours, which works out to an average of one car every 4-5 minutes during rush hours. Such limited traffic volume does not amount to overburdening of the alleyway. Plaintiffs introduced no evidence at all of any traffic studies, despite having the burden proof on the overburdening issue. The court notes that LACCD and 700 Wilshire did originally designate a traffic expert, but withdrew that designation shortly prior

Page   4 of  10    DEPT. 37

Rosen Dec. 110

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/14/09 | | | DEPT. 37 |
|---|---|---|---|
| HONORABLE JOANNE O'DONNELL | JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE 16. | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A. | Deputy Sheriff | NONE | Reporter |

| BC377008 | Plaintiff Counsel | |
|---|---|---|
| 700 WILSHIRE PROPERTIES VS ALLIANCE PROPERTY INVESTMENTS I ET AL | Defendant Counsel | NO APPEARANCES |

NATURE OF PROCEEDINGS:

to trial.  The witness they ultimately used instead, Matthew Nardella, a litigation consultant and architect, has no expertise in performing traffic studies.  Mr. Nardella provided no expert testimony concerning the actual volume of traffic that could be expected to emanate from the Roosevelt garage. Finally, the evidence introduced at trial supports a finding that the use of the Roosevelt Building for 222 residential condominiums will reduce rather than increase the amount of traffic that was generated by its former use as a commercial and office building. This finding is supported by the expert testimony of both Pringle and Liljegren that residential uses of property are far less intense than are commercial uses and even by the testimony of Mr. Nardella, whose calculations show that the residential use of the Roosevelt condominiums is less than 1/3 as intensive as its former use as a commercial building.

A change or increase in the use of an easement does not overburden the easement if such change or increase is the result of normal development of the dominant parcel.  6 Miller & Starr California Real Estate (3d ed. 2000) Section 15.55 p. 172.  The evidence at trial showed that conversion of the Roosevelt Building from a commercial office building to residential condominiums is part of the steady progression of development in downtown Los Angeles. The most compelling evidence on this topic was the testimony and photographs that depict the use to

Page  5 of  10   DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 111

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/14/09 | | DEPT. 37 |
|---|---|---|
| HONORABLE JOANNE O'DONNELL   JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16. | | |
| N. AVALOS, C.A.   Deputy Sheriff | NONE | Reporter |

| BC377008 | Plaintiff Counsel | |
|---|---|---|
| 700 WILSHIRE PROPERTIES | | NO APPEARANCES |
| VS | Defendant | |
| ALLIANCE PROPERTY INVESTMENTS I | Counsel | |
| ET AL | | |

NATURE OF PROCEEDINGS:

which the "mirror image" of the Roosevelt Building
alleyway -- as egress from the underground parking
garage of the 322-unit Pegasus Apartments across
Wilshire Blvd. From the Roosevelt Building alleway.
That Pegasus alley has exactly the same dimensions
as the Roosevelt alley.  It is clear from the
evidence that use of the identical alley for egress
from the Pegasus Apartments does not overburden that
easement and plaintiffs failed to explain why the
identical use of the Roosevelt alleyway would
overburden it.

As noted above, this court has already found
that the 1910 Granting Deed and the 1911 Extension
Deed are unambiguous on their face and create an
unrestricted easement of right of way permitting the
free passage of vehicles in the alleyway.  As fee
owners of the underlying servient estate as well as
co-owners of the easement, together with defendants,
plaintiffs are entitled to use the alley, but only
to the extent that such uses are consistent with the
easement's stated purpose as an unrestricted right
of way.  The owners of a servient estate may not use
their property "in a way that obstructs the normal
use of the easement."  Blackmore v. Powell (2007)
150 Cal.App.4th 1593, 1599, 12 Witkin, Summary of
California Law (10th ed. 2005) Real Property Section
412, p. 484.  Plaintiffs introduced evidence at
trial of their own uses of the alley for purposes of
trash storage and removal, loading and unloading,
parking and pedestrian egress from their buildings.

Page   6 of  10   DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 112

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/14/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL    JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE                   JUDGE PRO TEM<br>16. | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A.    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC377008 | Plaintiff<br>Counsel | |
| 700 WILSHIRE PROPERTIES<br>VS<br>ALLIANCE PROPERTY INVESTMENTS I<br>ET AL | Defendant<br>Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Defendants demonstrated that recent conduct by
defendants -- intentional obstruction of the right
of way by placement of trash dumpsters (exh. 123),
parking of vehicles (Ex. 124) and the erection of
steel bollards in the alley (Ex. 125) poses an
immediate threat to defendants' vested property
right to use the easement as a right of way.
Accordingly, plaintiffs' uses of the alley must be
adapted so as not to interfere with that primary use
and defendants are entitled to a permanent
injunction against obstructions that prevent the use
of the alley as a right of way.  (See Section C
below.)  In any event, plaintiffs greatly overstated
the extent to which use of the alley by defendants
for egress would interfere with their historical
uses of the alley.  As explained above, the users of
the mirror image Pegasus alley use it for the same
purposes, as well as building egress.

Safety.  700 Wilshire/LACCD presented dramatic
and emotional evidence of threats to the safety of
pedestrians in the alley if it were allowed to be
used by tenants of the Roosevelt Building for
ingress.  Much of that evidence was speculative in
light of the evidence, discussed above, that there
would not, in fact, be a "constant stream" of
traffic that was likely to endanger schoolchildren
and other pedestrians in the alley.  The evidence
does show that there is some reason for concern
about safety of pedestrians when the alley is used
for Roosevelt building  access.  This concern does

Page   7 of  10   DEPT. 37

Rosen Dec. 113

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/14/09

DEPT. 37

HONORABLE  JOANNE O'DONNELL   JUDGE   H. A. SMITH   DEPUTY CLERK

HONORABLE   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR
16.

N. AVALOS, C.A.   Deputy Sheriff   NONE   Reporter

BC377008

700 WILSHIRE PROPERTIES
VS
ALLIANCE PROPERTY INVESTMENTS I
ET AL

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

---

NATURE OF PROCEEDINGS:

not, however, justify barring the use of the alley
for that purpose altogether. Pedestrian safety
issues can be remedied by signage, the striping of
pedestrian lanes along the sides of the alley and
other precautions that will not interfere with use
of the alley as a right of way.

C.  Defendants' post-trial motion for leave to amend
the complaint to assert a cause of action for
injunctive relief and plaintiff's affirmative
defense of unclean hands.

Defendants' operative pleading, the First
Amended Cross-Complaint, does not allege an express
cause of action for injunctive relief against
plaintiffs. After the close of evidence, defendants
made an oral motion to amend their pleading to
conform to proof by adding a claim for injunctive
relief against plaintiffs. That motion is granted.

In their post-trial briefs, Plaintiffs do not
oppose the merits of defendants' motion to amend to
conform to proof. The issues pro and con as to that
cause of action were fully tried. Plaintiffs fail
to show, or even argue, that they would be
prejudiced by the court's granting of the motion.
Although Plaintiffs have not formally pled any
affirmative defenses to defendants' cause of action
for injunctive relief (through no fault of their
own, of course), they fully briefed the one
affirmative defense that they seem to assert --

Page  8 of  10   DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 114

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 12/14/09 | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL    JUDGE | H. A. SMITH    DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 16. | |
| N. AVALOS, C.A.    Deputy Sheriff | NONE    Reporter |

| | |
|---|---|
| BC377008 | Plaintiff Counsel |
| 700 WILSHIRE PROPERTIES | NO APPEARANCES |
| VS | Defendant |
| ALLIANCE PROPERTY INVESTMENTS I | Counsel |
| ET AL | |

**NATURE OF PROCEEDINGS:**

unclean hands.  That affirmative defense has no
merit.  LACCD's argument that defendants are guilty
of fraud in their dealings with the district have
already been disposed of by the court's finding that
LACCD failed to prove its fraud cause of action.
Plaintiffs' argument that defendants are guilty of
certain alleged code violations in making the
improvements to the alley is unsupported by the
evidence.  There was no evidence that defendants
have ever been cited for any building code
violations.  In fact, the evidence showed that they
alleyway improvements were made under the auspices
of the Department of Water and Power.  The evidence
also shows that the parking plan for the Roosevelt
Building, providing for an exit onto the alley, was
approved by the Los Angeles Dept. of Building and
Safety and other responsible agencies.  (Ex. 112,
120 and 121).  Finally, plaintiff's argument that
defendants are guilty of "unclean hands" as a result
of the filing by Roosevelt Lofts, LLC of a Chapter
11 bankruptcy is unsupported by any authority or
plausible argument that the filing of a bankruptcy
action constitutes unclean hands.  Plaintiffs'
assertions of construction defects and breach of
contract by defendants do not amount to affirmative
defenses against defendants' claim for injunctive
relief.  They are for another lawsuit.

Clerk to give notice of the above ruling.

Clerk's certificate of mailing of tentative decision

Page  9 of 10    DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 115

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 12/14/09 | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL         JUDGE | H. A. SMITH         DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 16. | |
| N. AVALOS, C.A.         Deputy Sheriff | NONE                    Reporter |

| | |
|---|---|
| BC377008 | Plaintiff Counsel |
| 700 WILSHIRE PROPERTIES | NO APPEARANCES |
| VS | Defendant |
| ALLIANCE PROPERTY INVESTMENTS I | Counsel |
| ET AL | |

**NATURE OF PROCEEDINGS:**

is executed and filed this date, and a copy thereof
is included in the mailing to counsel.

Page 10 of 10    DEPT. 37

MINUTES ENTERED
12/14/09
COUNTY CLERK

Rosen Dec. 116

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/04/10 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL  JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 16. N. AVALOS, C.A.  Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC377008 | Plaintiff Counsel | |
| 700 WILSHIRE PROPERTIES | | NO APPEARANCES |
| VS | Defendant | |
| ALLIANCE PROPERTY INVESTMENTS.I | Counsel | |
| ET AL | | |

NATURE OF PROCEEDINGS:

ORDER RE: REQUEST FOR STATEMENT OF DECISION;

The court is in receipt of the Request for Statement of Decision filed by the Los Angeles Community College District on December 24, 2009.

Counsel for the Roosevelt parties is ordered to prepare, serve and submit a proposed statement of decision per CRC 3.1590(e).

Clerk to give notice.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 01-04-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date:  01-04-10

John A. Clarke, Executive Officer/Clerk

Page  1 of  2   DEPT. 37

MINUTES ENTERED
01/04/10
COUNTY CLERK

Rosen Dec. 190

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/04/10 | DEPT. 37 |

| | | | |
|---|---|---|---|
| HONORABLE JOANNE O'DONNELL | JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE 16. | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A. | Deputy Sheriff | NONE | Reporter |

BC377008

700 WILSHIRE PROPERTIES
VS
ALLIANCE PROPERTY INVESTMENTS I
ET AL

Plaintiff
Counsel          NO APPEARANCES

Defendant
Counsel

NATURE OF PROCEEDINGS:

By: _H. A. Smith_____
　　　　　H. A. SMITH

Cheryl L. Van Steenwyk
Xyvest Holdings, Inc.
611 Wilshire Blvd., Suite 810
Los Angeles, CA  90017

J. Thomas Cairns, Jr.
IVES, KIRWAN & DIBBLE
660 S. Figueroa St., Suite 1990
Los Angeles, CA  90017

Morton G. Rosen
Jeffrey A. Vinnick
HAIGHT BROWN & BONESTEEL
6080 Center Dr., Suite 800
Los Angeles, CA  90045-1574

Page    2 of    2    DEPT. 37

MINUTES ENTERED
01/04/10
COUNTY CLERK

Rosen Dec. 191

### DECLARATION OF JULIET Y. OH

I, Juliet Y. Oh hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      I am a partner of the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB"), bankruptcy counsel to Roosevelt Lofts, LLC, a Delaware limited liability company, debtor and debtor in possession herein (the "Debtor").  I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Southern, Central, Northern and Eastern Districts of California, and in the United States Court of Appeals for the Ninth Circuit.

