Morton G. Rosen (Bar No. 34333)
Jeffrey A. Vinnick (Bar No. 137005)
HAIGHT BROWN & BONESTEEL LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
Telephone: 310.215.7100
Facsimile: 310.215.7300
e-mail: mrosen@hbblaw.com
        jvinnick@hbblaw.com

Attorneys for LOS ANGELES COMMUNITY COLLEGE DISTRICT

FILED
FEB - 9 2010

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In Re ROOSEVELT LOFTS, LLC,    ) Case No. 1:09-bk-14214-GM
Debtor.                        )
                               ) Chapter 11
                               )
                               ) MEMORANDUM OF POINTS AND
                               ) AUTHORITIES IN REPLY TO
                               ) OPPOSITION TO MOTION FOR
                               ) RECONSIDERATION OF AND AN
                               ) AMENDMENT TO THE JANUARY 8,
                               ) 2010 ORDER AUTHORIZING DEBTOR
                               ) TO SELL CONDOMINIUM UNITS

[Declaration Of Morton Rosen
In Support Thereof Filed
Concurrently Herewith]

Date:  February 17, 2010
Time:  10:00 a.m.
Dept:  Hon. Geraldine Mund
       Courtroom "303"
       21041 Burbank Blvd.
       Woodland Hills, CA

/ / /
/ / /
/ / /
/ / /
/ / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240

1

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

ORIGINAL

<u>Table of Contents</u>

I.   THE MOTION IS TIMELY, AND IS AUTHORIZED UNDER
     RULE 59 AND/OR RULE 60 AND/OR THIS COURT'S
     INHERENT AUTHORITY ................................. 2

II.  THE DISTRICT IS REQUESTING ONLY THAT THIS COURT
     ORDER MEANINGFUL DISCLOSURES ABOUT THE STATE
     COURT ACTION, NOT A PREDICTION OF ITS FINAL
     OUTCOME ON THE MERITS .............................. 6

III. ROOSEVELT LOFTS LLC HAS ADMITTED THAT THE
     LENDERS' ATTORNEYS WERE CORRECT IN THEIR
     STATEMENTS THAT DISCLOSURES MUST BE MADE AND
     THAT THE STATE COURT ACTION COULD HAVE SERIOUS
     ADVERSE EFFECTS ON PROSPECTIVE PURCHASERS .......... 7

IV.  THE PROPRIETY AND NECESSITY OF DISCLOSURE IS
     INDISPUTABLE ....................................... 8

V.   THE DANGER TO THE PUBLIC AND THE DISTRICT'S
     EXPOSURE TO LIABILITY TO INJURED THIRD PARTIES
     MAGNIFIES THE NECESSITY OF REQUIRING FULL
     DISCLOSURE ......................................... 11

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

i

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

Table of Authorities

Cases

Amarel v. Connell
    102 F.3d 1494 (9th Cir. 1996) ..................... 5

American Ironworks & Erected, Inc. v. North American
    Construction Corp., 248 F.3d 892 (9th Cir. 2001) .. 5

Bateman v. United States Postal Service,
    231 F.3d 1220 (9th Cir. 2000) .................... 4

Boeken v. Philip Morris, Inc.,
    122 Cal.App.4th 684 (2004) ....................... 11

Cicone v. URS Corp.,
    183 Cal.App.3d 194 (1986) ........................ 11

Delgado v. Trax Bar & Grill,
    36 Cal.4th 224 (2005) ............................ 12

Heliotis v. Schuman,
    181 Cal.App.3d 646 (1986) ........................ 10

In Re Onecast Media, Inc. (First Avenue West Building
    LLC v. James), 439 F.3d 559 (9th Cir. 2006) ...... 5

In Re Pacific Far East Lines, Inc.,
    889 F.2d 242 (9th Cir. 1989) ..................... 5

Matek v. Murat,
    862 F.2d 720 (9th Cir. 1988) ..................... 5

Moses H. Cohen Memorial Hospital v. Mercury
    Construction Corp., 460 U.S. 1 (1983) ............ 5

