1  DAVID L. NEALE (SBN 141225)
   JULIET Y. OH (SBN 211414)
2  LINDSEY L. SMITH (SBN 265401)
3  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, California 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244
   Email: dln@lnbrb.com, jyo@lnbrb.com
6
7  Attorneys for Chapter 11 Debtor
   and Debtor in Possession
8
                **UNITED STATES BANKRUPTCY COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
                **SAN FERNANDO VALLEY DIVISION**
11

12  In re                                      ) Case No. 1:09-bk-14214-GM
                                               )
13  ROOSEVELT LOFTS, LLC, a Delaware           ) Chapter 11
14  limited liability company,                 )
                                               ) **NOTICE OF MOTION AND**
15                    Debtor.                   ) **OMNIBUS MOTION FOR ORDER**
                                               ) **DISALLOWING CLAIMS;**
16                                             ) **MEMORANDUM OF POINTS AND**
                                               ) **AUTHORITIES; DECLARATION OF**
17                                             ) **M. AARON YASHOUAFAR**
                                               )
18                                             )
                                               ) This Motion affects the following claims
19                                             ) 1.   Claim No. 1 – Century Shower Doors
                                               ) 2.   Claim No. 19 – Robert Woodcock
20                                             )      Plumbing
                                               ) 3.   Claim No. 21 – Bontempi USA
21                                             ) 4.   Claim No. 34 – QualityBuilt.com
                                               ) 5.   Claim No. 38 – Prescott Companies,
22                                             )      Inc.
                                               ) 6.   Scheduled Claim for Ace Parking
23                                             )      Services
                                               ) 7.   Scheduled Claim for Dewey Pest
24                                             )      Control
                                               )
25                                             )
                                               ) Date:    June 1, 2010
26                                             ) Time:    10:00 a.m.
                                               ) Place:   Courtroom "303"
27                                             )          21041 Burbank Boulevard
                                               )          Woodland Hills, California
28                                             )
                                               )
                                               )
                                               )

1

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ITS COUNSEL, PARTIES REQUESTING SPECIAL NOTICE AND CLAIMANT:**

**PLEASE TAKE NOTICE** that a hearing has been scheduled on June 1, 2010 at 10:00 a.m., before the Honorable Geraldine Mund, United States Bankruptcy Judge, in Courtroom "303" of the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, located at 21041 Burbank Boulevard, Woodland Hills, California, for the Court to consider the motion (the "Motion") filed by Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), for an order disallowing the following claims (collectively, the "Claims") filed in the Debtor's bankruptcy case:

(1)     claim filed by Century Shower Doors ("Century"), on or about May 4, 2009, which claim was denominated by the Clerk of the Court as Claim No. 1, asserting a general unsecured claim in the amount of $160,030.00.

(2)     claim filed by Robert Woodcock Plumbing ("Woodcock"), on or about July 7, 2009, which claim was denominated by the Clerk of the Court as Claim No. 19, asserting a general unsecured claim in the amount of $21,710.00.

(3)     claim filed by Bontempi USA ("Bontempi"), on or about July 16, 2009, which claim was denominated by the Clerk of the Court as Claim No. 21, asserting a general unsecured claim in the amount of $60,156.45.

(4)     claim filed by QualityBuilt.Com ("Quality"), on or about August 19, 2009, which claim was denominated by the Clerk of the Court as Claim No. 34, asserting a general unsecured claim in the amount of $4,594.19.

(5)     claim filed by Prescott Companies, Inc. ("Prescott"), on or about August 21, 2009, which claim was denominated Claim No. 38, asserting a general unsecured claim in the amount of $97,980.00.

/ / /

2

1       (6)      Scheduled claim of Ace Parking Services ("<u>Ace</u>") of a general unsecured claim

2             in the amount of $20,140.18.

3       (7)      Scheduled claim of Dewey Pest Control ("<u>Dewey</u>") of a general unsecured

4             claim in the amount of $6,310.00.

5      **PLEASE READ THIS DOCUMENT CAREFULLY TO DETERMINE THE BASIS**

6   **FOR THE DEBTOR'S OBJECTION TO YOUR CLAIM.**  The specific grounds for the

7  Motion are set forth in detail in the attached Memorandum of Points and Authorities.

8      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 3007-

9  1(b)(3)(A) and 9013-1(f), any response to the Motion must be in writing and filed with the Clerk

10  of the Bankruptcy Court and served upon the United States Trustee and counsel for the Debtor at

11  the address set forth in the upper left-hand corner of the first page hereof <u>not later than fourteen</u>

12  <u>(14) days prior to the scheduled hearing date set forth above.</u>

13      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 3007-

14  1(b)(3)(B), the Court may deem the failure of a party in interest to file a timely response to the

15  Motion to constitute consent to the granting by the Court of the relief requested by the Debtor in

16  the Motion without further notice or hearing.

17  Dated: April 29, 2010              ROOSEVELT LOFTS, LLC

18

19                     By:    <u>/s/ Juliet Y. Oh</u>

20                         DAVID L. NEALE
                             JULIET Y. OH

21                         LEVENE, NEALE, BENDER,
                             RANKIN & BRILL L.L.P.

22                         Attorneys for Chapter 11 Debtor and
                         Debtor in Possession

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    STATEMENT OF FACTS

**A.    Background.**

1.    On April 13, 2009 (the "<u>Petition Date</u>"), Roosevelt Lofts, LLC, a Delaware limited liability company, the chapter 11 debtor and debtor in possession herein (the "<u>Debtor</u>"), filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>"). The Debtor is managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    The Debtor is the owner of real property located at 727 West 7th Street in Los Angeles, California, a fifteen-story architecturally significant building located in the heart of the Financial District in downtown Los Angeles (the "<u>Building</u>").

3.    In or about March 2006, the Debtor entered into a construction loan agreement with Bank of America, N.A., individually and as agent for a group of lenders (the "<u>Bank</u>"), pursuant to which the Debtor obtained a loan from the Bank in the original principal sum of $78,840,375.00 (the "<u>Loan</u>"). The Loan was obtained by the Debtor for the purpose of converting the Building into 222 individually subdivided, luxury residential condominium units (the "<u>Units</u>"), a commercial retail component on the ground floor, and parking areas which are both subterranean and above grade within the Building.

4.    On or about December 30, 2008, the Bank issued a notice of default to the Debtor, contending that the Debtor had defaulted on its obligations under the Loan. By that time, construction on the first eight floors of the Building, including all of the Building's commercial retail space, had been completed and the Debtor had obtained a temporary certificate of occupancy.

5.    Subsequently, on April 3, 2009, the Bank filed a complaint against the Debtor and others in the Superior Court of the State of California, County of Los Angeles ("<u>State Court</u>") for, among other things, specific performance, appointment of a receiver, and judicial foreclosure on its Deeds of Trust. In connection with the action in State Court, the Bank made an *ex parte* application for the appointment of a receiver.

1

1    6.    As a result of all the foregoing, the Debtor sought protection under Chapter 11 of

2    the Bankruptcy Code.

3    **B.    Claims.**

4    7.    The Debtor maintains, in the ordinary course of its business, books and records

5    which reflect, among other things, the amounts the Debtor owes to its creditors. The Debtor's

6    books and records were used in the preparation of the Debtor's Schedules of Assets and

7    Liabilities ("Schedules") and Statement of Financial Affairs ("SOFAs").

8    8.    Pursuant to an order entered by the Court on July 27, 2009, the bar date for filing

9    proofs of claim or interest in the Debtor's bankruptcy case was September 15, 2009.

10    9.    In connection with analyzing the claims filed in the Debtor's case, the Debtor and

11    its counsel obtained copies of all available proofs of claim and interest filed in the Debtor's case

12    from the Clerk's Office of the United States Bankruptcy Court for the Central District of

13    California – San Fernando Valley Division. Upon obtaining copies of such proofs of claim and

14    interest, the Debtor analyzed all of the documentation filed by the respective putative creditors

15    and interest holders in support of the claims, and attempted to reconcile such filed claims against

16    the Debtor's books and records. Based on the foregoing, the Debtor has determined that the

17    above referenced claims are objectionable, as set forth more fully below.

18    ## II.    LEGAL STANDARD

19    Federal Rule of Bankruptcy Procedure 3001(a) provides that a proof of claim is a written

20    statement setting forth a creditor's claim. Federal Rule of Bankruptcy Procedure 3001(f)

21    provides that a proof of claim executed and filed in accordance with "these rules" shall constitute

22    *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f): In re

23    Southern Cal. Plastics, Inc., 165 F.3d 1243, 1247-48 (9th Cir. 1999); In re Garner, 246 B.R. 617,

24    620-21 (9th Cir. BAP 2000).