3.      I submit this declaration in support of the Debtor's opposition (the "Opposition") to the motion (the "Reconsideration Motion") filed by the Los Angeles Community College District (the "District") for an order reconsidering and amending the order entered by the Court on January 8, 2010 granting the Debtor's motion (the "Auction Motion") for authority to (A) conduct a public auction of approximately sixty five (65) condominium units, but no fewer than fifty (50) units and no more than seventy five (75) units (collectively, the "Units," and each a "Unit") and sell such Units to third party purchasers, free and clear of liens, claims, interests and encumbrances, and (B) employ Kennedy Wilson Auction Group Inc. as the Debtor's auctioneer to publicize, market and offer the Units for sale through a public auction, pursuant to the terms and conditions set forth in that certain *"Residential Marketing Agreement"* entered into by the Debtor and KW.  Unless otherwise stated, all capitalized terms herein have the same meanings as in the Opposition.

4.      On December 24, 2009, our office filed, on behalf of the Debtor, the Auction Motion and an application requesting shortened time on notice for a hearing on the Auction Motion (the "Application").  In order to provide notice of the Application and the Auction Motion in compliance with Local Bankruptcy Rule 9075-1(b), concurrently with the filing of the Application and the Auction Motion with the Court (on December 24, 2009), our office served a copy of the Application and the Auction Motion and all supportive papers upon the Office of the

1  United States Trustee ("UST"), the Official Committee of Unsecured Creditors appointed in the

2  Debtor's case (the "Committee") and counsel for the Committee, all known parties who have

3  alleged liens or interests in the Units or in the Building, all of the Debtor's known creditors,

4  including, without limitation, the District and 700 Wilshire Properties, and parties requesting

5  special notice by overnight courier for delivery by no later than Monday, December 28, 2009.  A

6  true and correct copy of the proof of service for the Auction Motion is attached as Exhibit "A"

7  hereto.  A true and correct copy of the proof of service for the Application is attached as Exhibit

8  "B" hereto.

9          5.      On December 29, 2009, the Court entered an order approving the Debtor's

10  Application and setting the hearing on the Auction Motion on January 7, 2010 at 10:00 a.m.

11  That same day, on December 29, 2009, our office filed and served a notice of the hearing on the

12  Auction Motion (the "Hearing Notice") upon the UST, the Committee and its counsel, all known

13  parties who have alleged liens or interests in the Units or in the Building, all of the Debtor's

14  known creditors, including, without limitation, the District and 700 Wilshire Properties, and

15  parties requesting special notice.  A true and correct copy of the Hearing Notice, with proof of

16  service, is attached as Exhibit "C" hereto.

17          6.      Oppositions to the Auction Motion (collectively, the "Oppositions") were filed by

18  the Bank and various alleged mechanic's lien claimants (collectively, the "Mechanic's Lien

19  Claimants"), including Sidney Alter *dba* Alter Electric Company and Allsale Electric, Inc.,

20  American Gunite, Inc., E.J. Reyes Corporation *dba* EJR Door Division, Glendale Plumbing And

21  Fire Supply, Inc., SRS Fire Protection, Inc., Thermalair, Inc. and V.G.I. Incorporated.   In

22  addition, a joinder to the Auction Motion was filed by Committee.

23          7.      On January 6, 2010, our office filed, on behalf of the Debtor, an omnibus reply to

24  the Oppositions.

25          8.      A hearing on the Auction Motion was held on January 7, 2010 at 10:00 a.m.,

26  which I attended.  At the hearing, I recognized Morton G. Rosen, who I understand to be the lead

27  counsel for the District and who was present in the courtroom at the time of the hearing (and

28  outside the courtroom, during recesses).  Mr. Rosen did not make a formal appearance for the

District or address the Court during the hearing.  After hearing extensive arguments by the parties, the Court granted the Auction Motion, subject to the terms and conditions set forth on the record at the hearing.  In addition, the Court scheduled a telephonic hearing the next day (January 8, 2010) at 2:00 p.m. to allow the parties time to prepare and negotiate a consensual form of order regarding the Auction Motion and to address any outstanding disputes relating to such proposed order.

9.    At the January 8, 2010 telephonic hearing, the Court resolved all remaining disputes regarding the form of order (which disputes were primarily between the Debtor and the Bank), and thereafter, entered an order granting the Auction Motion, subject to the terms and conditions set forth therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 3rd day of February 2010, at Los Angeles, California.

_____/s/  Juliet Y. Oh_____
JULIET Y. OH

31

# EXHIBIT A

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
|-------|---------------------|------------|------------|
|       |                     |            | 1:09-14214-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING DEBTOR TO (A) CONDUCT A PUBLIC AUCTION OF, AND SELL CERTAIN CONDOMINIUM UNITS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B) EMPLOY KENNEDY WILSON AUCTION GROUP INC. AS AUCTIONEER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF M. AARON YASHOUAFAR AND RICHARD WINCHELL IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 24, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- John B Acierno    ecfcacb@piteduncan.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- Steven R Fox    emails@foxlaw.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Ian Landsberg    ilandsberg@lm-lawyers.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Daniel H Slate    dslate@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Brandon J Witkow    bwitkow@lockelord.com
- Aimee Y Wong    aywong@mckennalong.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On December 24, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail,

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                      F 9013-3.1

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
| | | | 1:09-14214-GM |

first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**By overnight mail:**
**All creditors and interested parties**
**(See attached)**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 24, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**By attorney service:**
Honorable Geraldine Mund
21041 Burbank Blvd.
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 24, 2009 | Marguerite Hardin | /s/ Marguerite Hardin |
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

Roosevelt Lofts
RSN

Roosevelt Lofts, LLC
c/o Mr. M. Aaron Yashouafar, President
Roosevelt Lofts, Inc.
16661 Ventura Blvd., #600
Encino, CA 91436

U.S. Trustee
Attn: S Margaux Ross, Esq.
21051 Warner Ctr Ln Ste 115
Woodland Hills, CA 91367

**Counsel for Ryan Anderson, et al.**
Gary Owen Caris, Esq.
McKenna, Long & Aldridge LLP
444 South Flower St., 8th Floor
Los Angeles, CA 90071

**Counsel for HD Supply Construction**
William D. Schuster, Esq.
Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706-2614

Homan Taghdiri, Esq.
**Milbank**
660 S. Figueroa St., 24th Floor
Los Angeles, CA 90017

**Counsel for Siemens Bldg Tech., Inc.**
Benjamin R. Trachtman, Esq.
Trachtman & Trachtman
27401 Los Altos, Suite 300
Mission Viejo, Ca 92691

**Counsel for Bank of America**
Daniel H. Slate, Esq.
Buchalter, Nemer
1000 Wilshire Blvd., Ste 1500
Los Angeles, CA 90017

**Counsel for Sidney Alter dba Alter Electric**
Bruce D. Rudman, Esq.
Abdulaziz, Grossbart & Rudman
PO Box 15458
North Hollywood, CA 91615

Herbert Alfred Mayer
5360 Willow Oak Street
Simi Valley, CA 93063-4591

L.A. County Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

**Counsel for Infiniti Metals**
Law Ofcs Theodore A. Anderson
690 S. Brea Blvd.
Brea, CA 92821

**Counsel for VGI**
Patrick J. Duffy III
Andrew W Hawthorne
Monteleone & McCrory
725 S. Figueroa St., Ste. 3200
Los Angeles, CA 90017

Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Ste. 470
Encino, CA 91436

**Counsel for ThyssenKrupp Elevator**
William C. Hernquist II
Wallace H. Sweet
8407 La Mesa Blvd.
La Mesa, CA 91942

**Committee Member**
Kuetar Flooring
Attn: Joseph Kember/Ed Sheats
2 Innovation Drive
Renfrew
Ontario, **CANADA** K7V4B1

**Committee Member**
Bontempi USA
Attn: Yeujye Chen
8919 Beverly Blvd.
West Hollywood, CA 90048

**Committee Member**
A American Custom Flooring
Attn: Richard S. Lauter
311 S. Wacker Drive
Chicago, IL 60066

**Counsel for American Gunite, Inc.**
Varand Gourjian, Esq.
Gourjian Law Group
100 N. Brank Blvd., Sixth Floor
Glendale, CA 91203

David Sherwood
CEO
Daniel's Jewelers
PO Box 3750
Culver City, CA 90231

~~Alan B. Clark~~
~~Latham & Watkins LLP~~
~~355 S. Grand Ave~~
~~Los Angeles, CA 90071~~
**Withdrawal of RSN filed 11-10-09**

**Counsel to Bank of America**
Seyfarth Shaw LLP
T. Larry Watts, Eric B. von Zeipel
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

Attorney for Canon Financial Svcs
Scott H. Marcus & Associates
121 Johnson Road
Turnersville, NJ 08012

Fred S. Pardes, Esq.
LAW OFFICES OF FRED S. PARDES
A Professional Corporation
34211 Pacific Coast Highway, Suite 103
Dana Point, Ca. 92629

Maria Stark
Hypothesis
811 West 7th St., Ste. 600
Los Angeles, CA 90017

Greg Sinderbrand, Esq.
Borba, Inc.
21700 Oxnard St Ste 1850
Woodland Hills, CA 91367

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

Roosevelt Lofts, LLC
660 S. Figueroa Street
24th Floor
Los Angeles, CA 90017

**MML UPDATED 11/25/09
THROUGH CLAIM NO. 88**

U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

24/7 Fire Services
12540 E. Slauson Avenue, Unit C
Santa Fe Springs, CA 90670

944 Media
4253 N. Scottsdale Road
Scottsdale, AZ 85251

A Fence Company, Inc.
15205 Carretera Drive
Whittier, CA 90605

A-American Flooring
7777 N. Caldwell Avenue
Niles, IL 60714

AB California Acquisition Corp.
dba Acoustical Material Services
10200 S. Pioneer Blvd., #500
Santa Fe Springs, CA 90670

Accent Refinishing Company
PO Box 2494
Sun City, AZ 85374

ACCO Engineering Systems
6265 San Fernando Road
Glendale, CA 91201
**Change per claim filed**

Accoustical Construction, Inc.
10121 Stonehurst Avenue
Sun Valley, CA 91352

Ace Concrete Cutting, Inc.
8965 Herrick Avenue
Sun Valley, CA 91352
Address change, see below

Ace Parking Services
645 Ash Street
San Diego, CA 92101

Addison Pools, Inc.
10835 Magnolia Boulevard
North Hollywood, CA 91601

Alan J. Carnegie, Esq.
23975 Park Sorrento, #227
Calabasas, CA 91302

Allsole Electric Inc.
7950 Deering Avenue
Canoga Park, CA 91304
**Represented by counsel; see below**

Alter Electric Company
c/o Abdulaziz, Grossbart & Rudman
6454 Coldwater Canyon Ave
North Hollywood, CA 91606

American Demolition/Concrete
Cutting, Inc.
620 Poinsettia Street
Santa Ana, CA 92701

American Gunite, Inc.
5042 Wilshire Blvd., Suite 496
Los Angeles, CA 90036

Arrow
7635 Burnet Avenue
Van Nuys, CA 91405

B&N Industries, Inc.
1409 Chapin Avenue, 2nd Floor
Burlingame, CA 94010

Bank of America, N.A.
333 S. Hope Street, 11th Floor
Los Angeles, CA 90071
**Change per claim filed; see below**

Barlava, Simon
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Bazik Electrical
714 N. Howard Stret, Unit G
Glendale, CA 91206