Mount Graham Red Squirrel v. Madigan,
    954 F.2d 1441 (9th Cir. 1991) .................... 3

Neighberger v. Irwin Industries, Inc.,
    8 Cal.4th 532 (1994) ............................. 11

Pioneer Instrument Services Co. v. Brunswick Associates
    Limited Partnership, 507 U.S. 380 (1993) ......... 4

Querica v. United States,
    289 U.S. 466 (1933) .............................. 5

Sierra On-Line, Inc. v. Phoenix Sofeware, Inc.,
    739 F.2d 1415 (9th Cir. 1984) .................... 6

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

ii

Stevens v. Superior Court,
    180 Cal.App.3d 605 (1986) .......................... 11

Taylor v. Oakland Scavenger Co.,
    17 Cal.2d 594 (1941) ............................... 12

Weiner v. South Coast Childcare Centers,
    32 Cal.4th 1138 (2004) ............................. 12

Statutes

Government Code § 830(c) ............................... 12

Government Code § 835 .................................. 11

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

iii

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

MEMORANDUM OF POINTS AND AUTHORITIES

I.

## THE MOTION IS TIMELY, AND IS AUTHORIZED UNDER RULE 59 AND/OR RULE 60 AND/OR THIS COURT'S INHERENT AUTHORITY

the LOS ANGELES COMMUNITY COLLEGE DISTRICT'S ("District") January 15, 2010 Notice, and its supporting Memorandum of Points and Authorities and Declarations, do not attempt to oppose the sale of condominium units or to vacate the Court's January 8, 2010 Order to that effect. The District seeks only an amendment of the Order, so that it requires a full and meaningful disclosure to prospective purchasers, regarding the existence, status, likely future course and possible effects on them of the State Court Action. To the extent the papers filed by the District on January 15, 2010 are unclear on District intentions, any ambiguities are resolved by the accompanying DECLARATION OF MORTON ROSEN ("Rosen Dec.") (¶¶ 7, 15-20).

Rosen was present at the January 17, 2010 hearing, but he did not participate in either the hearing, or the subsequent negotiations that led to the proposed Order, or to the eventual Order that the Court approved and entered on Friday, January 8, 2010. He did not see it until the morning of Monday, January 11 (Rosen Dec., ¶¶ 13 and 14). That was the first time he knew that the Order would not disclose anything about or even mention the State Court Action, or how it could impact upon the rights of prospective purchasers of condominium units. (Rosen Dec., ¶¶ 14-20).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

2

Due to the Bank Group's expressions of grave concern about the necessity and effect of proper disclosures to purchasers, stated in their motion to intervene and their objections to the Disclosure Statement, the District expected that the Order would require such disclosures, to avoid exposure to rescission of the sales and damage claims. The failure of the Order to require any disclosure constitutes "mistake, inadvertence, surprise or excusable neglect" and "newly discovered evidence that with reasonable diligence" was not ascertainable beforehand by the District, coming within subsections (1) and (2) of subdivision (b) of Rule 60, respectively.  In terms of the Order's coverage, when the District saw it on January 11 that was "new information."  <u>Mount Graham Red Squirrel v. Madigan</u>, 954 F.2d 1441, 1463 (9th Cir. 1991).

Disclosure being the sole focus of the District's motion, it had nothing to object to until after it saw the Court's January 8, 2010 Order.  The District's motion and its supporting papers make it clear that it will continue to vigorously advocate its position before the trial judge, and if it is unsuccessful will appeal up to the Supreme Court, and if appropriate seek a stay via a writ of supersedeas. These intentions of the District are facts, not an opinion, speculation or conjecture.  The failure of the January 8, 2010 Order to require disclosure of this reality, and that the ultimate outcome of the State Court Action could be adverse to the interests of prospective purchasers, is also a fact.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