25    However, Federal Rule of Bankruptcy Procedure 3001(f) "operates merely as an

26    evidentiary presumption that is rebuttable." In re Garvida, 347 B.R. 697, 706 (9th Cir. BAP

27    2006). Once the debtor satisfies its burden of going forward by rebutting the presumption with

28    counter-evidence, the burden of going forward shifts to the claimant. In re Lundell, 223 F.3d

2

1   1035, 1039 (9th Cir. 2000); Garvida, 347 B.R. at 706-708. While the "burden of going forward

2   is primarily a procedural matter pertaining to the order of presenting evidence", the substantive

3   burden of proof remains at all times upon the claimant. Garvida, 347 B.R. at 706; Lundell, 223

4   F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant); So. Cal.

5   Plastics, 165 F.3d at 1248.

6          A claimant must establish by a preponderance of the evidence that its claim should be

7   allowed. Lundell, 223 F.3d at 1039. The objecting party is not required to disprove the claim. In

8   re Kahn, 114 B.R. 40 (Bankr. S.D. N.Y. 1990). The Bankruptcy Court has the power to "sift"

9   the circumstances surrounding any claim to see that injustice or unfairness is not done in the

10  administration of the bankruptcy estate. Pepper vs. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 244

11  (1939).

12         In In re Circle J. Dairy, Inc., 112 B.R. 297 (W.D. Ark. 1989), the Court held that:

13             A claim, to be legally sufficient and, therefore, to be prima facie
               valid, under the Bankruptcy Rules, must:
14                 1)    be in writing;
                   2)    make a demand on the debtor's estate;
15                 3)    express the intent to hold the debtor liable for the debt;
                   4)    be properly filed; and
16                 5)    be based upon facts which would allow, as a matter of
                         equity, to have the document accepted as a proof of
17                       claim.

18  Id. at 299-300 (citation omitted).

19             Under the fifth requirement, the allegations of the proof of claim
               must set forth all the necessary facts to establish a claim and must
20             not be self-contradictory. The prima facie validity of the claim
               does not attach unless the claim is in compliance with the Federal
21             Rules of Bankruptcy Procedure ("Rules"), including Rule 3001,
               and sets forth the facts necessary to support the claim. These
22             requirements for legal sufficiency are consistent with the idea that
               the proof of claim itself is to be scrutinized with an eye to
23             credibility.

24

25  In re Circle J. Dairy, Inc., 112 B.R. at 299-300 (citations omitted).

26  ///

27  ///

28

3

# III.    OBJECTION TO CLAIMS

## A.    Claim No. 1 filed by Century Shower Doors

On May 4, 2009, Century Shower Doors ("Century") filed a proof of claim in the Debtor's case, which claim is denominated on the Court's claim registry as Claim No. 1 ("Claim No. 1"). Pursuant to Claim No. 1, Century asserts a general unsecured claim in the amount of $160,030.00. The claim is alleged to be for the installation of shower doors and freestanding panels. A true and correct copy of Claim No. 1 is attached as **Exhibit "1"** to the Declaration of M Aaron Yashouafar annexed hereto (the "Yashouafar Declaration").

Century was to provide and install shower doors for the benefit of the Debtor, pursuant to that certain Purchase Order 214, in exchange for payment of $241,260.00. According to the attachment to Claim No. 1, Century has provided and installed some of the shower doors, at a cost of $81,230.00. Century contends that the Debtor owes the balance of $160,030.00. However, since Century has not provided or installed the remaining shower doors and freestanding panels, Century is not entitled to a claim for the balance of $160,030.00.

However, as reflected in the attachment to Claim No. 1 and an e-mail from Century to the Debtor, Century contends that there is an outstanding balance of $11,590.00 for the shower doors and free standing panels that were actually installed and received by the Debtor. A true and correct copy of the foregoing e-mail is attached as **Exhibit "A"** to the Yashouafar Declaration. The Debtor does not dispute this claim for $11,590.00.

Based on the foregoing, the Debtor respectfully submits that Claim No. 1 should be allowed only as a general unsecured claim in the amount of $11,590.00.

## B.    Claim No. 19 filed by Robert Woodcock Plumbing

On July 7, 2009, Robert Woodcock Plumbing ("Woodcock") filed a proof of claim in the Debtor's case, which claim is denominated on the Court's claim registry as Claim No. 19 ("Claim No. 19"). Pursuant to Claim No. 19, Woodcock asserts a general unsecured claim in the amount of $21,710.00. The claim is alleged to be for plumbing services rendered by Woodcock, including the installation of a Grease Interceptor. A true and correct copy of Claim No. 19 is attached as **Exhibit "19"** to the Yashouafar Declaration.

4

1    The Debtor's books and records reflect a total contract price of $54,540.00 for

2   Woodcock. A summary of the Debtor's purchase orders and change orders for Woodcock is

3   attached as **Exhibit "B"** to the Yashouafar Declaration. The contract price of $54,540.00 is also

4   confirmed by Woodcock in the attachments to Claim No. 19 that are labeled "Doc. #2," "Doc.

5   #3," and "Doc. #6."

6    One of the attachments to Claim No. 19, which is labeled "Doc. #6" ("Doc. #6") provides

7   a cost breakdown of the services provided and/or to be provided by Woodcock to the Debtor.

8   Doc. #6 includes a Change Order Number 4 in the amount of $5,510.00 ("Change Order No. 4").

9   However, Change Order No. 4 was for work contemplated on the roof top deck, which was never

10   approved by the Debtor or provided by Woodcock. Accordingly, the amount of Change Order

11   No. 4 ($5,510.00) should not be included in Woodcock's claim.

12    Although Woodcock contends, pursuant to Doc. #6, that it has received a total sum of

13   $42,541.50 from the Debtor, the Debtor's books and records reflect that the Debtor has paid the

14   total sum of $43,921.50 to Woodcock. True and correct copies of the check payments totaling

15   $43,921.50 that were made to Woodcock are attached as **Exhibit "C"** to the Yashouafar

16   Declaration. Accordingly, Claim No. 19 should be allowed in the amount of the contract price

17   ($54,540.00) less the amount already paid to Woodcock ($43,921.50), or $10,618.50.

18    Based on the foregoing, the Debtor respectfully submits that Claim No. 19 should be

19   allowed only as a general unsecured claim in the amount of $10,618.50.

20   **C.    Claim No. 21 filed by Bontempi USA**

21    On July 16, 2009, Bontempi USA ("Bontempi") filed a proof of claim in the Debtor's

22   case, which claim is denominated on the Court's claim registry as Claim No. 21 ("Claim No.

23   21"). Pursuant to Claim No. 21, Bontempi asserts a general unsecured claim in the amount of

24   $60,156.45. A true and correct copy of Claim No. 21 is attached as **Exhibit "21"** to the

25   Yashouafar Declaration.

26    As a preliminary matter, Claim No. 21 appears to include storage fees charged by

27   Bontempi in the amount of $1,000.00 per month (plus taxes) from October 2008 through April

28   2009, for a total of $7,682.00. The Debtor never agreed to pay any storage fees, and Bontempi

1  has provided no documentation to support its entitlement to such storage fees. The total amount

2  of the storage fees and related taxes assessed by Bontempi ($7,692.00) should therefore be

3  excluded from Bontempi's claim.

4    Bontempi provided custom kitchen cabinets and cupboards to the Debtor pursuant to

5  Purchase Orders 129, 201, 220 and 230 (the "Bontempi Purchase Orders") at a total cost of

6  $967,910.67. A summary of the Bontempi Purchase Orders is attached as **Exhibit "D"** to the

7  Yashouafar Declaration. As reflected in Debtor's payment summary for Bontempi, a copy of

8  which is attached as **Exhibit "E"** to the Yashouafar Declaration, the Debtor has made payments

9  totaling $917,997.50 on account of the Bontempi Purchaser Orders, leaving an outstanding

10  balance of $49,913.17.

11    Based on the foregoing, the Debtor respectfully submits that Claim No. 21 should be

12  allowed as a general unsecured claim in the amount of $49,913.17.

13  **D.    Claim No. 34 filed by QualityBuilt.com**

14    On August 19, 2009, QualityBuilt.com ("Quality") filed a proof of claim in the Debtor's

15  case, which claim is denominated on the Court's claim registry as Claim No. 34 ("Claim No.

16  34"). Pursuant to Claim No. 34, Quality asserts a general unsecured claim in the amount of

17  $4,594.19. A true and correct copy of Claim No. 34 is attached as **Exhibit "34"** to the

18  Yashouafar Declaration.

19    Pursuant to Claim No. 34, Quality contends, and the Debtor agrees, that, as of the Petition

20  Date, Quality was owed the sum of $4,594.19 for services provided by Quality to the Debtor.

21  However, Quality subsequently received full payment of this sum. The payment to Quality was

22  made from an account that was set up to deal with Debtor's matters that are being paid outside of

23  the Debtor in Possession Account. Evidence of this payment, in the amount of $4,594.14. is

24  attached as **Exhibit "F"** to the Yashouafar Declaration annexed hereto. Accordingly, there is no

25  amount owing to Quality at this time.

26    Based on the foregoing, the Debtor respectfully submits that Claim No. 34 should be

27  disallowed in its entirety.