Beard Hobbs, Esq.
7844 La Mesa Blvd
La Mesa, CA 91941

Bontempi USA
8919 Beverly Boulevard
West Hollywood, CA 90048

Bradley A. Raisin
16055 Ventura Blvd., #601
Encino, CA 91436

Brewster Marble Co., Inc.
11818 Glenoaks Blvd.
San Fernando, CA 91340

Buchalter Nemer
Attn: Daniel H. Slate, Esq.
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Cal Systems
7941 Hazeltine Avenue
Panorama City, CA 91402
**Address change per p/o – see below**

Heather M. Kadeg, Esq.
30423 Canwood St., #131
Agoura Hills, CA 91301

Henri Specialties
4225 Prado Road
Unit 102
Corona, CA 92880

Henry Worth LLC
421 Broadway
Attn: Curtis Fentress
Denver, CO 80203

Herbert Hayden, Esq.
40931 Fremont Blvd
Fremont, CA 94538

Inifinty Metal
2081 E. Lambert Road
La Habra, CA 90631
**Change per claim filed; see below**

Insul-Flow, Inc.
1911 N. Fine
Fresno, CA 93727

Integrity Builders West, Inc.
25942 Via Marejada
Mission Viejo, CA 92691

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Irish Communication Company
2649 Stingle Avenue
Rosemead, CA 91770

Ives, Kirwan & Dibble
660 S. Figueroa Street, Suite 1990
Los Angeles, CA 90017

J.J. Little, Esq.
1516 S. Bundy Dr., #312
Los Angeles, CA 90025
**Address change per claim filed; see below**

J.W. Kelly Consulting
1373 Keniston Avenue
Los Angeles, CA 90019

Kadima Security Services, Inc.
660 S. Figueroa St.
Suite 1880
Los Angeles, CA 90017

Ken Mar Consultants
5966 La Place Court, Suite 180
Carlsbad, CA 92008

Kessler & Kessler
1800 Avenue of the Stars, Suite 400
Los Angeles, CA 90067

Keyboard Concepts, Inc.
5600 Van Nuys Blvd.
Van Nuys, CA 91401

Killefer Flammang Architects
1625 Olympic Blvd.
Santa Monica, CA 90404
**Change per claim filed; see below**

Kultur Flooring USA, Inc.
7777 N. Caldwell Avenue
Niles, IL 60714
**Address change per claim filed; see belo**

LA Commercial Group, Inc. dba
Continental Commercial Group
317 S. Brand Blvd.
Glendale, CA 91204

Law Offices of H. Joseph Nourmand
660 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Leonard, Gary
1539 Curran Street
Los Angeles, CA 90026

Lewis & Associates
3440 Wilshire Blvd., Suite 1215
Los Angeles, CA 90010

Lightworks
3911 E. La Palma Ave.
Suite G
Anaheim, CA 92807

Los Angeles Conservancy
Attn: Mike Buhler Esq.
523 West 6th Street, Suite 826
Los Angeles, CA 90014

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054
**Address change per claim filed; see below**

Los Angeles Dept. of Bldg. & Safety
201 N. Figueroa Street
Los Angeles, CA 90012

Los Angeles Downtown News
1264 W. First Street
Los Angeles, CA 90026

Los Angeles Fire Department
200 N. Main Street
Los Angeles, CA 90012

Los Angeles Magazine
5900 Wilshire Blvd., 10th Floor
Los Angeles, CA 90036

Lynn Safety, Inc
367 Civic Drive, Suite 8
Pleasant Hill, CA 94523

Cal-State Steel Corporation
1801 W. Compton Blvd.
Compton, CA 90220

Century Shower Doors
20100 S. Normandie Avenue
Torrance, CA 90502

Chase Construction, Inc.
1825 Pandora Avenue
Los Angeles, CA 90025

City of Los Angeles Public Works
200 N. Spring Street, Room 967
Los Angeles, CA 90012

Commercial Glass Company
1577 Tierra Rejada Rd.
Simi Valley, CA 93065

Commercial Scaffolding of CA, Inc
14732 S. Maple Avenue
Gardena, CA 90248

CraneNetics, Inc.
4780 Cheyenne Way
Chino, CA 91710

Crenshaw Lumber
424 Pico Boulevard
Santa Monica, CA 90405

David J. Barnier, Esq.
2341 Jefferson St., #200
San Diego, CA 92110

Davis Langdon
301 Arizona Avenue
Santa Monica, CA 90401

Denise H. Field, Esq.
333 Market Street, 25th Floor
San Francisco, CA 94105

Dewey Pest Control
3711 Beverly Blvd.
Los Angeles, CA 90004

Digital Express
6404 Wilshire Blvd., Suite 105
Los Angeles, CA 90048

~~DMF Lighting~~
~~5221 W. Jefferson Boulevard~~
~~Los Angeles, CA 90016~~
**Address change; see below**

Donald Dickerson & Associates
6840 Havenhurst Avenue
Van Nuys, CA 91406

Dunn-Edwards Corporation
4885 E. 52nd Place
Los Angeles, CA 90040

E. Leonard Fruchter
1609 Cravens Avenue
Torrance, CA 90501

EFCO Corporation
1290 Carbide Drive
Corona, CA 92881

~~EJ Reyes Corp.~~
~~6328 Roundhill Drive~~
~~Whittier, CA 90601~~
**ADDRESS CHANGE PER CLAIM;
SEE BELOW**

Encino Corporate Plaza, L.P.
c/o Milbank Real Estate Services
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Excel Building Services
P.O. Box 1089
San Jose, CA 95108

Fathi, Haleh Holly
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Franchise Tax Board
Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Frank's Disposal
PO Box 4271
Sunland, CA 91041

Fred S. Pardes, Esq.
43211 Pacific Coast Hwy, #103
Dana Point, CA 92629

General Coating
9349 Feron Blvd.
Alhambra, CA 91801

Glendale Plumbing & Fire Supply
11120 Sherman Way
Sun Valley, CA 91352

Gorgeous Magazine
11684 Ventura Blvd.
Studio City, CA 91604

GRIF-FAB Corporation
5350 Newport Street
Commerce City, CO 80022

~~HD Supply / White Cap~~
~~Construction Supply~~
~~P.O. Box 1770~~
~~Costa Mesa, CA 92626~~
**Address change per claim; see below**

Brandon Witkow
Locke Lord Bissell & Liddell LLP
300 S. Grand Ave., Ste. 2600
Los Angeles, CA 90071

J.J. Little, Esq.
11500 West Olympic Blvd.
Ste. 360
Los Angeles, CA 90064

LA County Treasurer &
Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

The Gas Company
Mass Markets Credit & Collections
PO Box 30337
Los Angeles, CA 90030-0337

Robert Woodcock Plumbing
18968 Hatteras St
Tarzana, CA 91356

West Coast Doors
9086 Rosecrans Ave
Bellflower, CA 90706

Muir Chase Plumbing Co.
c/o Law Ofcs of David A. Tilem
206 N. Jackson Street, Ste 201
Glendale, CA 91206

Cal Systems
19559 Los Alimos Street
Porter Ranch, CA 91326-2220

Yana A. Lisetsky
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Wrightway Construction, Inc.
c/o W. Randall Sgro, Esq.
1609 Cravens Ave.
Torrance, CA 90501

Trevor Keith McCarthy Smith
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Thyssenkrupp Elevator Corp.
c/o William C. Hernquiset II
2404 Broadway, 2nd Floor
San Diego, CA 92102

Spectra Company
c/o Attorney Beard Hobbs
7844 La Mesa Blvd.
La Mesa, CA 91942

Steven Dornbusch
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Susan B. McGee & Laura S. McGee
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Southland Exterior Building Svcs, Inc.
34211 Pacific Coast Highway
Suite 103
Dana Point, CA 92629

Sabrina Idroos
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Scott H. Marcus & Associates
121 Johnson Rd.
Turnersville, NJ 08012

Robertson's Ready Mx Ltd
c/o Law Ofcs Robert M. Binam
200 S. Main Street, Ste. 200
Corona, CA 92878

Ryan Anderson, et al.
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Siemens Bldg Technologies
c/o Benjamin Trachtman
27401 Los Altos, #300
Mission Viejo, CA 92691

SRS Fire Protection
c/o Marc Weinberg, Esq.
6320 Canoga Ave., Ste. 1500
Woodland Hills, CA 91367

Puya Partow
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Robert Ni & Michael Ni
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Patricia Mahaffey
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Pacific Property Consultants
15330 Avenue of Science
San Diego, CA 92128

Platinum Publications
654 N. Sepulveda Blvd., Ste. 5
Los Angeles, CA 90049

Maria Ramos
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Los Angeles Community College Dist
c/o Morton Rosen, Esq.
Haight, Brown & Bonesteel
6080 Center Drive, Ste. 800
Los Angeles, CA 90045

Los Angeles City Attorney's Office
Attn: Wendy Loo, Esq.
200 North Main St., Ste. 920
Los Angeles, CA 90012

Spectra Company
433 W. Allen Avenue, Suite 111
San Dimas, CA 91773
**Address change; see below**

SRS Fire Protection, Inc.
6829 Canoga Avenue #2
Canoga Park, CA 91303
**Address change per claim filed; see below**

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-0001

Stevenson Systems, Inc
27822 El Lazo Road
Laguna Niguel, CA 92677

Stuart Dean Company
204 Stonehinge Ln
PO Box 363
Carle Place, NY 11514

T. Larry Watts, Esq.
2029 Century Park East, #3300
Los Angeles, CA 90067

Thermalair
1140 Red Gum Street
Anaheim, CA 92806

Thyssenkrupp Elevator, Inc.
6087 Triangle Drive
Los Angeles, CA 90040
**Address change per claim filed;
See below**

Tima Winter, Inc.
900 E. First Street
Unit 314
Los Angeles, CA 90012

Trench Plate Services
13217 Laureldale Avenue
Downey, CA 90242

V.G.I. Corporation
5508 S. Santa Fe Avenue
Vernon, CA 90058

Virdi Power, Inc.
965 Decatur Avenue
Ventura, CA 93004

West Coast Doors
12001 Woodruff Avenue
Unit A
Downey, CA 90241
**Address change per claim filed; see below**

Weste Group - West, Inc.
dba Sub-Zero Wolf
145 W. 134th Street
Los Angeles, CA 90061

William D Schuster, Esq.
2122 N. Broadway
Santa Ana, CA 92706

Wrightway Construction, Inc.
1070 E. Dominguez St., Suite A
Carson, CA 90746
**Address change per claim filed;
See below**

Yashouafar, M. Aaron
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Raymond
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Rodney
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Solyman
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Ace Concrete Cutting
7200 Vineland Ave., Unit 22
Sun Valley, CA 91352-5079

DMF Lighting
1118 E 223rd Street
Carson, CA 90745-4210

Southland Exterior Building Svcs
27881 La Paz Rd., Ste G
Laguna Niguel, CA 92677-3933
**Address change per claim filed; see below**

Spectra Company
2510 Supply Street
Pomona, CA 91767-2113
**Address change per claim filed; see below**

Allsale Electric
c/o Abdulaziz, Grossbart & Rudman
Attn: Kenneth S. Grossbart
PO. Box 15458
North Hollywood, CA 91615-5458

EJ Reyes Corp dba EJR Door Div
Meyer S. Levitt Esq
10880 Wilshire Blvd., Ste 1101
Los Angeles, CA 90024-4112.