3

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

1  The short delay between the District's first knowledge
2  of the actual terms of the Order on January 11, and its
3  motion on January 15 entitles the District to have its
4  motion considered on the merits.  In addition, the hearing
5  on the motion will take place before sales of Units
6  commence.  <u>Pioneer Instrument Services Co. v. Brunswick</u>
7  <u>Associates Limited Partnership</u>, 507 U.S. 380, 395 (1993)
8  held an attorney's failure to meet a filing deadline can
9  constitute excusable neglect under subdivision Rule 60(b)(1)
10 by applying the following factors:  "(1) the danger of
11 prejudice to the opposing party; (2) the length of the
12 delay; (3) the reason for the delay; and (4) whether the
13 movant acted in good faith."  The Ninth Circuit has deemed
14 this an "equitable test."  <u>Bateman v. United States Postal</u>
15 <u>Service</u>, 231 F.3d 1220, 1223 (9th Cir. 2000).  The District
16 qualifies.
17     The District has acted timely and appropriately.  Rule
18 59(a) provides, "A motion to alter or amend a judgment must
19 be filed no later than 28 days after the entry of the
20 judgment."  Rule 60(c)(1) provides in pertinent part,
21 "A motion under Rule 60(b) must be made within a reasonable
22 time and … no more than a year after the entry of the
23 judgment or order or the date of the proceeding."  Prior to
24 December 1, 2009, subdivision (e) of Rule 59 imposed a 10-
25 day limit.  The District filed its motion 7 days after the
26 January 8, 2010 Order was entered, four days after its
27 attorney first saw it.
28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

4

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

It is established that if the motion is filed within the time limit in subdivision (e) of Rule 59, it is deemed authorized by subdivision (a) of Rule 59. And if it is filed outside that limit, it is deemed filed under Rule 60(b). American Ironworks & Erected, Inc. v. North American Construction Corp., 248 F.3d 892, 898-899 (9th Cir. 2001). These principles apply in bankruptcy proceedings. See In Re Onecast Media, Inc. (First Avenue West Building LLC v. James), 439 F.3d 559, 561-563 (9th Cir. 2006).

This Court's authority to reconsider and amend its Order is well established, in all the federal courts and in the Ninth Circuit. Moses H. Cohen Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 12 (1983) ["… every order short of a final decree is subject to reopening at the discretion of the district judge."]; Matek v. Murat, 862 F.2d 720, 724 n. 1 (9th Cir. 1988) ["… every order short of a final decree is subject to reconsideration. …]; Amarel v. Connell, 102 F.3d 1494, 1514 (9th Cir. 1996) ["… the interlocutory orders and rulings made pre-trial by district judge are subject to modification by the district judge at any time prior to final judgment."]

Subsection (6) of subdivision (b) Rule 60 authorizes reconsideration for "any other reason that justifies relief." In legal and practical effect, this is a codification of all courts' inherent authority to grant relief. In Re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989). Because this Court is "not a moderator" but instead the "governor," Querica v. United States, 289

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

5

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

U.S. 466, 469 (1933), it is proper for it to consider and rule on "a motion for reconsideration, even if it raises no new grounds, but simply rehashes arguments." <u>Sierra On-Line, Inc. v. Phoenix Sofeware, Inc.</u>, 739 F.2d 1415, 1419 (9th Cir. 1984).

## II.

### THE DISTRICT IS REQUESTING ONLY THAT THIS COURT ORDER MEANINGFUL DISCLOSURES ABOUT THE STATE COURT ACTION, NOT A PREDICTION OF ITS FINAL OUTCOME ON THE MERITS

It is not only inappropriate, it is pointless and literally impossible, to litigate the merits in this Court, or to ask this Court to predict the eventual outcome, of the State Court Action, or to base its determination of this motion on such a litigation or prediction. The portion of the Opposition Memorandum that purports to recite (inaccurately and incompletely) some of the arguments on the merits made by the District, and by juxtaposition attempts to refute them by quoting portions of the Trial Judge's Tentative Decision, is self-defeating.

The District's Request For Statement Of Decision, a copy of which is Exhibit "F" to the January 15, 2010 Declaration of Morton Rosen, is a reliable rendition of the facts and legal principles on which the District relies, and why the District believes the Tentative Decision is wrong on the facts and the law. The facts, arguments and authorities presented by the District in that Request demonstrate its position is not frivolous or baseless.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

6

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

The assertion in the Opposition Memorandum that, based upon its interpretation of the past history of the State Court Action, "the chances that the District will be 'successful' in connection with the Easement Action are negligible" (P. 15, lines 14-17), is both unfounded and outside the boundaries of this motion and this Court's authority.