28  / / /

6

**E.    Claim No. 38 filed by The Prescott Companies, Inc.**

On August 21, 2009, Prescott Companies Inc. ("Prescott") filed a proof of claim in the Debtor's case, which claim is denominated on the Court's claim registry as Claim No. 38 ("Claim No. 38"). Pursuant to Claim No. 38, Prescott asserts a general unsecured claim in the amount of $97,980.00. The claim is alleged to be for services performed in setting up the Debtor's Homeowners Association ("HOA"). A true and correct copy of Claim No. 38 is attached as **Exhibit "38"** to the Yashouafar Declaration.

Claim No. 38 reflects the total amount that was contemplated by the parties under their original contract. Although Prescott was intended to be the HOA's management company, since no units in the Building have been sold, the HOA was never formed. As a result, the Debtor and Prescott negotiated a new agreement, which was intended to supersede the original contract and pursuant to which an employee of Prescott, Christine Gibbs ("Gibbs"), agreed to provide the services necessary to get the HOA documents in order and hire any required personnel (the "New Prescott Agreement"). Under the New Prescott Agreement, the Debtor agreed to reimburse Prescott for the amounts paid by Prescott to Gibbs. As reflected in an e-mail from Gibbs to Mr. Yashouafar, the president of the Debtor, Prescott paid Gibbs a total of $15,900.00 for the services provided by Gibbs under the New Prescott Agreement. A true and correct copy of the e-mail from Gibbs to Yashouafar is attached as **Exhibit "G"** to the Yashouafar Declaration. Thus, the only amount owed by the Debtor to Prescott is the amount paid by Prescott to Gibbs ($15,900.00) for work performed under the New Prescott Agreement.

Based on the foregoing, the Debtor respectfully submits that Claim No. 38 should be allowed only as a general unsecured claim in the amount of $15,900.00.

**E.    Scheduled Claim for Ace Parking Services**

The Debtor listed a general unsecured claim for Ace Parking Services ("Ace Parking") in the amount of $20,140.18 ("Ace Claim") in the Debtor's Schedules of Assets and Liabilities filed with the Court. A true and correct copy of the page from the Debtor's Schedule F which reflects the Ace Claim is attached as **Exhibit "H"** to the Yashouafar Declaration.

///

1    The Debtor's books and records reflect that no amounts are owing to Ace Parking. In an

2    email sent by the regional manager of Ace Parking, Paul T. Gnasso, to Mr. Yashouafar on April

3    28, 2010, Mr. Gnasso acknowledged that no amounts are owed by the Debtor to Ace Parking as

4    of April 28, 2010. A true and correct copy of the foregoing email is attached as **Exhibit "I"** to

5    the Yashouafar Declaration.

6    Based on the foregoing, the Debtor respectfully submits that the Ace Claim should be

7    disallowed in its entirety.

8    **F.**    **Scheduled Claim for Dewey Pest Control**

9    The Debtor listed a general unsecured claim for Dewey Pest Control ("Dewey") in the

10   amount of $6,310.00 (the "Dewey Claim") in the Debtor's Schedules of Assets and Liabilities

11   filed with the Court. A true and correct copy of the page from the Debtor's Schedule F which

12   reflects the Dewey Claim is attached as **Exhibit "J"** to the Yashouafar Declaration.

13   The Debtor's books and records reflect that the actual amount owed to Dewey as of the

14   Petition Date was $2,275.00. In a letter dated April 16, 2009 sent by Dewey to the Debtor,

15   Dewey acknowledged that the amount owing by the Debtor was $2,275.00. A true and correct

16   copy of the foregoing letter is attached as **Exhibit "K"** to the Yashouafar Declaration.

17   Based on the foregoing, the Debtor respectfully submits that the Dewey Claim should be

18   allowed only as a general unsecured claim in the amount of $2,275.00.

19                        **IV.    RESERVATION OF RIGHTS**

20   The Debtor expressly reserves the right to amend, modify or supplement the Motion and

21   to assert additional objections to the Claims or any other proofs of claim (filed or not) that may

22   be asserted against the Debtor by the aforementioned claimants.   Should the grounds for

23   disallowance of the Claims stated in the Motion be deemed insufficient, the Debtor reserves its

24   rights to object on any other grounds that the Debtor discovers during the time that this case is

25   pending.

26   / / /

27   / / /

28   / / /

8

## V.    __CONCLUSION__

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order (i) granting the Motion in its entirety; (ii) sustaining the Debtor's objections to the Claims, and (iii) granting such other and further relief the Court deems just and proper.

Dated:  April 29, 2010                              ROOSEVELT LOFTS, LLC

                                         By:    /s/ Juliet Y. Oh
                                                DAVID L. NEALE
                                                JULIET Y. OH
                                                LINDSEY L. SMITH
                                                LEVENE, NEALE, BENDER,
                                                    RANKIN & BRILL L.L.P.
                                                Attorneys for Chapter 11 Debtor and
                                                Debtor in Possession

## DECLARATION OF M. AARON YASHOUAFAR

I, M. AARON YASHOUAFAR, hereby declare as follows:

1.      I am the President of Roosevelt Lofts, Inc., which is the Managing Member of Roosevelt Lofts, LLC, a Delaware limited liability company, debtor and debtor in possession herein (the "Debtor").    As such, I am familiar with the Debtor's books and records and operations.  I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      I have reviewed the Debtor's motion (the "Motion") for an order disallowing various claims to which this declaration is attached, and agree with the facts as set forth in the Motion.

3.      On April 13, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is continuing to operate its business and manage its financial affairs as a debtor in possession.

4.      The Debtor is the owner of real property located at 727 West 7th Street in Los Angeles, California, a fifteen-story architecturally significant building located in the heart of the Financial District in downtown Los Angeles (the "Building").

5.      In or about March 2006, the Debtor entered into a construction loan agreement with Bank of America, N.A., individually and as agent for a group of lenders (the "Bank"), pursuant to which the Debtor obtained a loan from the Bank in the original principal sum of $78,840,375.00 (the "Loan").    The Loan was obtained by the Debtor for the purpose of converting the Building into 222 individually subdivided, luxury residential condominium units (the "Units"), a commercial retail component on the ground floor, and parking areas which are both subterranean and above grade within the Building.

6.      On or about December 30, 2008, the Bank issued a notice of default to the Debtor, contending that the Debtor had defaulted on its obligations under the Loan.  By that time, construction on the first eight floors of the Building, including all of the Building's commercial retail space, had been completed and the Debtor had obtained a temporary certificate of occupancy.

1        7.    Subsequently, on April 3, 2009, the Bank filed a complaint against the Debtor and

2    others in the Superior Court of the State of California, County of Los Angeles ("State Court")

3    for, among other things, specific performance, appointment of a receiver, and judicial foreclosure

4    on its Deeds of Trust. In connection with the action in State Court, the Bank made an *ex parte*

5    application for the appointment of a receiver.

6        8.    As a result of all the foregoing, the Debtor sought protection under Chapter 11 of

7    the Bankruptcy Code.

8        9.    The Debtor maintains, in the ordinary course of its business, books and records

9    which reflect, among other things, the amounts the Debtor owes to its creditors. The Debtor's

10    books and records were used in the preparation of the Debtor's Schedules of Assets and

11    Liabilities ("Schedules") and Statement of Financial Affairs ("SOFAs").

12        10.    It is my understanding and belief that, pursuant to an order entered by the Court

13    on July 27, 2009, the bar date for filing proofs of claim or interest in the Debtor's bankruptcy

14    case was September 15, 2009.

15        11.    In connection with analyzing the claims filed in the Debtor's case, counsel for the

16    Debtor and/or I obtained copies of all available proofs of claim and interest filed in the Debtor's

17    case from the Clerk's Office of the United States Bankruptcy Court for the Central District of

18    California – San Fernando Valley Division. Upon obtaining copies of such proofs of claim and

19    interest, the Debtor's management and I analyzed all of the documentation filed by the respective

20    putative creditors and interest holders in support of the claims, and attempted to reconcile such

21    filed claims against the Debtor's books and records.

22    **Century Shower Doors**

23        12.    On May 4, 2009, Century Shower Doors ("Century") filed a proof of claim in the

24    Debtor's case, which claim is denominated on the Court's claim registry as Claim No. 1 ("Claim

25    No. 1"). Pursuant to Claim No. 1, Century asserts a general unsecured claim in the amount of

26    $160,030.00. The claim is alleged to be for installation of shower doors and free standing panels.

27    A true and correct copy of Claim No. 1 is attached hereto as **Exhibit "1."**

28    ///

1      13.     The Debtor's books and records show that Century was to provide and install

2  shower doors for the benefit of Roosevelt pursuant to Purchase Order 214 in exchange for the

3  amount of $241,260.00. Based on my review of the attachment to Claim No. 1, it appears that

4  Century has installed some of the shower doors, at a cost of $81,230.00. It further appears that

5  Century contends that the Debtor owes the balance of $160,030.00. However, since Century has

6  not provided or installed the remaining shower door and freestanding panels, Century is not

7  entitled to a claim for the balance of $160,030.00.