HD Supply Construction Supply
c/o Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706

Muir-Chase Plumbing Co.
Attn: Don Chase
4530 Brazil Street
Los Angeles, CA 90039
**Address change per claim filed; see below**

Prescott Companies
Attn: Bill Beasley
5966 La Place Court, Suite 170
Carlsbad, CA 92008

City of Los Angeles,
Dept of Water & Power
Attn: Bankruptcy
PO Box 51111
Los Angeles, CA 90051-5700

Mansoor, Solomon
727 W. 7th Street, Unit 502
Los Angeles, CA 90017

McDowell Scheduling
23232 Peralta Drive
Laguna Hills, CA 92653

Meyer S. Levitt, Esq.
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024

Milbank Holding Corp.
dba Milbank Real Estate Services
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Muir-Chase Plumbing Co.
1940 Gardena Avenue
Glendale, CA 91204
Incorrect address – see below

New World West
940 Challenger Street
Brea, CA 92821

Night, Allan & Leyva, Michael L.
2632 W. Beverly Blvd.
Montebello, CA 90640

On Demand Printing
1888 S. Sepulveda Blvd.
Los Angeles, CA 90025

Orco Construction Supply
477 N. Canyons Parkway, #A
Livermore, CA 94551

Park Place Signs
21024 Ladeene Avenue
Torrance, CA 90503

Parking Automation Systems, Inc.
1010 Arlee Place
Anaheim, CA 92805

Patrick Duffy
725 S. Figueroa St., #3200
Los Angeles, CA 90017

Pepper Development Services
500 Greenbay Road
Highland Park, IL 60035

Pfinish Koncepts Inc.
dba Stonecraft Enterprise
2820 N. San Fernando Blvd.
Burbank, CA 91504

Plant Connection
5767 Hillview Park Avenue
Van Nuys, CA 91401

Platinum Publications
645 N. Speulveda Blvd., Suite 8
Los Angeles, CA 90049
Address correction per claim filed; see below

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

Purcell Murray Builder Sales Co.
2341 Jefferson Street, Suite 200
San Diego, CA 92110

Quality Built
15330 Avenue of Science
San Diego, CA 92128

Reycon Construction, Inc.
1795 Lemonwood Drive
Santa Paula, CA 93061

Robert M. Binam, Esq.
200 S. Main Street, #200
Corona, CA 92882

Robert Smylie & Associates
2049 Century Park East, Suite 4250
Los Angeles, CA 90067

Robertson's Ready Mix
PO Box 3600
Corona, CA 92878
Address change per claim filed;
See below

Roosevelt Lofts Homeowners Assn.
727 W. 7th Street
Los Angeles, CA 90017

Ryan K. Hirota, Esq.
PO Box 19694
Irvine, CA 92623

Schafer's Parking Lot Services
7237 Somerset Boulevard
Paramount, CA 90273

Siemens Building Technologies, inc.
10775 Business Center Drive
Cypress, CA 90630
Address change per claim filed; see below

Simon Media Company
420 Beirut Avenue
Pacific Palisades, CA 90272

Simpson, Gumpertz & Heger
41 Seyon St., Bdg. 1
Ste. 500
Waltham, MA 02453

Southland Exterior Building Svcs
9582 Hamilton Avenue #166
Huntington Beach, CA 92646
Address change; see below

Justin Patwin
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Infinity Metals
c/o Theodore A. Anderson
690 S. Brea Blvd
Brea, CA 92821

Herbert Alfred Mayer
5360 Willow Oak St
Simi Valley, CA 93065-4591

David Shafer
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Brian Dougherty
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Asphalt Management
Law Ofcs Howard Goodman
18321 Ventura Blvd., Ste 915
Tarzana, CA 91356

Bank of America
c/o Daniel H. Slate, Esq.
Buchalter, Nemer et al
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017

Allen Amamoto
c/o Kay Jin
3700 Wilshire Blvd., Ste. 940
Los Angeles, CA 90010

Kenmore Consultants LLC
William Beasley CFO
5966 La Place Court, Ste. 180
Carlsbad, CA 92008

Joe Salerno & Adrienne Salerno
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Eric Spamer
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Dennis Stapleton
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Brian Young
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Alan & Anna Clark
c/o Alan B. Clark
Latham & Watkins
355 S. Grand Ave.
Los Angeles, CA 90071-1560

Yana A Lisetsky
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Kultur Flooring USA Inc
Sheets & Associates
9650 Brewerton Rd.
PO Box 820
Brewerton, NY 13029

Ha Bin Kang
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Gary Glass & David Tsao
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

ACCO Engineered Systems
c/o Dale A. Ortmann, Esq.
Hunt, Ortmann et al.
301 North Lake Ave., 7th Floor
Pasadena, CA 91101

Killefer Flamming Architects
c/o Brandon Witkow, Esq
Locke, Lord, et al.
300 S. Grand Ave., Ste. 2600
Los Angeles, CA 90071

700 Wilshire Properties
c/o Jeffrey L. Licht Esq
Jeffrey Licht & Associates
1875 Century Park East, Ste. 600
Los Angeles, CA 90067

Susan B. McGee & Laura S. McGee
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

# EXHIBIT B

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11
1:09-14214-GM |
|---|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as *EX PARTE* **APPLICATION FOR ORDER
SHORTENING TIME ON NOTICE FOR HEARING ON MOTION FOR ORDER AUTHORIZING
DEBTOR TO (A) CONDUCT A PUBLIC AUCTION OF, AND SELL CERTAIN CONDOMINIUM
UNITS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B)
EMPLOY KENNEDY WILSON AUCTION GROUP INC. AS AUCTIONEER; DECLARATIONS OF M.
AARON YASHOUAFAR AND RICHARD WINCHELL IN SUPPORT THEREOF** will be served or was
served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner
indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On December 24, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

- John B Acierno    ecfcacb@pitezduncan.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- Steven R Fox    emails@foxlaw.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Ian Landsberg    ilandsberg@lm-lawyers.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Daniel H Slate    dslate@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemla
  w.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Brandon J Witkow    bwitkow@lockelord.com
- Aimee Y Wong    aywong@mckennalong.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On December 24, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
|-------|----------------------|------------|------------|
|       |                      |            | 1:09-14214-GM |

first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**By overnight mail:**
**All creditors and interested parties**
**(See attached)**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 24, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**By attorney service:**
Honorable Geraldine Mund
21041 Burbank Blvd.
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| December 24, 2009 | Marguerite Hardin | /s/ Marguerite Hardin |
|-------------------|-------------------|------------------------|
| *Date* | *Type Name* | *Signature* |

Roosevelt Lofts
RSN

Roosevelt Lofts, LLC
c/o Mr. M. Aaron Yashouafar, President
Roosevelt Lofts, Inc.
16661 Ventura Blvd., #600
Encino, CA 91436

U.S. Trustee
Attn:  S Margaux Ross, Esq.
21051 Warner Ctr Ln Ste 115
Woodland Hills, CA 91367

**Counsel for Ryan Anderson, et al.**
Gary Owen Caris, Esq.
McKenna, Long & Aldridge LLP
444 South Flower St., 8th Floor
Los Angeles, CA 90071

**Counsel for HD Supply Construction**
William D. Schuster, Esq.
Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706-2614

Homan Taghdiri, Esq.
**Milbank**
660 S. Figueroa St., 24th Floor
Los Angeles, CA 90017

**Counsel for Siemens Bldg Tech., Inc.**
Benjamin R. Trachtman, Esq.
Trachtman & Trachtman
27401 Los Altos, Suite 300
Mission Viejo, Ca 92691

**Counsel for Bank of America**
Daniel H. Slate, Esq.
Buchalter, Nemer
1000 Wilshire Blvd., Ste 1500
Los Angeles, CA 90017

Counsel for Sidney Alter dba Alter Electric
Bruce D. Rudman, Esq.
Abdulaziz, Grossbart & Rudman
PO Box 15458
North Hollywood, CA 91615

Herbert Alfred Mayer
5360 Willow Oak Street
Simi Valley, CA 93063-4591

L.A. County Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

**Counsel for Infiniti Metals**
Law Ofcs Theodore A. Anderson
690 S. Brea Blvd.
Brea, CA 92821

**Counsel for VGI**
Patrick J. Duffy III
Andrew W Hawthorne
Monteleone & McCrory
725 S. Figueroa St., Ste. 3200
Los Angeles, CA 90017

Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Ste. 470
Encino, CA 91436

**Counsel for ThyssenKrupp Elevator**
William C. Hernquist II
Wallace H. Sweet
8407 La Mesa Blvd.
La Mesa, CA 91942

**Committee Member**
Kuetar Flooring
Attn:  Joseph Kember/Ed Sheats
2 Innovation Drive
Renfrew
Ontario, **CANADA** K7V4B1

**Committee Member**
Bontempi USA
Attn:  Yeujye Chen
8919 Beverly Blvd.
West Hollywood, CA 90048

**Committee Member**
A American Custom Flooring
Attn:  Richard S. Lauter
311 S. Wacker Drive
Chicago, IL 60066

**Counsel for American Gunite, Inc.**
Varand Gourjian, Esq.
Gourjian Law Group
100 N. Brank Blvd., Sixth Floor
Glendale, CA 91203

David Sherwood
CEO
Daniel's Jewelers
PO Box 3750
Culver City, CA 90231

Alan B. Clark
Latham & Watkins LLP
355 S. Grand Ave
Los Angeles, CA 90071
**Withdrawal of RSN filed 11-10-09**

**Counsel to Bank of America**
Seyfarth Shaw LLP
T. Larry Watts, Eric B. von Zeipel
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

Attorney for Canon Financial Svcs
Scott H. Marcus & Associates
121 Johnson Road
Turnersville, NJ 08012

Fred S. Pardes, Esq.
LAW OFFICES OF FRED S. PARDES
A Professional Corporation
34211 Pacific Coast Highway, Suite 103
Dana Point, Ca. 92629

Maria Stark
Hypothesis
811 West 7th St., Ste. 600
Los Angeles, CA 90017

Greg Sinderbrand, Esq.
Borba, Inc.
21700 Oxnard St Ste 1850
Woodland Hills, CA 91367

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

Roosevelt Lofts, LLC
660 S. Figueroa Street
24th Floor
Los Angeles, CA 90017

**MML UPDATED 11/25/09
THROUGH CLAIM NO. 88**

U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

24/7 Fire Services
12540 E. Slauson Avenue, Unit C
Santa Fe Springs, CA 90670

944 Media
4253 N. Scottsdale Road
Scottsdale, AZ 85251

A Fence Company, Inc.
15205 Carretera Drive
Whittier, CA 90605

A-American Flooring
7777 N. Caldwell Avenue
Niles, IL 60714

AB California Acquisition Corp.
dba Acoustical Material Services
10200 S. Pioneer Blvd., #500
Santa Fe Springs, CA 90670

Accent Refinishing Company
PO Box 2494
Sun City, AZ 85374

~~AGCO Engineering Systems~~
~~6265 San Fernando Road~~
~~Glendale, CA 91201~~
**Change per claim filed**

Accoustical Construction, Inc.
10121 Stonehurst Avenue
Sun Valley, CA 91352

~~Ace Concrete Cutting, Inc.~~
~~8965 Herrick Avenue~~
~~Sun Valley, CA 91352~~
~~Address change; see below~~

Ace Parking Services
645 Ash Street
San Diego, CA 92101

Addison Pools, Inc.
10835 Magnolia Boulevard
North Hollywood, CA 91601

Alan J. Carnegie, Esq.
23975 Park Sorrento, #227
Calabasas, CA 91302

~~Allcale Electric Inc.~~
~~7950 Deering Avenue~~
~~Canoga Park, CA 91304~~
**Represented by counsel; see below**

Alter Electric Company
c/o Abdulaziz, Grossbart & Rudman
6454 Coldwater Canyon Ave
North Hollywood, CA 91606

American Demolition/Concrete
Cutting, Inc.
620 Poinsettia Street
Santa Ana, CA 92701

American Gunite, Inc.
5042 Wilshire Blvd., Suite 496
Los Angeles, CA 90036

Arrow
7635 Burnet Avenue
Van Nuys, CA 91405

B&N Industries, Inc.
1409 Chapin Avenue, 2nd Floor
Burlingame, CA 94010

~~Bank of America, N.A.~~
~~333 S. Hope Street, 11th Floor~~
~~Los Angeles, CA 90071~~
**Change per claim filed; see below**