### III.

### ROOSEVELT LOFTS LLC HAS ADMITTED THAT THE LENDERS' ATTORNEYS WERE CORRECT IN THEIR STATEMENTS THAT DISCLOSURES MUST BE MADE AND THAT THE STATE COURT ACTION COULD HAVE SERIOUS ADVERSE EFFECTS ON PROSPECTIVE PURCHASERS

The Opposition Memorandum states, "… there is little doubt that the Debtor and its estate will suffer great and immediate prejudice if the Auction Order is vacated or amended as the District has requested. If the Auction Order is vacated or amended to require the Debtor to make the disclosures requested by the District to prospective buyers of the Units, the Debtor's ability to conduct a public auction and sell the Units will be jeopardized …" (P. 11, lines 16-20). The District is _not_ seeking the vacation of the January 8, 2010 Order; it is seeking only an amendment that requires disclosure, of facts which Roosevelt Lofts LLC's attorneys have just admitted _are_ material and relevant to potential purchasers. Otherwise, disclosure would not create the risks of "prejudice" or "jeopardy."

As quoted in detail in the District's January 15, 2009 Memorandum of Points and Authorities in support of this

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

7

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

motion and its supporting Declaration (Rosen Dec., ¶¶ 12-17), the attorneys for the Lender Group stated very clearly, in both their attempt to intervene and their objection to the motion for permission to sell Units, that the existence, status and possible adverse effects of the State Court Action must be disclosed to prospective purchasers.

The attorneys for Roosevelt Lofts LLC did <u>not</u> oppose or rebut those arguments, when they were made. (Rosen Dec., ¶¶ 10 and 18). They do not do so now. The Opposition Memorandum does not object or move to strike the statements of the Lender Group attorneys. All it says is that "… such statements do not actually constitute admissible evidence. Moreover, such statements were apparently not found by the State Court to be compelling since the motion to intervene was ultimately denied. …" (P. 15, lines 19-21). The statements of the necessity of disclosure stand unrefuted by Roosevelt Lofts LLC, or by anyone else.

IV.

<u>THE PROPRIETY AND NECESSITY OF DISCLOSURE IS INDISPUTABLE</u>

The Opposition Memorandum first promises that "the existence of the pending Easement Action and the fact that such action arises from the use of the Alley will "… be included by the Debtor in its disclosures to purchasers," but then undermines that promise by saying, "However, contrary to the District's contentions, no further 'information' regarding the Easement Action is required (or appropriate) to be disclosed to purchasers of the Units." (P. 18, lines 25-28, and P. 19, line 1).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

8

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

The explanation for this position is that "… virtually all of the other categories of 'information' that the District is demanding be disclosed to prospective purchasers … are not 'facts' that are subject to a duty of disclosure but are conclusions as to how the legal or practical ramifications of the Easement Action may or may not adversely impact upon the value of the Units and the Building. These conclusions are not 'facts' subject to a duty of disclosure." (P. 19, lines 20-26, and P. 20, lines 1-2).

In the real world, prospective purchasers are not capable of independently obtaining and analyzing the numerous and complicated pleadings in the State Court Action, the complex factual and legal issues, the chances of success on appeal, or virtually anything else. They will have no incentive to do so, if they are merely informed of "… the existence of the Easement Action and the fact that such action arises from use of the Alley." That is not disclosure; it is misleading and deceiving.