8      14.     In my review of the attachment to Claim No. 1 and an e-mail form Century to the

9  Debtor, it appears Century contends that there is an outstanding balance of $11,590.00 for

10  shower doors and free standing panels that were actually installed and received by the Debtor. A

11  true and correct copy of the foregoing e-mail is attached hereto as **Exhibit "A."** I do not dispute

12  this claim for $11,590.00.

13      15.     Based on the foregoing, I believe that Claim No. 1 should be allowed only as a

14  general unsecured claim in the amount of $11,590.00.

15  **Robert Woodcock Plumbing**

16      16.     On July 7, 2009, Robert Woodcock Plumbing ("Woodcock") filed a proof of

17  claim in the Debtor's case, which claim is denominated on the Court's claim registry as Claim

18  No. 19 ("Claim No. 19"). Pursuant to Claim No. 19, Woodcock asserts a general unsecured

19  claim in the amount of $21,710.00. The claim is alleged to be for plumbing services rendered by

20  Woodcock, including the installation of a Grease Interceptor. A true and correct copy of Claim

21  No. 19 is attached hereto as **Exhibit "19."**

22      17.     The Debtor's books and records reflect a total contract price of $54,540.00 for

23  Woodcock. A summary of the Debtor's purchase orders and change orders for Woodcock is

24  attached hereto as **Exhibit "B."** Based upon my review of the attachments to Claim No. 19, the

25  contract price of $54,540.00 is also confirmed by Woodcock in the attachments to Claim No. 19

26  that are labeled "Doc. #2," "Doc. #3," and "Doc. #6."

27      18.     One of the attachments to Claim No. 19, which is labeled "Doc. #6" ("Doc. #6")

28  provides a cost breakdown of the services provided and/or to be provided by Woodcock to the

1    Debtor. Doc. #6 includes a Change Order No. 4 in the amount of $5,510.00 ("Change Order No

2    4"). However, Change Order No. 4 was for work contemplated on the roof top deck, which was

3    never approved by the Debtor or provided by Woodcock. Accordingly, I believe the amount of

4    Change Order No. 4 ($5,510.00) should not be included in Woodcock's claim.

5        19.    Based on my review of the attachments to Claim No. 19, it appears Woodcock

6    contends, pursuant to Doc. #6, that it has received a total sum of $42,541.50 from the Debtor,

7    Debtor's books and records reflect that the Debtor has paid the total sum of $43,921.50 to

8    Woodcock. True and correct copies of the check payments totaling $43,921.50 that were made to

9    Woodcock are attached hereto as **Exhibit "C."** Accordingly, I believe Claim No. 19 should be

10    allowed in the amount of the contract price ($54,540.00) less the amount already paid to

11    Woodcock (43,921.50), or $10,618.50.

12        20.    Based on the foregoing, I believe that Claim No. 19 should be allowed only as a

13    general unsecured claim in the amount of $10,618.50.

14    **Bontempi USA**

15        21.    On July 16, 2009, the Bontempi filed a proof of claim in the Debtor's case, which

16    claim I understand is denominated on the Court's claim registry as Claim No. 21 ("Claim No.

17    21"). Pursuant to Claim No. 21, Bontempi asserts a general unsecured claim in the amount of

18    $60,156.45. A true and correct copy of Claim No. 21 is attached as **Exhibit "21"** hereto.

19        22.    Based upon my review of Claim 21, it appears that Claim No. 21 includes storage

20    fees charged by Bontempi in the amount of $1,000.00 per month (plus taxes) from October 2008

21    through April 2009, for a total of $7,682.00. The Debtor never agreed to pay any storage fees,

22    and Bontempi has provided no documentation to support its entitlement to such storage fees. I

23    believe the total amount of store fees and related taxes assessed by Bontempi ($7,682.00) should

24    therefore be excluded from Bontempi's claim.

25        23.    Based on my review of Debtor's books and records, Bontempi provided custom

26    kitchen cabinets and cupboards to the Debtor pursuant to Purchase Orders 129, 201, 220 and 230

27    (the "Bontempi Purchase Orders") at a total costs of $967,910.67. A summary of the Bontempi

28    Purchase Orders is attached hereto as **Exhibit "D."** As reflected in the Debtor's payment

13

summary for Bontempi, a copy of which is attached hereto **Exhibit "E,"** the Debtor has made payments totaling $917,997.50 on account of the Bontempi Purchase Orders, leaving an outstanding balance of $49,913.17.

24. Based on the foregoing, I believe that Claim No. 21 should be allowed only as a general unsecured claim in the amount of $49,913.17.

**QualityBulit.com**

25. On August 19, 2009, QualityBuilt.com ("Quality") filed a proof of claim in the Debtor's case, which claim is denominated on the Court's claim registry as Claim No. 34 ("Claim No. 34"). Pursuant to Claim No. 34, Quality asserts a general unsecured claim in the amount of $4,594.19. A true and correct copy of Claim No. 34 is attached hereto as **Exhibit "34."**

26. Based on my review Claim No. 34, it appears that Quality contends, and I agree, Quality was owed the sum of $4,594.19 for services provided by Quality to the Debtor. However, based on my review of Debtor's books and records, Quality subsequently received full payment of this sum. The payment to Quality was made from an account that was set up to deal with Debtor's matters that are being paid outside of the Debtor in Possession Account. Evidence of this payment, in the amount of $4,594.14, is attached hereto as **Exhibit "F."** Accordingly. I believe there is no amount owing to Quality at this time.

27. Based on the foregoing, I believe that the amount of Claim No. 34 should be disallowed in its entirety.

**Prescott Companies, Inc.**

28. On August 21, 2009, Prescott Companies Inc. ("Prescott") filed a proof of claim in the Debtor's case, which claim is denominated on the Court's claim registry as Claim No. 38 ("Claim No. 38"). Pursuant to Claim No. 38, Prescott asserts a general unsecured claim in the amount of $97,980.00. The claim is alleged to be for services performed in setting up the Debtor's Homeowners Association ("HOA"). A true and correct copy of Claim No. 38 is attached as hereto as **Exhibit "38."**

/ / /

29.     Based on my review of Claim No. 38, it appears that Claim No. 38 reflects the total amount that was contemplated by the parties under their original contract. Although Prescott was intended to be the HOA's management company, since no unites in the Building have been sold, the HOA was never formed. As a result, the Debtor and Prescott negotiated a new agreement, which was intended to supersede the original contract and pursuant to which an employee of Prescott, Christine Gibbs ("Gibbs"), agreed to provide the services necessary to get the HOA documents in order and hire any required personnel (the "New Prescott Agreement") Under the New Prescott Agreement, the Debtor agreed to reimburse Prescott for the amount paid by Prescott to Gibbs. As reflected in an e-mail from Gibbs to me, Prescott paid Gibbs a total of $15,900.00 for the services provided by Gibbs under the New Prescott Agreement. A true and correct copy of the e-mail from Gibbs to me is attached hereto as **Exhibit "G."** Thus, I believe the only amount owed by the Debtor to Prescott is the amount paid by Prescott to Gibbs ($15,900.00) for work performed under the New Prescott Agreement.

30.     Based on the foregoing, I believe that Claim No. 38 should be allowed only as a general unsecured claim in the amount of $15,900.00.

**Ace Parking Services**

31.     The Debtor listed a general unsecured claim for Ace Parking Services ("Ace Parking") in the amount of $20,140.18 ("Ace Claim") in the Debtor's Schedules of Assets and Liabilities filed with the Court. A true and correct copy of Debtor's Schedule F which reflects the Ace Claim is attached hereto as **Exhibit "H."**

31.     Based on my review of the Debtor's books and records, it appears that no amounts are owed to Ace Parking. In an e-mail sent by the regional manager of Ace Parking, Paul T. Gnasso to me on April 28, 2010, Mr. Gnasso acknowledged that no amounts are owed by the Debtor to Ace Parking as of April 28, 2010. A true and correct copy of the foregoing email is attached hereto as **Exhibit "I."**

32.     Based on the foregoing, I believe the Ace Claim should be disallowed in its entirety.

/ / /

15

**Dewey Pest Control**

33.     The Debtor listed a general unsecured claim for Dewey Pest Control ("Dewey")
in the amount of $6,310.00 (the "Dewey Claim") in the Debtor's Schedules of Assets and
Liabilities filed with the Court. A true and correct copy of Debtor's Schedule F which reflects
the Dewey Claim is attached hereto as **Exhibit "J."**

34.     Based upon my review of the Debtor's books and records, it appears that the
actual amount owed to Dewey as of the Petition Date was $2,275.00. In a letter dated April 16,
2009 sent by Dewey to the Debtor, Dewey acknowledged that the amount owing by the Debtor
was $2,275.00. A true and correct copy of the foregoing letter is attached hereto as **Exhibit "K."**

35.     Based on the foregoing, I believe that the Dewey Claim should be allowed only as
a general unsecured claim in the amount of $2,275.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct.