Barlava, Simon
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Bazik Electrical
714 N. Howard Stret, Unit G
Glendale, CA 91206

Beard Hobbs, Esq
7844 La Mesa Blvd
La Mesa, CA 91941

Bontempi USA
8919 Beverly Boulevard
West Hollywood, CA 90048

Bradley A. Raisin
16055 Ventura Blvd., #601
Encino, CA 91436

Brewster Marble Co., Inc
11818 Glenoaks Blvd.
San Fernando, CA 91340

Buchalter Nemer
Attn: Daniel H. Slate, Esq.
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

~~Cal Systems~~
~~7941 Hazeltine Avenue~~
~~Panorama City, CA 91402~~
**Address change per p/o – see below**

Heather M. Kadeg, Esq.
30423 Canwood St , #151
Agoura Hills, CA 91301

Henri Specialties
4225 Prado Road
Unit 102
Corona, CA 92880

Henry Worth LLC
421 Broadway
Attn: Curtis Fentress
Denver, CO 80203

Herbert Hayden, Esq.
40931 Fremont Blvd
Fremont, CA 94538

~~Infinity Metal~~
~~2081 E. Lambert Road~~
~~La Habra, CA 90631~~
**Change per claim filed; see below**

Insul-Flow, Inc.
1911 N. Fine
Fresno, CA 93727

Integrity Builders West, Inc.
25942 Via Marejada
Mission Viejo, CA 92691

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Irish Communication Company
2649 Stingle Avenue
Rosemead, CA 91770

Ives, Kirwan & Dibble
660 S. Figueroa Street, Suite 1990
Los Angeles, CA 90017

~~J.J. Little, Esq.~~
~~1516 S. Bundy Dr., #312~~
~~Los Angeles, CA 90025~~
**Address change per claim filed; see below**

J.W. Kelly Consulting
1373 Keniston Avenue
Los Angeles, CA 90019

Kadima Security Services, Inc.
660 S. Figueroa St.
Suite 1880
Los Angeles, CA 90017

Ken Mar Consultants
5966 La Place Court, Suite 180
Carlsbad, CA 92008

Kessler & Kessler
1800 Avenue of the Stars. Suite 400
Los Angeles, CA 90067

Keyboard Concepts, Inc.
5600 Van Nuys Blvd.
Van Nuys, CA 91401

~~Killefer Flammang Architects~~
~~1625 Olympic Blvd.~~
~~Santa Monica, CA 90404~~
**Change per claim filed; see below**

~~Kultur Flooring USA, Inc.~~
~~7777 N. Caldwell Avenue~~
~~Niles, IL 60714~~
**Address change per claim filed; see belo**

LA Commercial Group, Inc. dba
Continental Commercial Group
317 S. Brand Blvd.
Glendale, CA 91204

Law Offices of H. Joseph Nourmand
660 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Leonard, Gary
1539 Curran Street
Los Angeles, CA 90026

Lewis & Associates
3440 Wilshire Blvd., Suite 1215
Los Angeles, CA 90010

Lightworks
3911 E. La Palma Ave.
Suite G
Anaheim, CA 92807

Los Angeles Conservancy
Attn:  Mike Buhler Esq.
523 West 6th Street, Suite 826
Los Angeles, CA 90014

~~Los Angeles County Tax Collector~~
~~P.O. Box 54018~~
~~Los Angeles, CA 90054~~
**Address change per claim filed; see below**

Los Angeles Dept. of Bldg. & Safety
201 N. Figueroa Street
Los Angeles, CA 90012

Los Angeles Downtown News
1264 W. First Street
Los Angeles, CA 90026

Los Angeles Fire Department
200 N. Main Street
Los Angeles, CA 90012

Los Angeles Magazine
5900 Wilshire Blvd., 10th Floor
Los Angeles, CA 90036

Lynn Safety, Inc.
367 Civic Drive, Suite 8
Pleasant Hill, CA 94523

Cal-State Steel Corporation
1801 W. Compton Blvd.
Compton, CA 90220

Century Shower Doors
20100 S. Normandie Avenue
Torrance, CA 90502

Chase Construction, Inc.
1825 Pandora Avenue
Los Angeles, CA 90025

City of Los Angeles Public Works
200 N. Spring Street, Room 967
Los Angeles, CA 90012

Commercial Glass Company
1577 Tierra Rejada Rd.
Simi Valley, CA 93065

Commercial Scaffolding of CA, Inc.
14732 S. Maple Avenue
Gardena, CA 90248

CraneNetics, Inc.
4780 Cheyenne Way
Chino, CA 91710

Crenshaw Lumber
424 Pico Boulevard
Santa Monica, CA 90405

David J. Barnier, Esq.
2341 Jefferson St., #200
San Diego, CA 92110

Davis Langdon
301 Arizona Avenue
Santa Monica, CA 90401

Denise H. Field, Esq.
333 Market Street, 25th Floor
San Francisco, CA 94105

Dewey Pest Control
3711 Beverly Blvd.
Los Angeles, CA 90004

Digital Express
6404 Wilshire Blvd., Suite 105
Los Angeles, CA 90048

~~DMF Lighting~~
~~5221 W. Jefferson Boulevard~~
~~Los Angeles, CA 90016~~
**Address change; see below**

Donald Dickerson & Associates
6840 Havenhurst Avenue
Van Nuys, CA 91406

Dunn-Edwards Corporation
4885 E. 52nd Place
Los Angeles, CA 90040

E. Leonard Fruchter
1609 Cravens Avenue
Torrance, CA 90501

EFCO Corporation
1290 Carbide Drive
Corona, CA 92881

~~EJ Reyes Corp.~~
~~6328 Roundhill Drive~~
~~Whittier, CA 90601~~
**ADDRESS CHANGE PER CLAIM;
SEE BELOW**

Encino Corporate Plaza, L.P.
c/o Milbank Real Estate Services
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Excel Building Services
P.O. Box 1089
San Jose, CA 95108

Fathi, Haleh Holly
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Franchise Tax Board
Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Frank's Disposal
PO Box 4271
Sunland, CA 91041

Fred S. Pardes, Esq.
43211 Pacific Coast Hwy, #103
Dana Point, CA 92629

General Coating
9349 Feron Blvd.
Alhambra, CA 91801

Glendale Plumbing & Fire Supply
11120 Sherman Way
Sun Valley, CA 91352

Gorgeous Magazine
11684 Ventura Blvd.
Studio City, CA 91604

GRIF-FAB Corporation
5350 Newport Street
Commerce City, CO 80022

~~HD Supply / White Cap~~
~~Construction Supply~~
~~P.O. Box 1770~~
~~Costa Mesa, CA 92626~~
**Address change per claim; see below**

Brandon Witkow
Locke Lord Bissell & Liddell LLP
300 S. Grand Ave., Ste. 2600
Los Angeles, CA 90071

The Gas Company
Mass Markets Credit & Collections
PO Box 30337
Los Angeles, CA 90030-0337

Muir Chase Plumbing Co.
c/o Law Ofcs of David A. Tilem
206 N. Jackson Street, Ste 201
Glendale, CA 91206

Wrightway Construction, Inc.
c/o W. Randall Sgro, Esq.
1609 Cravens Ave.
Torrance, CA 90501

Spectra Company
c/o Attorney Beard Hobbs
7844 La Mesa Blvd.
La Mesa, CA 91942

Southland Exterior Building Svcs, Inc.
34211 Pacific Coast Highway
Suite 103
Dana Point, CA 92629

Robertson's Ready Mx Ltd
c/o Law Ofcs Robert M. Binum
200 S. Main Street, Ste. 200
Corona, CA 92878

SRS Fire Protection
c/o Marc Weinberg, Esq.
6320 Canoga Ave., Ste. 1500
Woodland Hills, CA 91367

Patricia Mahaffey
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Maria Ramos
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

J.J. Little, Esq.
11500 West Olympic Blvd.
Ste. 360
Los Angeles, CA 90064

Robert Woodcock Plumbing
18968 Hatteras St
Tarzana, CA 91356

Cal Systems
19559 Los Alimos Street
Porter Ranch, CA 91326-2220

Trevor Keith McCarthy Smith
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Steven Dornbusch
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Sabrina Idroos
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Ryan Anderson, et al.
c/o McKenna, Long & Aldridge
444 S. Flower St, 8th Floor
Los Angeles, CA 90071

Puya Partow
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Pacific Property Consultants
15330 Avenue of Science
San Diego, CA 92128

Los Angeles Community College Dist
c/o Morton Rosen, Esq.
Haight, Brown & Bonesteel
6080 Center Drive, Ste. 800
Los Angeles, CA 90045

LA County Treasurer &
Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

West Coast Doors
9086 Rosecrans Ave
Bellflower, CA 90706

Yana A. Lisetsky
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Thyssenkrupp Elevator Corp.
c/o William C. Hernquiset II
2404 Broadway, 2nd Floor
San Diego, CA 92102

Susan B. McGee & Laura S. McGee
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Scott H. Marcus & Associates
121 Johnson Rd.
Turnersville, NJ 08012

Siemens Bldg Technologies
c/o Benjamin Trachtman
27401 Los Altos, #300
Mission Viejo, CA 92691

Robert Ni & Michael Ni
c/o McKenna, Long & Aldridge
444 S. Flower St, 8th Floor
Los Angeles, CA 90071

Platinum Publications
654 N. Sepulveda Blvd., Ste. 5
Los Angeles, CA 90049

Los Angeles City Attorney's Office
Attn: Wendy Loo, Esq.
200 North Main St., Ste. 920
Los Angeles, CA 90012

Spectra Company
433 W. Allen Avenue, Suite 111
San Dimas, CA 91773
**Address change; see below**

SRS Fire Protection, Inc.
6829 Canoga Avenue #2
Canoga Park, CA 91303
**Address change per claim filed; see below**

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-0001

Stevenson Systems, Inc.
27822 El Lazo Road
Laguna Niguel, CA 92677

Stuart Dean Company
204 Stonehinge Ln
PO Box 363
Carle Place, NY 11514

T. Larry Watts, Esq.
2029 Century Park East, #3300
Los Angeles, CA 90067

Thermalair
1140 Red Gum Street
Anaheim, CA 92806

Thyssenkrupp Elevator, Inc.
6087 Triangle Drive
Los Angeles, CA 90040
**Address change per claim filed;
See below**

Tima Winter, Inc.
900 E. First Street
Unit 314
Los Angeles, CA 90012

Trench Plate Services
13217 Laureldale Avenue
Downey, CA 90242

V.G.I. Corporation
5508 S. Santa Fe Avenue
Vernon, CA 90058

Virdi Power, Inc.
965 Decatur Avenue
Ventura, CA 93004

West Coast Doors
12001 Woodruff Avenue
Unit A
Downey, CA 90241
**Address change per claim filed; see below**

Weste Group – West, Inc.
dba Sub-Zero Wolf
145 W. 134th Street
Los Angeles, CA 90061

William D. Schuster, Esq.
2122 N. Broadway
Santa Ana, CA 92706

Wrightway Construction, Inc.
1070 E. Dominguez St., Suite A
Carson, CA 90746
**Address change per claim filed;
See below**

Yashouafar, M. Aaron
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Raymond
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Rodney
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Solyman
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Ace Concrete Cutting
7200 Vineland Ave., Unit 22
Sun Valley, CA 91352-5079

DMF Lighting
1118 E 223rd Street
Carson, CA 90745-4210

Southland Exterior Building Svcs
27881 La Paz Rd., Ste G
Laguna Niguel, CA 92677-3933
**Address change per claim filed; see below**

Spectra Company
2510 Supply Street
Pomona, CA 91767-2113
**Address change per claim filed; see belw**

Allsale Electric
c/o Abdulaziz, Grossbart & Rudman
Attn: Kenneth S Grossbart
PO. Box 15458
North Hollywood, CA 91615-5458

EJ Reyes Corp dba EJR Door Div
Meyer S. Levitt Esq
10880 Wilshire Blvd., Ste 1101
Los Angeles, CA 90024-4112.