It is a factual statement to disclose that there is a potential for adverse consequences arising from the State Court Action and the District's publicly avowed intention to pursue appeal to the Supreme Court, and that in connection with the appeal to seek a stay via a writ of supersedeas. The District has no objection to Roosevelt Lofts LLC repeating to the purchasers the statement in its Opposition Memorandum that "… the chances that the District will be 'successful' in connection with the Easement Action are

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

9

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

negligible." The District has no objection to Roosevelt Lofts LLC also including its assertion in the Opposition Memorandum that, "… even if the Debtor is barred from use of the Alley, the Debtor will still be able to maintain two points of ingress into and two points of egress from the Building (P. 15, lines 25-28, and P. 23, lines 8-10), and that what it calls the "Second Entrance" solves the problem of ingress and egress, because "… the Debtor can, and will, use the Second Entrance as both an entrance and exit from the Building … [which it can do] because the Second Entrance is virtually the same width as the Flower Street Entrance/Exit and can easily be utilized in a similar fashion …" [P. 23, lines 5-8].

    The District's willingness to have the Court's Order requiring disclosure include a recitation of these assertions of Roosevelt Lofts LLC is objective proof that the purpose of this motion is fair, reasonable and <u>meaningful</u> disclosure to potential purchasers. If Roosevelt Lofts LLC merely informs them of the existence of the State Court Action and that it involves the Alley, that is not sufficient disclosure. Among the "… circumstances in which nondisclosure or concealment may constitute actionable fraud … [are] … when the defendant makes partial representations but also suppresses some material facts. …" <u>Heliotis v. Schuman</u>, 181 Cal.App.3d 646, 651 (1986).

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

10

P&A Memo in Reply to Oppo to Mo for Reconsideration, etc.

A partial and insufficient disclosure is doubly misleading. That is, "… a duty to speak may arise when necessary to clarify misleading half-truths. …" <u>Boeken v. Philip Morris, Inc.</u>, 122 Cal.App.4th 684, 696 (2004). The underlying principle is, "… where one does speak he must speak the whole truth to the end that he does not conceal any facts which materially qualify those stated … The telling of a half-truth calculated to deceive is fraud." <u>Cicone v. URS Corp.</u>, 183 Cal.App.3d 194, 201 (1986). "Intentional concealment of a material fact is an alternative form of fraud and deceit equivalent to direct affirmative misrepresentation." <u>Stevens v. Superior Court</u>, 180 Cal.App.3d 605, 608 (1986).

V.

<u>THE DANGER TO THE PUBLIC AND THE DISTRICT'S EXPOSURE TO LIABILITY TO INJURED THIRD PARTIES MAGNIFIES THE NECESSITY OF REQUIRING FULL DISCLOSURE</u>

As envisioned by Roosevelt Lofts LLC, its project is designed to transform a gated, private pedestrian alleyway into a public avenue of continued daily automobile and delivery truck traffic. It will endanger all present and future users of the easement property. It will create the likelihood of injury and claims against the District due to its ownership of one-half of the easement property.

A public entity is liable for injuries caused by a dangerous condition "of its property." *Government Code* § 835. That includes easements that are "located on the property of the public entity" <u>if</u> the easement is "owned or

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

11

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

controlled by the public entity." *Government Code* § 830(c). Thus, the District is subject to premises liability claims, which are certain to increase if for the first time the alley easement is used for constant vehicular traffic. Vehicle "driving is a risky activity." <u>Neighberger v. Irwin Industries, Inc.</u>, 8 Cal.4th 532, 538 (1994). It clearly "… involve(s) possible danger to the public." <u>Taylor v. Oakland Scavenger Co.</u>, 17 Cal.2d 594, 604 (1941). Knowledge of an imminent peril can increase a landowner's liability, in terms of prevention obligations. <u>Delgado v. Trax Bar & Grill</u>, 36 Cal.4th 224, 245 (2005). One of the tenants of the 700 Wilshire Building is a school, which results in many children using the alley for personal purposes, as well as emergency drills. A landowner's duty of care is substantially increased when those in peril are children. <u>Weiner v. South Coast Childcare Centers</u>, 32 Cal.4th 1138, 1145-1146 (2004).

    Prospective purchasers of condominium units may believe or expect that they will become entitled to use the alley for in-and-out automobile traffic. Roosevelt Lofts LLC is obligated to warn them of the safety and liability hazards they may face. If Roosevelt Lofts LLC is so confident that the District's chance of eventual success on appeal is "negligible," then it should have no hesitancy in saying so as a part of its full disclosure to prospective purchasers.