Executed this 29th day of April 2010 at Los Angeles, California.

_/s/ M. Aaron Yashouafar_
M. AARON YASHOUAFAR

16

# EXHIBIT 1

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Central District Of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Roosevelt Lofts, LLC | Case Number: 1:09-14214-GM |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Century Shower Doors

Name and address where notices should be sent:
Century Shower Doors
20100 S. Normandie Avenue
Torrance, CA 90502-1281

**FILED**

**MAY 04 2009**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

Telephone number: **800-824-9350**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **160,030**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **See Attached**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $ _____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 5/1/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. **ADAM Silusce** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Owner/ landing Shower Door

*17*

www.showerdoor.com



**CENTURY**
**SHOWER**
**DOOR**

**Corporate Office**
20100 S. Normandie Ave
Torrance, CA 90502
Call 800.824.9350
Fax 800.824.9850

United States Bankruptcy Court
RE: Case 1:09-14214-GM, Debtor Roosevelt Lofts, LLC, Creditor Century Shower Door
May 1, 2009

This letter is a response to Form B10.

**Question #2.**

We received PO #214, dated 4-Mar-08. PO is in the amount of $241,260 for custom manufactured and installed Shower Doors and Free Standing Panels. To date, we have installed $81,230, leaving a remaining balance of $160,030 to be installed. Currently we have not been paid on $11,590 of the units that have been installed (See Invoice #209473 & Invoice #209278). The remaining balance has not yet been installed but materials have been purchased. I have attached a copy of PO, Invoice #209473 and Invoice #209278.

Please contact me if you have any further questions.

Respectfully,

Adam Slutske

Mar. 5. 2008 11.22AM                                    No. 9971    P. 1/2

# ⌐┐ ⌐┐ ⌐┐
# urbanbuilders Inc.

---

## Facsimile Transmittal Sheet

| | |
|---|---|
| To:<br>Maria | Company:<br>Century Shower Doors |
| Fax Number:<br>310-715-1794 | Total no. of Pages Including Cover:<br>2 |
| Phone Number: | Sender's Reference Number: |
| From:<br>Leticia Rosales<br>lrosales@ubuildinc.com | Date:<br>3-5-2008 |

RE:
CRA Weekly Reports

---

☑ Urgent    ☐ For Review    ☐ Please Comment    ☑ Please Reply    ☐ Please Recycle

---

Notes/Comments:

Hi Maria attached you will find the P.O. for the Roosevelt Lofts
project in Los Angeles we need an invoice for this deposit

# Purchase Order

**urbanbuilders** Inc.

660 S. Figueroa Street
Suite 2450
Los Angeles, CA 90017
213.403.1460 phone
213.403.1461 fax

Issued To:
Century Shower Door
P.O. Box 3277
Torrance, CA 90510
310.327.8060

Attn: James Wood

| P. O. Number: |
|---|
| *214* |
| Date: |
| 4-Mar-08 |
| Authorized by: |
| Calvin Hall |
| Shipping Method: |
| For Job Site |
| Ship to attn: |
| Gary Muller |
| Customer ID: |
| CENDOO |

| Qty | Description | Unit Price | Extension |
|---|---|---|---|
| 100 | Model 2000-LF | $ 620.00 | $ 62,000.00 |
| 91 | Model 1000-H | $ 850.00 | $ 77,350.00 |
| 42 | Model 1100-H | $ 1,150.00 | $ 48,300.00 |
| 18 | Model Free Standing Tub Walls | $ 1,200.00 | $ 21,600.00 |
| 20 | Model 1000-H Pent House Units | $ 850.00 | $ 17,000.00 |
| 13 | Model 2000-LF Pent House Units | $ 620.00 | $ 8,060.00 |
| 5 | Model 1100-H Pent House Units | $ 1,150.00 | $ 5,750.00 |
| 1 | FSP Model | $ 1,200.00 | $ 1,200.00 |
| | 25% Deposit at time of order | | $ - |
| | Payments every 2 week based on what is complete | | $ - |
| | 25% deposit will be deducted by percentage of doors completed. | | $ - |
| | Unit counts can change based on field conditions. | | $ - |
| | All prices are unit prices and include tax and installation. | | $ - |
| | Century Shower door to Field Measure for all units | | $ - |
| | | | $ - |
| | | | $ - |

| Delivery Terms: | | Subtotal | $ 241,260.00 |
|---|---|---|---|
| ♦ | | UBI Price | |
| ♦ | | Other | |
| • | | Total | $ 241,260.00 |

Authorization                          Date    3-5-08

Purchase order number must appear on all invoices and correspondence.

*20*



# CENTURY SHOWER DOOR

Corp. Office: 20100 S. NORMANDIE AVENUE
TORRANCE, CALIFORNIA 90502
(800) 824-9350 • FAX (800) 824-9850
www.showerdoor.com
Contractor's Licenses:
CA #196953 • AZ #195138 • NV #59024

**REMIT TO: P.O. BOX 3277    TORRANCE, CALIFORNIA 90510**



INVOICE NO.

## 209473

ALWAYS REFER TO
ABOVE NUMBER

*QUALITY SINCE 1945*

| SOLD TO | DELIVER TO |
|---|---|
| URBAN BUILDERS<br>660 S. FIGUEROA STREET<br>LOS ANGELES, CA 90017 | *<br>727 7TH STREET<br>LOS ANGELES, CA 90017 |

| DATE<br>10/08/08 | SALESMAN<br>HOUSE | CUSTOMER ORDER NO.<br>None/370117/URBBUI | ORDER DATE<br>08/11/08 | INSTALLATION DATE<br>10/07/08 | TERMS<br>Net 10 |
|---|---|---|---|---|---|

| WORK ORDER NO. | PLAN | MODEL NUMBER | DESCRIPTION | QUANTITY | UNIT PRICE |
|---|---|---|---|---|---|
| RH246801N | 719 | FSP | FREE STANDING PANEL<br>BRIGHT DIP FRAME<br>MATELUX GLASS | 1 | 860.00 |
| RH246806N | 811 | 1000-NH | PIVOT TYPE SHOWER DOOR<br>BRIGHT DIP FRAME<br>CLEAR GLASS | 1 | 850.00 |
| RH246807N | 812 | 1100-NH | SHOWER DOOR AND ONE PANEL IN LINE<br>BRIGHT DIP FRAME<br>CLEAR GLASS | 1 | 1150.00 |
| RH246808N | 813 | FSP | FREE STANDING PANEL<br>BRIGHT DIP FRAME<br>MATELUX GLASS<br>EXTRA PANEL | 1 | 1200.00 |
| RH246809N | 813 | 1100-NH | SHOWER DOOR AND ONE PANEL IN LINE<br>BRIGHT DIP FRAME<br>CLEAR GLASS | 1 | 1150.00 |

*No Wonder People Sing In Our Showers*

| SUB TOTAL<br>5010.00 | TAX<br>0.00 | FREIGHT<br>0.00 | TOTAL<br>5010.00 | DEPOSIT<br>0.00 | AMOUNT DUE<br>5010.00 |
|---|---|---|---|---|---|

**INSTALLATION INCLUDED**          ORIGINAL INVOICE

PLEASE PAY
THIS AMOUNT



21



# CENTURY SHOWER DOOR

Corp. Office: 20100 S. NORMANDIE AVENUE
TORRANCE, CALIFORNIA 90502
(800) 824-9350 • FAX (800) 824-9850
www.showerdoor.com
Contractor's Licenses:
CA #196953 • AZ #195138 • NV #59024



| INVOICE NO. |
|---|
| **209278** |
| ALWAYS REFER TO ABOVE NUMBER |

**REMIT TO: P.O. BOX 3277     TORRANCE, CALIFORNIA 90510**

*QUALITY SINCE 1945*

**SOLD TO**

URBAN BUILDERS
660 S. FIGUEROA STREET
LOS ANGELES, CA 90017

**DELIVER TO**

727 7TH STREET
LOS ANGELES, CA 90017

| DATE 09/30/08 | SALESMAN HOUSE | CUSTOMER ORDER NO. None/370117/URBBU! | ORDER DATE 08/11/08 | INSTALLATION DATE 09/30/08 | TERMS Net 10 |
|---|---|---|---|---|---|

| WORK ORDER NO. | PLAN | MODEL NUMBER | DESCRIPTION | QUANTITY | UNIT PRICE |
|---|---|---|---|---|---|
| RH246796N | 519 | 1000-NH | PIVOT TYPE SHOWER DOOR BRIGHT DIP FRAME CLEAR GLASS | 1 | 850.00 |
| RH246797N | 519 | FSP | FREE STANDING PANEL BRIGHT DIP FRAME MATELUX GLASS | 1 | 660.00 |
| RH246798N | 710 | 1000-NH | PIVOT TYPE SHOWER DOOR BRIGHT DIP FRAME CLEAR GLASS | 1 | 850.00 |
| RH246799N | 715 | FSP | FREE STANDING PANEL BRIGHT DIP FRAME MATELUX GLASS | 1 | 660.00 |
| RH246800N | 719 | 1000-NH | PIVOT TYPE SHOWER DOOR BRIGHT DIP FRAME CLEAR GLASS | 1 | 850.00 |
| RH246803N | 808 | 1000-NH | PIVOT TYPE SHOWER DOOR BRIGHT DIP FRAME CLEAR GLASS | 1 | 850.00 |