HD Supply Construction Supply
c/o Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706

Muir-Chase Plumbing Co.
Attn: Don Chase
4530 Brazil Street
Los Angeles, CA 90039
**Address change per claim filed; see below**

Prescott Companies
Attn: Bill Beasley
5966 La Place Court, Suite 170
Carlsbad, CA 92008

City of Los Angeles,
Dept of Water & Power
Attn: Bankruptcy
PO Box 51111
Los Angeles, CA 90051-5700

Mansoor, Solomon
727 W. 7th Street, Unit 502
Los Angeles, CA 90017

Milbank Holding Corp.
dba Milbank Real Estate Services
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Night, Allan & Leyva, Michael L.
2632 W Beverly Blvd.
Montebello, CA 90640

Park Place Signs
21024 Ladeene Avenue
Torrance, CA 90503

Pepper Development Services
500 Greenbay Road
Highland Park, IL 60035

Platinum Publications
645 N. Speulveda Blvd., Suite 8
Los Angeles, CA 90049
**Address correction per claim filed; see below**

Quality Built
15330 Avenue of Science
San Diego, CA 92128

Robert Smylie & Associates
2049 Century Park East, Suite 4250
Los Angeles, CA 90067

Ryan K. Hirota, Esq.
PO Box 19694
Irvine, CA 92623

Simon Media Company
420 Beirut Avenue
Pacific Palisades, CA 90272

McDowell Scheduling
23232 Peralta Drive
Laguna Hills, CA 92653

Muir Chase Plumbing Co.
1940 Gardena Avenue
Glendale, CA 91204
**Incorrect address – see below**

On Demand Printing
1888 S. Sepulveda Blvd.
Los Angeles, CA 90025

Parking Automation Systems, Inc.
1010 Arlee Place
Anaheim, CA 92805

Pfinish Koncepts Inc.
dba Stonecraft Enterprise
2820 N. San Fernando Blvd.
Burbank, CA 91504

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

Reycon Construction, Inc.
1795 Lemonwood Drive
Santa Paula, CA 93061

Robertson's Ready Mix
PO Box 3600
Corona, CA 92878
**Address change per claim filed;
See below**

Schafer's Parking Lot Services
7237 Somerset Boulevard
Paramount, CA 90273

Simpson, Gumpertz & Heger
41 Seyon St., Bdg. 1
Ste. 500
Waltham, MA 02453

Meyer S. Levitt, Esq.
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024

New World West
940 Challenger Street
Brea, CA 92821

Orco Construction Supply
477 N. Canyons Parkway, #A
Livermore, CA 94551

Patrick Duffy
725 S. Figueroa St., #3200
Los Angeles, CA 90017

Plant Connection
5767 Hillview Park Avenue
Van Nuys, CA 91401

Purcell Murray Builder Sales Co.
2341 Jefferson Street, Suite 200
San Diego, CA 92110

Robert M. Binam, Esq.
200 S. Main Street, #200
Corona, CA 92882

Roosevelt Lofts Homeowners Assn
727 W. 7th Street
Los Angeles, CA 90017

Siemens Building Technologies, Inc
10775 Business Center Drive
Cypress, CA 90630
**Address change per claim filed; see below**

Southland Exterior Building Svcs
9582 Hamilton Avenue #166
Huntington Beach, CA 92646
**Address change; see below**

Justin Parwin
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Infinity Metals
c/o Theodore A. Anderson
690 S. Brea Blvd.
Brea, CA 92821

Herbert Alfred Mayer
5360 Willow Oak St
Simi Valley, CA 93065-4591

David Shafer
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Brian Dougherty
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Asphalt Management
Law Ofcs Howard Goodman
18321 Ventura Blvd., Ste 915
Tarzana, CA 91356

Bank of America
c/o Daniel H. Slate, Esq.
Buchalter, Nemer et al
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017

Allen Amamoto
c/o Kay Jin
3700 Wilshire Blvd., Ste. 940
Los Angeles, CA 90010

Kenmore Consultants LLC
William Beasley CFO
5966 La Place Court, Ste. 180
Carlsbad, CA 92008

Joe Salerno & Adrienne Salerno
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Eric Spamer
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Dennis Stapleton
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Brian Young
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Alan & Anna Clark
c/o Alan B. Clark
Latham & Watkins
355 S. Grand Ave.
Los Angeles, CA 90071-1560

Yana A Lisetsky
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Kultur Flooring USA Inc
Sheets & Associates
9650 Brewerton Rd.
PO Box 820
Brewerton, NY 13029

Ha Bin Kang
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Gary Glass & David Tsao
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

ACCO Engineered Systems
c/o Dale A. Ortmann, Esq.
Hunt, Ortmann et al.
301 North Lake Ave., 7th Floor
Pasadena, CA 91101

Killefer Flamming Architects
c/o Brandon Witkow, Esq.
Locke, Lord, et al.
300 S. Grand Ave., Ste. 2600
Los Angeles, CA 90071

700 Wilshire Properties
c/o Jeffrey L. Licht Esq
Jeffrey Licht & Associates
1875 Century Park East, Ste. 600
Los Angeles, CA 90067

Susan B. McGee & Laura S. McGee
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

# EXHIBIT C

1  DAVID L. NEALE (SBN 141225)
   JULIET Y. OH (SBN 211414)
2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: dln@lnbrb.com; jyo@lnbrb.com

6  Attorneys for Chapter 11 Debtor and
7  Debtor in Possession

8            UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10           SAN FERNANDO VALLEY DIVISION

11

12  In re                              )  Case No. 1:09-bk-14214-GM
                                        )
13  ROOSEVELT LOFTS, LLC, a Delaware    )  Chapter 11
    limited liability company,          )
14                                      )  NOTICE OF HEARING ON MOTION
                                        )  FOR ORDER AUTHORIZING DEBTOR
15              Debtor.                  )  TO (A) CONDUCT A PUBLIC AUCTION
                                        )  OF, AND SELL CERTAIN
16                                      )  CONDOMINIUM UNITS, FREE AND
                                        )  CLEAR OF ALL LIENS, CLAIMS,
17                                      )  INTERESTS AND ENCUMBRANCES;
                                        )  AND (B) EMPLOY KENNEDY WILSON
18                                      )  AUCTION GROUP INC. AS
                                        )  AUCTIONEER
19                                      )
20                                      )  Date:   January 7, 2010
                                        )  Time:   10:00 a.m.
21                                      )  Place:  Courtroom "303"
                                        )          21041 Burbank Boulevard
22                                      )          Woodland Hills, CA 91367
                                        )
23                                      )
                                        )
24                                      )
                                        )
25                                      )

26

27

28

                                    1

1    **PLEASE TAKE NOTICE** that, based upon the *ex parte* application filed by

2    Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor and debtor in

3    possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), for an order

4    shortening time on notice for hearing on the Debtor's *"Notice Of Motion And Motion For*

5    *Order Authorizing Debtor To (A) Conduct A Public Auction Of, And Sell, Certain*

6    *Condominium Units, Free And Clear Of All Liens, Claims, Interests And Encumbrances; And*

7    *(B) Employ Kennedy Wilson Auction Group Inc. As Auctioneer"* (the "Auction Motion"), the

8    Court has set a hearing to consider the Auction Motion on January 7, 2010 at 10:00 a.m.,

9    before the Honorable Geraldine Mund, United States Bankruptcy Judge, in Courtroom "303"

10    in the United States Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills,

11    California.

12    Any opposition to the Auction Motion must be filed with the Court and served upon

13    counsel for the Debtor by 12:00 **p.m. (PST)** on Tuesday, January 5, 2010, with a courtesy copy

14    delivered to Court chambers.

15    Any reply to any opposition to the Auction Motion must be filed with the Court up to the

16    time of the hearing on the Auction Motion. A courtesy copy of any written reply shall be delivered

17    to Court chambers.

18    Dated: December 29, 2009              ROOSEVELT LOFTS, LLC

19

20                                                    By: _____

21                                                          DAVID L. NEALE
                                                          JULIET Y. OH

22                                                          LEVENE, NEALE, BENDER, RANKIN
                                                          & BRILL L.L.P.

23                                                          Attorneys for Chapter 11 Debtor and
                                                          Debtor in Possession

24

25

26

27

28

2

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
|-------|----------------------|------------|------------|
|       |                      |            | 1:09-14214-GM |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **NOTICE OF HEARING ON MOTION FOR ORDER AUTHORIZING DEBTOR TO (A) CONDUCT A PUBLIC AUCTION OF, AND SELL CERTAIN CONDOMINIUM UNITS, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B) EMPLOY KENNEDY WILSON AUCTION GROUP INC. AS AUCTIONEER** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 29, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

John B Acierno    ecfcacb@piteduncan.com

Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- Steven R Fox    emails@foxlaw.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Ian Landsberg    ilandsberg@lm-lawyers.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Daniel H Slate    dslate@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Brandon J Witkow    bwitkow@lockelord.com
- Aimee Y Wong    aywong@mckennalong.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **December 29, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

### By U.S. mail:

#### All creditors and interested parties
#### (See attached)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009      F 9013-3.1

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11<br>1:09-14214-GM |
|-------|----------------------|------------|-----------------------------|

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 29, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**By attorney service:**
Honorable Geraldine Mund
21041 Burbank Blvd.
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 29, 2009 | Marguerite Hardin | /s/ Marguerite Hardin |
|-------------------|-------------------|-----------------------|
| *Date* | *Type Name* | *Signature* |

Roosevelt Lofts
RSN

Roosevelt Lofts. LLC
c/o Mr. M. Aaron Yashouafar. Preside
Roosevelt Lofts, Inc.
16661 Ventura Blvd., #600
Encino, CA 91436

U.S. Trustee
Attn: S Margaux Ross, Esq.
21051 Warner Ctr Ln Ste 115
Woodland Hills, CA 91367

**Counsel for Ryan Anderson, et al.**
Gary Owen Carls, Esq.
McKenna, Long & Aldridge LLP
444 South Flower St., 6th Floor
Los Angeles, CA 90071

**Counsel for HD Supply Construction**
William D. Schuster, Esq
Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706-2614

Homan Taghdiri, Esq.
**Milbank**
660 S. Figueroa St., 24th Floor
Los Angeles, CA 90017

**Counsel for Siemens Bldg Tech., inc.**
Benjamin R. Trachtman, Esq.
Trachtman & Trachtman
27401 Los Altos, Suite 300
Mission Viejo, Ca 92691

**Counsel for Bank of America**
Daniel H. Slate, Esq.
Buchalter, Nemer
1000 Wilshire Blvd., Ste 1500
Los Angeles, CA 90017

**Counsel for Sidney Alter dba Alter Electric**
Bruce D. Rudman, Esq.
Abdulaziz, Grossbart & Rudman
PO Box 15458
North Hollywood, CA 91615

Herbert Alfred Mayer
5360 Willow Oak Street
Simi Valley, CA 93063-4591

L.A. County Treasurer and Tax Collecto
PO Box 54110
Los Angeles, CA 90054-0110

**Counsel for Infiniti Metals**
Law Ofcs Theodore A. Anderson
690 S. Brea Blvd.
Brea, CA 92821

**Counsel for VGI**
Patrick J. Duffy III
Andrew W Hawthorne
Monteleone & McCrory
725 S. Figueroa St., Ste. 3200
Los Angeles, CA 90017

Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Ste. 470
Encino, CA 91436

**Counsel for ThyssenKrupp Elevator**
William C. Hernquist II
Wallace H. Sweet
8407 La Mesa Blvd.
La Mesa, CA 91942

**Committee Member**
Kuetar Flooring
Attn: Joseph Kember/Ed Sheats
2 Innovation Drive
Renfrew
Ontario, **CANADA** K7V4B1

**Committee Member**
Bontempi USA
Attn: Yeujve Chen
8919 Beverly Blvd.
West Hollywood, CA 90048

**Committee Member**
A American Custom Flooring
Attn: Richard S. Lauter
311 S. Wacker Drive
Chicago, IL 60066

**Counsel for American Gunite, Inc.**
Varand Gourjian, Esq.
Gourjian Law Group
100 N. Brank Blvd., Sixth Floor
Glendale, CA 91203

David Sherwood
CEO
Daniel's Jewelers
PO Box 3750
Culver City, CA 90231

~~Alan B. Clark~~
~~Latham & Watkins LLP~~
~~355 S. Grand Ave~~
~~Los Angeles, CA 90071~~
**Withdrawal of RSN filed 11-10-09**

**Counsel to Bank of America**
Seyfarth Shaw LLP
T. Larry Watts, Eric B. von Zeipel
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

Attorney for Canon Financial Svcs
Scott H. Marcus & Associates
121 Johnson Road
Turnersville, NJ 08012

Fred S. Pardes, Esq.
LAW OFFICES OF FRED S. PARDES
A Professional Corporation
34211 Pacific Coast Highway, Suite 103
Dana Point, Ca. 92629

Maria Stark
Hypothesis
811 West 7th St., Ste. 600
Los Angeles, CA 90017

Greg Sinderbrand, Esq
Borba, Inc.
21700 Oxnard St Ste 1850
Woodland Hills, CA 91367

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

S.E.C.
5670 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90036

Roosevelt Lofts, LLC
660 S. Figueroa Street
24th Floor
Los Angeles, CA 90017

**MML UPDATED 12/29/09
THROUGH CLAIM NO. 88**

U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

24/7 Fire Services
12540 E. Slauson Avenue, Unit C
Santa Fe Springs, CA 90670

944 Media
4253 N. Scottsdale Road
Scottsdale, AZ 85251

A Fence Company, Inc.
15205 Carretera Drive
Whittier, CA 90605

A-American Flooring
7777 N. Caldwell Avenue
Niles, IL 60714

AB California Aequisition Corp.
dba Acoustical Material Services
10200 S. Pioneer Blvd., #500
Santa Fe Springs, CA 90670

Accent Refinishing Company
PO Box 2494
Sun City, AZ 85374

~~ACCO Engineering Systems~~
~~6265 San Fernando Road~~
~~Glendale, CA 91201~~
**Change per claim filed**

Accoustical Construction, Inc.
10121 Stonehurst Avenue
Sun Valley, CA 91352

~~Ace Concrete Cutting, Inc.~~
~~8965 Herrick Avenue~~
~~Sun Valley, CA 91352~~
~~Address change; see below~~

Ace Parking Services
645 Ash Street
San Diego, CA 92101

Addison Pools, Inc.
10835 Magnolia Boulevard
North Hollywood, CA 91601

Alan J. Carnegie, Esq.
23975 Park Sorrento, #227
Calabasas, CA 91302

~~Allsale Electric Inc.~~
~~7950 Deering Avenue~~
~~Canoga Park, CA 91304~~
**Represented by counsel; see below**

Alter Electric Company
c/o Abdulaziz, Grossbart & Rudman
6454 Coldwater Canyon Ave
North Hollywood, CA 91606

American Demolition/Concrete
Cutting, Inc.
620 Poinsettia Street
Santa Ana, CA 92701

American Gunite, Inc.
5042 Wilshire Blvd., Suite 496
Los Angeles, CA 90036

Arrow
7635 Burnet Avenue
Van Nuys, CA 91405

B&N Industries, Inc.
1409 Chapin Avenue, 2nd Floor
Burlingame, CA 94010

~~Bank of America, N.A.~~
~~333 S. Hope Street, 11th Floor~~
~~Los Angeles, CA 90071~~
**Change per claim filed; see below**

Barlava, Simon
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Bazik Electrical
714 N. Howard Stret, Unit G
Glendale, CA 91206

Beard Hobbs, Esq.
7844 La Mesa Blvd
La Mesa, CA 91941

Bontempi USA
8919 Beverly Boulevard
West Hollywood, CA 90048

Bradley A. Raisin
16055 Ventura Blvd., #601
Encino, CA 91436

Brewster Marble Co., Inc.
11818 Glenoaks Blvd.
San Fernando, CA 91340

Buchalter Nemer
Attn: Daniel H. Slate, Esq.
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

~~Cal Systems~~
~~7941 Hazeltine Avenue~~
~~Panorama City, CA 91402~~
**Address change per p/o – see below**

Cal-State Steel Corporation
1801 W. Compton Blvd.
Compton. CA 90220

Century Shower Doors
20100 S. Normandie Avenue
Torrance, CA 90502

Chase Construction, Inc.
1825 Pandora Avenue
Los Angeles, CA 90025

City of Los Angeles Public Works
200 N. Spring Street, Room 967
Los Angeles, CA 90012

Commercial Glass Company
1577 Tierra Rejada Rd.
Simi Valley, CA 93065

Commercial Scaffolding of CA, Inc
14732 S. Maple Avenue
Gardena, CA 90248

CraneNetics, Inc.
4780 Cheyenne Way
Chino, CA 91710

Crenshaw Lumber
424 Pico Boulevard
Santa Monica, CA 90405

David J. Barnier, Esq.
2341 Jefferson St., #200
San Diego, CA 92110

Davis Langdon
301 Arizona Avenue
Santa Monica, CA 90401

Denise H. Field, Esq.
333 Market Street, 25th Floor
San Francisco, CA 94105

Dewey Pest Control
3711 Beverly Blvd.
Los Angeles, CA 90004

Digital Express
6404 Wilshire Blvd., Suite 105
Los Angeles, CA 90048

DMF Lighting
5221 W. Jefferson Boulevard
Los Angeles, CA 90016
**Address change; see below**

Donald Dickerson & Associates
6840 Havenhurst Avenue
Van Nuys, CA 91406

Dunn-Edwards Corporation
4885 E. 52nd Place
Los Angeles, CA 90040

E. Leonard Fruchter
1609 Cravens Avenue
Torrance, CA 90501

EFCO Corporation
1290 Carbide Drive
Corona, CA 92881

EJ Reyes Corp.
6328 Roundhill Drive
Whittier, CA 90601
**ADDRESS CHANGE PER CLAIM;
SEE BELOW**

Encino Corporate Plaza, L.P.
c/o Milbank Real Estate Services
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Excel Building Services
P.O. Box 1089
San Jose, CA 95108

Fathi, Haleh Holly
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Franchise Tax Board
Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Frank's Disposal
PO Box 4271
Sunland, CA 91041

Fred S. Pardes, Esq.
43211 Pacific Coast Hwy, #103
Dana Point, CA 92629

General Coating
9349 Feron Blvd.
Alhambra, CA 91801

Glendale Plumbing & Fire Supply
11120 Sherman Way
Sun Valley, CA 91352

Gorgeous Magazine
11684 Ventura Blvd.
Studio City, CA 91604

GRIP-FAB Corporation
5350 Newport Street
Commerce City, CO 80022

HD Supply / White Cap
Construction Supply
P.O. Box 1770
Costa Mesa, CA 92626
**Address change per claim; see below**

Heather M. Kadeg, Esq.
30423 Canwood St., #131
Agoura Hills, CA 91301

Henri Specialties
4225 Prado Road
Unit 102
Corona, CA 92880

Henry Worth LLC
421 Broadway
Attn: Curtis Fentress
Denver, CO 80203

Herbert Hayden, Esq.
40931 Fremont Blvd
Fremont, CA 94538

Inifinty Metal
2081 E. Lambert Road
La Habra, CA 90631
**Change per claim filed; see below**

Insul-Flow, Inc.
1911 N. Fine
Fresno, CA 93727

Integrity Builders West, Inc.
25942 Via Marejada
Mission Viejo, CA 92691

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Irish Communication Company
2649 Stingle Avenue
Rosemead, CA 91770

Ives, Kirwan & Dibble
660 S. Figueroa Street, Suite 1990
Los Angeles, CA 90017

J.J. Little, Esq.
1516 S. Bundy Dr., #312
Los Angeles, CA 90025
**Address change per claim filed; see below**

J.W. Kelly Consulting
1373 Keniston Avenue
Los Angeles, CA 90019

Kadima Security Services, Inc.
660 S. Figueroa St.
Suite 1880
Los Angeles, CA 90017

Ken Mar Consultants
5966 La Place Court, Suite 180
Carlsbad, CA 92008

Kessler & Kessler
1800 Avenue of the Stars, Suite 400
Los Angeles, CA 90067

Keyboard Concepts, Inc.
5600 Van Nuys Blvd.
Van Nuys, CA 91401

Killefer Flammang Architects
1625 Olympic Blvd.
Santa Monica, CA 90404
**Change per claim filed; see below**

Kultur Flooring USA, Inc.
7777 N. Caldwell Avenue
Niles, IL 60714
**Address change per claim filed; see below**

LA Commercial Group, Inc. dba
Continental Commercial Group
317 S. Brand Blvd.
Glendale, CA 91204

Law Offices of H. Joseph Nourmand
660 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Leonard, Gary
1539 Curran Street
Los Angeles, CA 90026

Lewis & Associates
3440 Wilshire Blvd., Suite 1215
Los Angeles, CA 90010

Lightworks
3911 E. La Palms Ave.
Suite G
Anaheim, CA 92807

Los Angeles Conservancy
Attn: Mike Buhler Esq.
523 West 6th Street, Suite 826
Los Angeles, CA 90014

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054
**Address change per claim filed; see below**

Los Angeles Dept. of Bldg. & Safety
201 N. Figueroa Street
Los Angeles, CA 90012

Los Angeles Downtown News
1264 W. First Street
Los Angeles, CA 90026

Los Angeles Fire Department
200 N. Main Street
Los Angeles, CA 90012

Los Angeles Magazine
5900 Wilshire Blvd., 10th Floor
Los Angeles, CA 90036

Lynn Safety, Inc.
367 Civic Drive, Suite 8
Pleasant Hill, CA 94523

Mansoor, Solomon
727 W. 7th Street, Unit 502
Los Angeles, CA 90017

McDowell Scheduling
23232 Peralta Drive
Laguna Hills, CA 92653

Meyer S. Levitt, Esq.
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024

Milbank Holding Corp.
dba Milbank Real Estate Services
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Muir Chase Plumbing Co.
1940 Gardena Avenue
Glendale, CA 91204
**Incorrect address – see below**

New World West
940 Challenger Street
Brea, CA 92821

Night, Allan & Leyva, Michael L.
2632 W. Beverly Blvd
Montebello, CA 90640

On Demand Printing
1888 S. Sepulveda Blvd.
Los Angeles, CA 90025

Orco Construction Supply
477 N. Canyons Parkway, #A
Livermore, CA 94551

Park Place Signs
21024 Ladeene Avenue
Torrance, CA 90503

Parking Automation Systems, Inc.
1010 Arlee Place
Anaheim, CA 92805

Patrick Duffy
725 S. Figueroa St., #3200
Los Angeles, CA 90017

Pepper Development Services
500 Greenbay Road
Highland Park, IL 60035

Pfinish Koncepts Inc.
dba Stonecraft Enterprise
2820 N. San Fernando Blvd.
Burbank, CA 91504