/ / /
/ / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

12

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

                         Main Document    Page 16 of 19

They will have assumed the risk, preventing them from seeking rescission or damages against Roosevelt Lofts LLC and its agents, or the District.

Dated: February 8, 2010

Respectfully submitted,

HAIGHT BROWN & BONESTEEL LLP

By: _____
Morton G. Rosen
Attorneys for moving party
Los Angeles Community
College District

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

13

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF LOS ANGELES    )

In Re ROOSEVELT LOFTS - 1:09-bk-14214-GM

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

On **February 9, 2010**, I served the within document(s) described as:

☑ *Memorandum Of Points And Authorities In Reply To Opposition To Motion For Reconsideration Of And An Amendment To The January 8, 2010 Order Authorizing Debtor To Sell Condominium Units*

☐ *Declaration Of Morton Rosen In Support Of Memorandum Of Points And Authorities In Reply To Opposition To Motion For Reconsideration Of And An Amendment To The January 8, 2010 Order Authorizing Debtor To Sell Condominium Units*

on the interested parties in this action as stated on the attached mailing list.

[X] (MAIL) by placing a true copy thereof in sealed envelope(s) addressed above. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[X] (E-MAIL) Served via electronic transmission, on the following:

| | |
|---|---|
| John B. Acierno | ecfcacb@piteduncan.com |
| Gary O. Caris | gcaris@mckennalong.com |
| P. Coates | pcoates@mckennalong.com |
| Steven R. Fox | emails@foxlaw.com |
| Helen R. Frazer | hfrazer@aalrr.com |
| Varand Gourjian | vg@gourjianlaw.com |
| Varand Gourjian | lala@gourjianlaw.com |
| Brian T. Harvey | bharvey@buchalter.com |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

1

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

| Name | Email |
|---|---|
| Herbert Hayden | herbert@ntlg.us |
| IFS | IFS_filing@buchalter.com |
| Ian Landsberg | ilandsberg@lm-lawyers.com |
| David L. Neale | dln@lnbrb.com |
| Juliet Y. Oh | jyo@lnbrb.com |
| S. Margaux Ross | margaux.ross@usdoj.gov |
| Bruce D. Rudman | bdr@agrlaw.net |
| William D. Schuster | bills@allieschuster.org |
| Daniel H. Slate | dslate@buchalter.com |
| S. Alarcon | salarcon@buchalter.com |
| David A. Tilem | davidtilem@tilemlaw.com |
| Malissa Murguia | malissamurguia@tilemlaw.com |
| Marcy Carman | marchcarman@tilemlaw.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |
| Marc Weinberg | marcweinberg@att.net |
| Brandon J. Witkow | bwitkow@lockelord.com |
| Aimee Y. Wong | aywong@mckennalong.com |

Executed on **February 9, 2010**, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Rob Briner   /s/ Rob Briner
(Type or print name)   (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

2

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.

MAILING LIST
In Re ROOSEVELT LOFTS
1:09-bk-14214-GM

| | |
|---|---|
| Landsberg Margulies LLP<br>16030 Ventura Blvd.,<br>Suite 470<br>Encino, CA 91436<br><br>Committee of Creditors<br>Holding Unsecured Claims | Daniel H. Slate, Esq.<br>Brian T. Harvey, Esq.<br>Richard P. Ormond, Esq.<br>*Buchalter Nemer, APC*<br>1000 Wilshire Blvd.<br>Suite 1500<br>Los Angeles, CA 90017-2457<br><br>Attorneys for Bank of America,<br>N.A., individually, and as Agent<br>for a Group of Lenders<br><br>David L. Neale, Esq.<br>Juliet Y. Oh, Esq.<br>*Levene, Neale, Bender, Rankin &<br>Brill LLP*<br>10250 Constellation Blvd.<br>Suite 1700<br>Los Angeles, CA 90067<br><br>Attorneys for Chapter 11 Debtor<br>and Debtor in Possession |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LA42-0000008
3637240.1

3

P&A Memo in Reply to Oppo to Mo
for Reconsideration, etc.