No Wonder People Sing In Our Showers

(Continued)

| SUB-TOTAL | TAX | FREIGHT | TOTAL | DEPOSIT | AMOUNT DUE |
|---|---|---|---|---|---|

**INSTALLATION INCLUDED**      ORIGINAL INVOICE      PLEASE PAY THIS AMOUNT 

22



# CENTURY SHOWER DOOR

Corp. Office: 20100 S. NORMANDIE AVENUE
TORRANCE, CALIFORNIA 90502
(800) 824-9350 • FAX (800) 824-9850
www.showerdoor.com
Contractor's Licenses:
CA #196953 • AZ #195138 • NV #59024

**REMIT TO: P.O. BOX 3277    TORRANCE, CALIFORNIA 90510**

| INVOICE NO. |
|---|
| **209278** |
| ALWAYS REFER TO ABOVE NUMBER |

*QUALITY SINCE 1945*

**SOLD TO**

URBAN BUILDERS
660 S. FIGUEROA STREET
LOS ANGELES, CA 90017

**DELIVER TO**

727 7TH STREET
LOS ANGELES, CA 90017

| DATE | SALESMAN | CUSTOMER ORDER NO. | ORDER DATE | INSTALLATION DATE | TERMS |
|---|---|---|---|---|---|
| 09/30/08 | HOUSE | None/370117/URBBUI | 08/11/08 | 09/30/08 | Net 10 |

| WORK ORDER NO. | PLAN | MODEL NUMBER | DESCRIPTION | QUANTITY | UNIT PRICE |
|---|---|---|---|---|---|
| RH246804N | 808 | FSP | FREE STANDING PANEL BRIGHT DIP FRAME MATELUX GLASS EXTRA PANEL | 1 | 1200.00 |
| RH246805N | 811 | FSP | FREE STANDING PANEL BRIGHT DIP FRAME MATELUX GLASS | 1 | 660.00 |

*No Wonder People Sleep In Our Showers*

| SUB-TOTAL | TAX | FREIGHT | TOTAL | DEPOSIT | AMOUNT DUE |
|---|---|---|---|---|---|
| 6580.00 | 0.00 | 0.00 | 6580.00 | 0.00 | 6580.00 |

**INSTALLATION INCLUDED**          ORIGINAL INVOICE

PLEASE PAY
THIS AMOUNT 

*23*

**EXHIBIT A**

**From:** Adam Slutske
**Sent:** Wednesday, October 08, 2008 12:28 PM
**To:** mpepper@pepperds.com; jims@americanconstructors.com; Ellen Chiu; jvargas@ubuildinc.com
**Cc:** James Wood
**Subject:** FW: Attached Image
**Importance:** High

Mike/Jim:

Here is the invoice from the work that was completed yesterday. As per my earlier email, the remaining
units will be on hold until we receive payment on these two invoices.  The current amount due is:
Invoice #209473 - $5,010
Invoice #209278 - $6,580

Please let me know when the check will be ready for pickup.

-Adam Slutske
Century Shower Door
800-824-9350
www.showerdoor.com

23

**EXHIBIT 19**

B10 (Official Form 10) (12/08) - Page 1

| UNITED STATES BANKRUPTCY COURT   CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

Name of Debtor: **ROOSEVELT LOFTS, LLC**

Case Number: **1:09-bk-14214-GM**

NOTE  *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**ROBERT WOODCOCK PLUMBING**

☐ Check this box to indicate that this claim amends a previously filed claim

Name and address where notices should be sent:
**ROBERT WOODCOCK PLUMBING
18968 HATTERAS ST.
TARZANA, CA. 91356   (818) 605-2919**
Telephone number:

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
**"SAME AS ABOVE"**

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $ **21,710.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **PLUMBING WORK PERFORMED**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **8548**

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: **7/3/09**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**OWNER:  Robert Woodcock   ROBERT WOODCOCK**

FOR COURT USE ONLY
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

JUL 07 2009

FILED

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

24

*ROBERT WOODCOCK PLUMBING*
*18968 HATTERAS ST.*
*TARZANA, CA. 91356*
*CELL# (818)-605-2919*
*FAX# (818)-881-8226*
*E-MAIL : woodcocktarzana@aol.com*
*r.wood2345@att.net*
*LIC. # 786501*

*JULY 3, 2009*

*SUMMARY OF PAPERWORK SHOWING PROOF OF TOTAL DUE FOR*
*PLUMBING WORK COMPLETED BY ROBERT WOODCOCK, OWNER*
*OF ROBERT WOODCOCK PLUMBING FOR THE ROOSEVELT LOFT'S.*

*1.  DOC. #1 – A BILL FOR CHANGE ORDER # 001 - $ 10,672.00*

*2. DOC. #2 – CHANGE ORDER # 003 - $ 3,128.00*

*3. DOC. #3 – CHANGE ORDER # 004 - $ 2,400.00 – ( TO BE DETERMINE- TBD) TOTAL OF*
*THE AMOUNT WAS GIVEN TO ELLEN CHUI ON DEC. 12, 2008 –VIA EMAIL.*

*4. DOC. # 4 – CHANGE ORDER # 005 - $ 5,510.00*

*5. DOC. # 5 ,# 6  PAPERWORK SENT FROM ELLEN CHUI TO ROBERT TO FILL OUT AND*
*SEND BACK.*

= $ 21,710.00
TOTAL OWED

25

Doc. # 1

### ROBERT WOODCOCK PLUMBING
### 18968 HATTERAS ST.
### TARZANA, CA. 91356
### CELL # (818)-605-2919
### FAX # (818)-881-8226
### LIC. # 786501
E-MAIL: woodcockfarzana@aol.com

**BILL / INVOICE**                     **BILL TO : URBAN BUILDERS, INC.**

**DATE : 8/ 1 / 2008**          **JOB ADDRESS:727 W. 7TH ST., LOS ANGELES**
                                             **(ROOSEVELT BUILDING)**
**CO # 001**

**JOB DESC. : "BILL" FOR REST OF BALANCE ON CONTRACT FOR THE
          GREASE INTERCEPTOR, 8,000 GALLONS =**

1.  **THE GREASE INTERCEPTOR IS DONE, AND PASSED INSPECTION.**

2.  **CONTRACT TOTAL = $ 36,212.00**

    **PAID TO DATE = $ 18,015.00 (GROSS AMOUNT BILLED)
                 $ 16,213.00 (NET AMOUNT RECIEVED)
                 1/03/2008 – CK # 4368
                 $ 1,801.50 (RETAINAGE WITHHELD)**

    **PAID TO DATE = $ 11,128.00 (7/08/2008) CK # 5180**

3.  **BALANCE LEFT = $ 8870.50**

4.  **RETAINAGE WITHHELD = $ 1,801.50**

                     **TOTAL = $ 10,672.00**

26

06/06/2008  09:34    918-881-8226    R WOODCOCK PLMB    PAGE 02/02

Doc.#2



## urbanbuilders inc.

660 S. Figueroa, Suite 2450
Los Angeles, CA 90017
(213) 403-1460 ph (213) 403-1461 fax

### SUBCONTRACTOR CHANGE ORDER

| | | | |
|---|---|---|---|
| PROJECT: | The Roosevelt Building | SUBCONTRACT #: | PO#189 |
| PROJECT #: | 1001 | TRADE: | Plumbing |
| DATE: | 6-05-08 | ACCOUNT CODE: | 22-1000 |

TO:      Mr.                        PREPARED BY: N. Velarde
         Robert Woodcock
         18968 Hatteras St. Tarzana Ca 91356

CHANGE ORDER #: 003

Furnish all required labor, materials equipment and supervision required for: Install (2) 3" Zoobler pumps and control station box, per approved quotation.

TOTAL AMOUNT OF THIS CHANGE ORDER:          $ 3,128.00

Payment for this Change Order shall fully compensate the Subcontractor for all costs related in any way to this work and its effect on any other work already contracted for. All work shall be completed in conformance with the terms of the contract documents.

| | | |
|---|---|---|
| Original Contract: | $ | 79,412.00 |
| Previous Change Order: | $ | (28,000.00) |
| Current Contract: | $ | 51,412.00 |
| This Change Order: | $ | 3,128.00 |
| New Contract Amount: | $ | 54,540.00 |

Change to Project Schedule: 0 Days

Urban Builders, Inc.