Plant Connection
5767 Hillview Park Avenue
Van Nuys, CA 91401

Platinum Publications
645 N. Sepulveda Blvd., Suite 8
Los Angeles, CA 90049
**Address correction per claim filed; see below**

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

Purcell Murray Builder Sales Co
2341 Jefferson Street, Suite 200
San Diego, CA 92110

Quality Built
15330 Avenue of Science
San Diego, CA 92128

Reycon Construction, Inc.
1795 Lemonwood Drive
Santa Paula, CA 93061

Robert M. Binam, Esq.
200 S. Main Street, #200
Corona, CA 92882

Robert Smylie & Associates
2049 Century Park East, Suite 4250
Los Angeles, CA 90067

Robertson's Ready Mix
PO Box 3600
Corona, CA 92878
**Address change per claim filed;
See below**

Roosevelt Lofts Homeowners Assn
727 W. 7th Street
Los Angeles, CA 90017

Ryan K. Hirota, Esq.
PO Box 19694
Irvine, CA 92623

Schafer's Parking Lot Services
7237 Somerset Boulevard
Paramount, CA 90273

Siemens Building Technologies, Inc.
10775 Business Center Drive
Cypress, CA 90630
**Address change per claim filed; see below**

Simon Media Company
420 Beirut Avenue
Pacific Palisades, CA 90272

Simpson, Gumpertz & Heger
41 Seyon St., Bdg. 1
Ste. 500
Waltham, MA 02453

Southland Exterior Building Svcs
9582 Hamilton Avenue #166
Huntington Beach, CA 92646
**Address change; see below**

Spectra Company
433 W. Allen Avenue, Suite 111
San Dimas, CA 91773
Address change; see below

SRS Fire Protection, Inc.
6829 Canoga Avenue #2
Canoga Park, CA 91303
Address change per claim filed; see below

State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-0001


Stevenson Systems, Inc.
27822 El Lazo Road
Laguna Niguel, CA 92677

Stuart Dean Company
204 Stonehinge Ln
PO Box 363
Carle Place, NY 11514

T. Larry Watts, Esq.
2029 Century Park East, #3300
Los Angeles, CA 90067


Thermalair
1140 Red Gum Street
Anaheim, CA 92806

Thyssenkrupp Elevator, Inc.
6087 Triangle Drive
Los Angeles, CA 90040
Address change per claim filed;
See below

Tima Winter, Inc.
900 E. First Street
Unit 314
Los Angeles, CA 90012


Trench Plate Services
13217 Laureldale Avenue
Downey, CA 90242

V.G.I. Corporation
5508 S. Santa Fe Avenue
Vernon, CA 90058

Virdi Power, Inc.
965 Decatur Avenue
Ventura, CA 93004


West Coast Doors
12001 Woodruff Avenue
Unit A
Downey, CA 90241
Address change per claim filed; see below

Weste Group - West, Inc.
dba Sub-Zero Wolf
145 W. 134th Street
Los Angeles, CA 90061

William D. Schuster, Esq.
2122 N. Broadway
Santa Ana, CA 92706


Wrightway Construction, Inc.
1070 E. Dominguez St., Suite A
Carson, CA 90746
Address change per claim filed;
See below

Yashouafar, M. Aaron
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Raymond
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017


Yashouafar, Rodney
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Yashouafar, Solyman
660 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017

Ace Concrete Cutting
7200 Vineland Ave., Unit 22
Sun Valley, CA 91352-5079


DMF Lighting
1118 E 223rd Street
Carson, CA 90745-4210

Southland Exterior Building Svcs
27881 La Paz Rd., Ste G
Laguna Niguel, CA 92677-3933
Address change per claim filed; see below

Spectra Company
2510 Supply Street
Pomona, CA 91767-2113
Address change per claim filed; see below


Allsale Electric
c/o Abdulaziz, Grossbart & Rudman
Attn: Kenneth S. Grossbart
PO. Box 15458
North Hollywood, CA 91615-5458

EJ Reyes Corp dba EJR Door Div
Meyer S. Levitt Esq
10880 Wilshire Blvd., Ste 1101
Los Angeles, CA 90024-4112.

HD Supply Construction Supply
c/o Allic & Schuster PC
2122 N Broadway
Santa Ana, CA 92706


Muir Chase Plumbing Co.
Attn: Don Chase
4530 Brazil Street
Los Angeles, CA 90039
Address change per claim filed; see below

Prescott Companies
Attn: Bill Beasley
5966 La Place Court, Suite 170
Carlsbad, CA 92008

City of Los Angeles,
Dept of Water & Power
Attn: Bankruptcy
PO Box 51111
Los Angeles, CA 90051-5700

Brandon Witkow
Locke Lord Bissell & Liddell LLP
300 S. Grand Ave., Ste. 2600
Los Angeles, CA 90071

J.J. Little, Esq.
11500 West Olympic Blvd.
Ste. 360
Los Angeles, CA 90064

LA County Treasurer &
Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

The Gas Company
Mass Markets Credit & Collections
PO Box 30337
Los Angeles, CA 90030-0337

Robert Woodcock Plumbing
18968 Hatteras St
Tarzana, CA 91356

West Coast Doors
9086 Rosecrans Ave
Bellflower, CA 90706

Muir Chase Plumbing Co.
c/o Law Ofcs of David A. Tilem
206 N. Jackson Street, Ste 201
Glendale, CA 91206

Cal Systems
19559 Los Alimos Street
Porter Ranch, CA 91326-2220

Yana A. Lisetsky
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Wrightway Construction, Inc.
c/o W. Randall Sgro, Esq.
1609 Cravens Ave.
Torrance, CA 90501

Trevor Keith McCarthy Smith
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Thyssenkrupp Elevator Corp
c/o William C. Hernquist II
2404 Broadway, 2nd Floor
San Diego, CA 92102

Spectra Company
c/o Attorney Beard Hobbs
7844 La Mesa Blvd.
La Mesa, CA 91942

Steven Dornbusch
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Susan B. McGee & Laura S. McGee
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Southland Exterior Building Svcs, Inc.
34211 Pacific Coast Highway
Suite 103
Dana Point, CA 92629

Sabrina Idroos
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Scott H. Marcus & Associates
121 Johnson Rd.
Turnersville, NJ 08012

Robertson's Ready Mx Ltd
c/o Law Ofcs Robert M. Binain
200 S. Main Street, Ste. 200
Corona, CA 92878

Ryan Anderson, et al.
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Siemens Bldg Technologies
c/o Benjamin Trachtman
27401 Los Altos, #300
Mission Viejo, CA 92691

SRS Fire Protection
c/o Marc Weinberg, Esq.
6320 Canoga Ave., Ste. 1500
Woodland Hills, CA 91367

Puya Partow
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Robert Ni & Michael Ni
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Patricia Mahaffey
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Pacific Property Consultants
15330 Avenue of Science
San Diego, CA 92128

Platinum Publications
654 N. Sepulveda Blvd., Ste. 5
Los Angeles, CA 90049

Maria Ramos
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Los Angeles Community College Dist
c/o Morton Rosen, Esq.
Haight, Brown & Bonesteel
6080 Center Drive, Ste. 800
Los Angeles, CA 90045

Los Angeles City Attorney's Office
Attn: Wendy Loo, Esq.
200 North Main St., Ste. 920
Los Angeles, CA 90012

Justin Patwin
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Infinity Metals
c/o Theodore A. Anderson
690 S. Brea Blvd.
Brea, CA 92821

Herbert Alfred Mayer
5360 Willow Oak St
Simi Valley, CA 93065-4591

David Shafer
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Brian Dougherty
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Asphalt Management
Law Ofcs Howard Goodman
18321 Ventura Blvd., Ste 915
Tarzana, CA 91356

Bank of America
c/o Daniel H. Slate, Esq.
Buchalter, Nemer et al
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017

Allen Amamoto
c/o Kay Jin
3700 Wilshire Blvd., Ste. 940
Los Angeles, CA 90010

Kenmore Consultants LLC
William Beasley CFO
5966 La Place Court, Ste. 180
Carlsbad, CA 92008

Joe Salerno & Adrienne Salerno
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Eric Spamer
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Dennis Stapleton
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Brian Young
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Alan & Anna Clark
c/o Alan B. Clark
Latham & Watkins
355 S. Grand Ave.
Los Angeles, CA 90071-1560

Yana A Lisetsky
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Kultur Flooring USA Inc
Sheets & Associates
9650 Brewerton Rd.
PO Box 820
Brewerton, NY 13029

Ha Bin Kang
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

Gary Glass & David Tsao
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

ACCO Engineered Systems
c/o Dale A. Ortmann, Esq.
Hunt, Ortmann et al.
301 North Lake Ave., 7th Floor
Pasadena, CA 91101

Killefer Flammung Architects
c/o Brandon Witkow, Esq.
Locke, Lord, et al.
300 S. Grand Ave., Ste. 2600
Los Angeles, CA 90071

700 Wilshire Properties
c/o Jeffrey L. Licht Esq
Jeffrey Licht & Associates
1875 Century Park East, Ste. 600
Los Angeles, CA 90067

Susan B. McGee & Laura S. McGee
c/o McKenna, Long & Aldridge
444 S. Flower St., 8th Floor
Los Angeles, CA 90071

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11<br>1:09-14214-GM |
|---|---|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as

**DEBTOR'S OPPOSITION TO MOTION FILED BY LOS ANGELES COMMUNITY COLLEGE
DISTRICT FOR AN ORDER RECONSIDERING AND AMENDING THE JANUARY 8, 2010
ORDER AUTHORIZING DEBTOR TO CONDUCT A PUBLIC AUCTION AND SALE OF
CERTAIN CONDOMINIUM UNITS FREE AND CLEAR, BY REQUIRING DISCLOSURES TO
POTENTIAL PURCHASERS OF THE STATE COURT EASEMENT DISPUTE; DECLARATIONS
OF M. AARON YASHOUAFAR, J. THOMAS CAIRNS, JR., ESQ.  AND JULIET Y. OH IN
SUPPORT THEREOF**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in
the manner indicated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On February 3, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

- John B Acierno   ecfcacb@piteduncan.com
- Gary O Caris   gcaris@mckennalong.com, pcoates@mckennalong.com
- Cynthia M Cohen   cynthiacohen@paulhastings.com
- Steven R Fox   emails@foxlaw.com
- Helen R Frazer   hfrazer@aalrr.com
- Varand Gourjian   vg@gourjianlaw.com, lala@gourjianlaw.com
- Brian T Harvey   bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden   herbert@ntlg.us
- Ian Landsberg   ilandsberg@lm-lawyers.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- David L. Neale   dln@lnbrb.com
- Juliet Y Oh   jyo@lnbrb.com, jyo@lnbrb.com
- S Margaux Ross   margaux.ross@usdoj.gov
- Bruce D Rudman   bdr@agrlaw.net
- William D Schuster   bills@allieschuster.org
- Daniel H Slate   dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- David A Tilem   davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemlaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg   marcweinberg@att.net
- Brandon J Witkow   bwitkow@lockelord.com
- Aimee Y Wong   aywong@mckennalong.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                 **F 9013-3.1**

| In re | ROOSEVELT LOFTS, LLC | Debtor(s). | Chapter 11 |
|---|---|---|---|
| | | | 1:09-14214-GM |

## II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On February 3, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**By e-mail and U.S. mail:**
*Morton G. Rosen, Esq.*
*Jeffrey A. Vinnick, Esq.*
*Haight Brown & Bonesteel LLP*
*6080 Center Drive, Ste. 800*
*Los Angeles, CA 90045*
*e-mail:  mrosen@hbblaw.com; jvinnick@hbblaw.com*

## III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 3, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**By attorney service:**
Honorable Geraldine Mund
21041 Burbank Blvd.
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 3, 2010 | Marguerite Hardin | /s/ Marguerite Hardin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                       **F 9013-3.1**