By:
Mike Kipper

Bob Grossman

Date: 6-13-08

By: Robert Woodcock
Name Printed: Robert Woodcock

Date: 6/5/08

27

Doc.#3



660 S. Figueroa, Suite 2450
Los Angeles, CA 90017
(213) 403-1460 ph (213) 403-1461 fax

## Purchase Order/ Change Order

| | | | |
|---|---|---|---|
| PROJECT: | The Roosevelt Building | SUBCONTRACT #: | PO #189 |
| PROJECT #: | 1001 | TRADE: | Plumbing |
| DATE: | 8/07/08 | ACCOUNT CODE: | 22-1000 |

TO:        Mr.                              PREPARED BY: N. Velarde
           Robert Woodcock
           18968 Hatteras St. Tarzana Ca 91356

### CHANGE ORDER #: 004

Furnish all required labor, materials equipment for; plumb water and gas to the water feature and fire pit
on roof top area. All works to be T&M as an extra not covered in any ones contract.

### TOTAL AMOUNT OF THIS CHANGE ORDER:        $TBD

Payment for this Change Order shall fully compensate the Subcontractor for all costs related in any way to
this work and its effect on any other work already contracted for. All work shall be completed in
conformance with the terms of the contract documents.

| | | |
|---|---|---|
| Original Contract: | $ | 79,412.00 |
| Previous Change Order: | $ | (24,872.00) |
| Current Contract: | $ | 54,540.00 |
| This Change Order: | TBD | |
| New Contract Amount: | $ | 54,540.00 |

### Change to Project Schedule: 0 Days

Urban Builders, Inc.                    Robert Woodcock

                                        Name Printed: _Robert Woodcock_

_James Smith_
Date: __8/7/08__                        Date: __8/9/08__

28

Doc.#4

**ROBERT WOODCOCK PLUMBING**
**18968 HATTERAS ST.**
**TARZANA,CA. 91356**
**CELL # (818)-605-2919**
**FAX # (818)-881-8226**
**LIC. # 786501**

*ESTIMATE / INVOICE*　　　　　*ESTIMATE TO :URBAN BUILDERS INC.*

*DATE : 8/18/2008*　　　　*JOB ADDRESS :727 W. 7TH ST. LOS ANGELES*

*C/O # 005*

*JOB DESC. : "ESTIMATE" FOR ROOF TOP PLANTER DRAIN'S =*

　1. *INSTALL ( 10) DRAIN LINES FROM PLANTERS THROUGH ROOF DECK.*

　2. *( 6)  DRAINS APPROX. 6 FT. LONG WITH ONE 90 DEGREE TURN AND*
　　　*ONE 45 DEGREE TURN.*

　3. *( 4) DRAINS AT POOL AREA ONE 90 DEGREE AND TWO 45 DEGREE*
　　　*PIPE TO BE TYPE "L" COPPER.*

　4. *SECURE PIPE TO WALL WITH COPPER CLAMPS.*

　　　　　　*ESTIMATE TOTAL = $ 5,510.00*

29

Doc.#5

# UrbanBuilders Inc.

## TRANSMITTAL SHEET

| TO: | COMPANY: |
|---|---|
| Accounts Receivable | RW Plumbing |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER |
|---|---|
| Via Email | 3 |
|  | SENDER'S REFERENCE NUMBER: |

| From: | DATE: |
|---|---|
| Accounting Department | December 9, 2008 |

RE:
Roosevelt Loft Contract Reconciliation

☑ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☑ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Sir or Madam,

In connection with the examination and reconciliation of our accounting records, please confirm the attach contract/commitment summary statement.

Please fax (213)403-1461, e-mail (echiu@ubuildinc.com) or mail to 660 S. Figueroa Street, #2400, Los Angeles, CA 90017. We will need all these documentations prior to set up close-out meeting.

Thanks in advance for your assistance.

Accounting Department
Urban Builders, Inc.

660 S. Figueroa Street, Suite 2450/Los Angeles, CA 90017/213-403-1460phone/213-403-1461fax

37

Doc. #6

### Roosevelt Lofts - Job # 1-001

Subcontractor:                    RW Plumbing

Our Records indicate the following information with regard to your contract on the above
referenced project at November 30, 2008:

1.    Total Contract Price                              Revisions/Comments

      Base Contract Amount:              79,412.00    _____

      Change Orders:

      Approved Change Orders:            (24,872.00)  _____

      Total Contract Price at 11/15/08:  54,540.00    _____

2.    Our records indicate the following amounts Paid through
      November 30, 2008                   42,541.50    _____

3.    Please provide a list of any pending change orders and its backup on the above noted
      Project (if any).

      1) CHANGE ORDER # 004 (Attached PAPERWORK) (PRICE $ TBD)
      2) ESTIMATE / INVOICE FOR ROOF TOP PLANTER DRAINS - WHICH
         I HAVE ALREADY INSTALLED SOME, I TURNED THIS IN TO BE MADE (PRICE $5,510.00)
         AS A CHANGE ORDER But No ONE Sent me the PAPERWORK. (Attached PAPERWORK)

4.    Please provide a listing of any supplier(s) lien releases (conditional or unconditional
      final) on the above noted Project (if any):

      NONE

5.    Total Amount Owed:          $ 11,998.50 + CHANGE ORDER # 004
                                               2) ROOF TOP PLANTER DRAINS

Acknowledgement:

The above stated information is correct and complete (as corrected if applicable) as of
November 30, 2008.

Signed:    _Robert Woodcock_
Title:     _Owner_
Date:      _12/12/2008_

31

# EXHIBIT B

**RW Plumbing**

| | | | | As of: | 10/1/2008 |
|---|---|---|---|---|---|

## Purchase Order Summary:

| Cost Code Commitment | | Description | | | | Original Contract |
|---|---|---|---|---|---|---|
| 22-1000 | 189 | Grease Interceptor | | 12/19/07-CH | | 79,412.00 |

| Contract Total: | | | | | 79,412.00 |
|---|---|---|---|---|---|

### APPROVED Change Order:

| CO# | Cost Code | 3rd Party Approval | | Owner Approved | Amount | |
|---|---|---|---|---|---|---|
| 1 | 22-1000 | | 05/27/08 | 05/28/08-BG | (43,200.00) | |
| 2 | 22-1000 | | | 06/03/08-BG | 15,200.00 | |
| 3 | 22-1000 | | 06/05/08 | 06/13/08-BG | 3,128.00 | |

| Total APPROVED Change Order: | | | | (24,872.00) | |
|---|---|---|---|---|---|
| Revised Change Order: | | | | | 54,540.00 |

### Pending Change Orders:

| 4 | 22-1000 | Plumb water & gas to water feature & fire pit on roof | | TBD | |
|---|---|---|---|---|---|
| Total   Pending Change Orders | | | | | - |
| Revised Contract includes **Pending** Change Order: | | | | | 54,540.00 |

## Payment Summary:

| Invoice # | Invoice Date | Paid Date | Check Number | | Amount | |
|---|---|---|---|---|---|---|
| | 07/30/07 | | 08/10/07 | 3772 | 1,380.00 | |
| 72 | 12/03/07 | | 01/03/08 | 4368 | 16,213.50 | |
| | | | 07/08/08 | 5180 | 26,328.00 | |

| | | | Total of Payment | | 43,921.50 | |
|---|---|---|---|---|---|---|

| | | | Balance of Contract: | | 10,618.50 |
|---|---|---|---|---|---|

*% Work Complete:
Liens Released.

# EXHIBIT C

HSBC Bank USA, N.A.: Image Search                                    Page 1 of 1



## Image Search

**Check Transaction Details**



| Select | Check # | Posting Date | IRD Ind | Sequence Number | Tran Code | Amount |
|--------|---------|--------------|---------|-----------------|-----------|--------|
|        | 0000003772 | 09/06/2007 |       | 81687407 | 000000 | 1380 00 |

Search again    Modify search    View    Fax    Add note

return to batch request Items

return to the Image Archive Welcome screen

back to top

© Copyright hsbc.com, Inc. All rights reserved.

**HSBC** ❎  The world's local bank

Menu
Image Archive
Image Search
General User Search
Batch Requests
Return Items

Customer Support

## Image Search

### Check Transaction Details



| Select | Check # | Posting Date | IRD Ind | Sequence Number | Tran Code | Amount |
|--------|---------|--------------|---------|-----------------|-----------|--------|
| | 0000005180 | 07/18/2008 | | 80173397 | 000000 | 26328 00 |

▶ Search again   ▶ Modify search   ▶ View   ▶ Fax   ▶ Add note

return to batch request Items

return to the Image Archive Welcome screen

back to top

© Copyright hsbc eaas Inc All rights reserved

HSBC Bank USA, N.A.: Image Search                                    Page 1 of 1

 HSBC ◆X◆  The world's local bank

Dexter, Lee                                                     Help | Log Off

## Image Search

**Check Transaction Details**

Menu
Image Archive
  Image Search
  General Ledger Search
  Batch Requests
  Return Items

Customer Support

Account Number: 000000026901013



| Select | Check # | Posting Date | IRD Ind | Sequence Number | Tran Code | Amount |
|--------|---------|--------------|---------|-----------------|-----------|--------|
| | 0000004368 | 01/24/2008 | | 60042766 | 000000 | 16213.50 |

▶ Search again   ▶ Modify search   ▶ View   ▶ Fax   ▶ Add note

return to batch request Items

return to the Image Archive Welcome screen

back to top

© Copyright hsbc.com, Inc. All rights reserved.

36

**EXHIBIT 21**

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Central District Of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Roosevelt Lofts, LLC | Case Number: 1:09-14214-GM |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Bontempi USA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Bontempi USA<br>8919 Beverly Boulevard<br>West Hollywood, CA 90048-2420<br><br>**FILED**<br>**JUL 16 2009**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk<br><br>Telephone number: 310-271-9011 | Court Claim Number:_____<br>(If known)<br><br><br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>ditto<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |
| 1. Amount of Claim as of Date Case Filed:      $  60,156.45<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim:  Goods sold<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____ n/a<br><br>3a. Debtor may have scheduled account as: _____ n/a<br>(See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property: $ _____  Annual Interest Rate ___ %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $ _____  Basis for perfection: _____<br><br>Amount of Secured Claim: $ _____  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | Amount entitled to priority:<br><br>$_____ |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
| Date: 7/15/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

005282

37

1/7

Bontempi
8919 Beverly Blvd.
West Hollywood, CA 90048
T (310) 271-9011   F (310) 271-3511



July 7, 2009

To: US Bankruptcy Court
   Attn: Bankruptcy Clerk's Office
   21041 Burbank Blvd
   Woodland Hills, CA 91367-6603

### Re: Roosevelt Lofts LLC (case# 1:09-14214-GM)

| Statement of Account: | Amount: |
|---|---|
| Returned Check # 5395 | $25,088.12 |
| Returned Check # 5400 | $27,386.33 |
| SO# 01010654, storage fee 10/08-12/08 | $3,292.50 |
| SO# 01010673, storage fee 01/09 | $1,097.50 |
| SO# 01010684, storage fee 02/09-04/09 | $3,292.00 |
| **Grand Total:** | **$60,156.45** |

\* Please refer to check copies and Sales Orders attached.

2/1

*122000166*
09/23/2006
632178b564

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.



6395

urbanbuilders inc.

HSBC BANK USA, N.A.

Pay: ********************Twenty-five thousand eighty-eight dollars and 12 cents

DATE                          AMOUNT
September 16, 2008    5395  $*****25,088.12

TO THE
ORDER
OF
Bontempi
8919 Beverly Blvd
West Hollywood, CA  90048

*005395*  *122240861*269011013*        *000250881*

II*005395II*    I:122240861I:        2690II013II*      I*000250881I2II*

U3 Bank NA (LVX)
1-800-525-9060
Fairfield, CA
7436283626

(65)  35650

For Deposit only
Sales Ofi/ Bontempi
#CA3563540
US Bank

↓Do not endorse or write below this line.↓

39

3/7

from: Photocopy Research        4-16-09   7:24am   p. 2   of 3

*122000166*
02/27/2009
6425656559

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.



5400

UrbanBuilders

Notice in Lieu of Return

Pay: *****Twenty-seven thousand three hundred eighty-six dollars and 33 cents

October 4, 2008        5400  $******27,386.33

Bontempi  0840  0801  01909
8919 Beverly Blvd 007531  022709
West Hollywood, CA 90048

*005400*  *:122240861:  269011013*        *00027386633*

*005400*    *:122240861:        269011013*        *00027386633*

212-2-4-0-8-6-
PAY ANY BANK , P.
HSB1 BANK , NA02/
800) 934

7432289155

0840  0801  01909
02  007531  022709

↓Do not endorse or write below this line.↓

Maurice
0002/0001 00
20090303 000003007847 27386.33
20090415566789 153458035463

SOLAGE LA LLC
8919 BEVERLY BLVD
W HOLLYWOOD, CA 900482420

4/7

40

Bontempi USA

The Avenue of Arts and Design
8919 Beverly Blvd.
West Hollywood, CA 90048
PH 310-271-9011 Fax 310-271-3511



# Sales Order

| Name / Address |
|---|
| Urbanbuilders inc |
| Roosevelt Lofts, LLC |
| 660 Figueroa 24th Floor |
| Los Angeles, CA 90017 |

| Date | S.O. No. |
|---|---|
| 12/19/2008 | 01010654 |
| Terms | Rep |
| | |

| Item | Description | Ordered | Price Each | Amount |
|---|---|---|---|---|
| storage fee | $1000.00 per month storage fee (10/2008) | | 1,000.00 | 1,000.00T |
| storage fee | $1000.00 per month storage fee (11/2008) | | 1,000.00 | 1,000.00T |
| storage fee | $1000.00 per month storage fee (12/2008) | | 1,000.00 | 1,000.00T |

1. *BALANCE DUE: The total remaining balance is due before delivery by check only.
2. This contract is subject to the terms and conditions on the face and reverse side of the agreement.
3. No work will be performed or materials ordered until the Buyer signs this Agreement.
4. Once an order is in production, any changes, deletions, additions or alterations may be subject to penalties as well as delays in delivery.

| | | |
|---|---|---|
| | **Subtotal** | $3,000.00 |
| This Agreement becomes binding upon endorsement and acceptance of deposit. I, the Purchaser, have read the above and agree to the terms and conditions of this agreement. I have reviewed and approved by signature all drawings, specifications and addendums as attached. | **Sales Tax (9.75%)** | $292.50 |
| | **Total** | $3,292.50 |

NOTE/COMMENTS: Delivery takes twelve to fourteen
weeks from the time order is placed with factory.        Customer Signature

41

5/7

Bontempi USA

The Avenue of Arts and Design
8919 Beverly Blvd.
West Hollywood, CA 90048
PH 310-271-9011 Fax 310-271-3511



# Sales Order

| Name / Address |
| --- |
| Urbanbuilders inc |
| Roosevelt Lofts, LLC |
| 660 Figueroa 24th Floor |
| Los Angeles, CA 90017 |

| Date | S.O. No. |
| --- | --- |
| 2/3/2009 | 01010673 |

| Terms | Rep |
| --- | --- |
|  |  |

| Item | Description | Ordered | Price Each | Amount |
| --- | --- | --- | --- | --- |
| storage fee | $1000.00 per month storage fee (01/2009) replacement items |  | 1,000.00 | 1,000.00T |

1. *BALANCE DUE: The total remaining balance is due before delivery by check only.
2. This contract is subject to the terms and conditions on the face and reverse side of the agreement.
3. No work will be performed or materials ordered until the Buyer signs this Agreement.
4. Once an order is in production, any changes, deletions, additions or alterations may be subject to penalties as well as delays in delivery.

|  | Subtotal | $1,000.00 |
| --- | --- | --- |
| This Agreement becomes binding upon endorsement and acceptance of deposit. I, the Purchaser, have read the above and agree to the terms and conditions of this agreement. I have reviewed and approved by signature all drawings, specifications and addendums as attached. | Sales Tax (9.75%) | $97.50 |
|  | Total | $1,097.50 |

NOTE/COMMENTS: Delivery takes twelve to fourteen
weeks from the time order is placed with factory.     Customer Signature

42

6/7

Bontempi USA

The Avenue of Arts and Design
8919 Beverly Blvd.
West Hollywood, CA 90048
PH 310-271-9011 Fax 310-271-3511



## Sales Order

| Name / Address |
| --- |
| Urbanbuilders inc<br>Roosevelt Lofts, LLC<br>660 Figueroa 24th Floor<br>Los Angeles, CA 90017 |

| Date | S.O. No. |
| --- | --- |
| 3/3/2009 | 01010684 |
| **Terms** | **Rep** |
| | |

| Item | Description | Ordered | Price Each | Amount |
| --- | --- | --- | --- | --- |
| storage fee | $1000.00 per month storage fee (02/2009) replacement parts | | 1,000.00 | 1,000.00T |
| storage fee | $1000.00 per month storage fee (03/2009) replacement parts | | 1,000.00 | 1,000.00T |
| storage fee | $1000.00 per month storage fee (04/2009) replacement parts | | 1,000.00 | 1,000.00T |

1. *BALANCE DUE:  The total remaining balance is due before delivery by check only.
2. This contract is subject to the terms and conditions on the face and reverse side of the agreement.
3. No work will be performed or materials ordered until the Buyer signs this Agreement.
4. Once an order is in production, any changes, deletions, additions or alterations may be subject to penalties as well as delays in delivery.

| | |
| --- | --- |
| | **Subtotal**  $3,000.00 |
| This Agreement becomes binding upon endorsement and acceptance of deposit. I, the Purchaser, have read the above and agree to the terms and conditions of this agreement.  I have reviewed and approved by signature all drawings, specifications and addendums as attached. | **Sales Tax  (9.75%)**  $292.50 |
| | **Total**  $3,292.50 |

NOTE/COMMENTS: Delivery takes twelve to fourteen
weeks from the time order is placed with factory.      Customer Signature

43

7/7