DANIEL H. SLATE (SBN: 78173)
RICHARD P. ORMOND (SBN: 207442)
BRIAN T. HARVEY (SBN: 238991)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: dslate@buchalter.com
Email: rormond@buchalter.com
Email: bharvey@buchalter.com

Attorneys for Bank of America, N.A., individually and as
Administrative Agent for a Group of Lenders

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-14214-GM |
| ROOSEVELT LOFTS, LLC, a Delaware limited liability company, | Chapter: 11 |
| Debtor. | **THE BANK GROUP'S POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | Date: January 4, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 303<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY**

**JUDGE, AND TO THE DEBTOR AND OTHER PARTIES IN INTEREST:**

Bank of America, N.A. (the "Bank of America"), individually and as agent for a group of

lenders (the "Bank Group")[1] seeks relief from the automatic stay pursuant to 11 U.S.C. §

362(d)(1) and (d)(3) for authority to exercise any and all of its rights and remedies under its loan

---

[1] The Bank Group consists of Bank of America, N.A., Manufacturers Bank, a California banking corporation, United Commercial Bank, a California banking corporation, and East West Bank, a California banking corporation.

1

documents and applicable law (the "Motion") in connection with the real property located at 727 West 7th Street, Los Angeles, California (the "Property").

## I.

## **INTRODUCTION**

Roosevelt Lofts, LLC (the "Debtor") filed its bankruptcy petition on April 13, 2009. Three days later General Growth Properties, Inc. filed the largest real estate bankruptcy case in U.S. history. More than 20 months have passed. In that time General Growth negotiated with its creditors, proposed a plan, sought support from among the creditor body and successfully emerged from bankruptcy. In stark contrast, in this comparatively simple single asset real estate case, the Debtor has not managed to propose a plan that is confirmable. Moreover, the Debtor does not even foresee the possibility of confirming a plan anytime in the near future and requested an additional four months to start all over again and propose a new disclosure statement and plan. By the time the Court approves a new disclosure statement and allows for the necessary expert analysis, discovery and briefing on the new plan, it is likely that **more than 30 months** will have passed before this case sees a hearing on confirmation.

When Congress added section 362(d)(3) to the Bankruptcy Code, its intention was clear. "This amendment will ensure that the automatic stay provision is not abused, while giving the debtor an opportunity to create a workable plan of reorganization." S. REP. NO. 103-168 (1993). "Without bankruptcy reform, companies, creditors, and debtors alike will continue to be placed on endless hold until their rights and obligations are adjudicated under the present system--and that slows down new ventures, new extensions of credit and new investments." 140 CONG. REC. H. 10764 (1994)(statements of Rep. Brooks, chairperson of the House Judiciary Committee)(emphasis added).

For more than a year and a half, the Debtor has tied up the Property, keeping the Bank Group from exercising its rights under the lien granted to secure repayment of over $80 million. The Debtor's strategy is clear: delay the bankruptcy process and pray for a miraculous turnaround in the Downtown residential real estate market. This case is exactly what Congress intended to prevent with the addition of section 362(d)(3). In a single asset real estate case, the Court must

grant a moving creditor relief from stay pursuant to section 362(d)(3) unless "the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed <u>within a reasonable time</u>." 11 U.S.C. §362(d)(3)(A)(emphasis added). It is well past the time for idle speculation on the Debtor's prospects for a successful reorganization. Simply put, this case was filed in April of 2009 and the Debtor's plan has not been confirmed within a reasonable time. Relief from stay must be granted.

These same concerns justify granting relief from stay for cause under section 362(d)(1) as well. In addition, further cause exists to grant relief from stay under section 362(d)(1) due to the Debtor's failure to comply with certain requirements under the Court's Order Granting Debtor's Motion For Order Authorizing Debtor To (A) Conduct a Public Auction of and Sell Certain Condominium Units Free and Clear of All Liens, Claims, Interests and Encumbrances; and (B) Employ Kennedy Wilson Auction Group Inc. As Auctioneer (the "Auction Order") establishing deadlines for the Debtor to complete construction of the Property.[2] For these reasons, the Bank Group requests that the Court grant relief from stay and release the Bank Group from this endless hold on its rights to recover its funds.

## II.

## FACTUAL BACKGROUND

The Bank Group holds a valid, perfected senior security interest in the real and personal property of the Debtor commonly known as the "Roosevelt Building," located at 727 West 7th Street, Los Angeles, California, including an absolute assignment of all rents, issues and profits generated from operation of the Property (the "Collateral"). On or about March 9, 2006, the Debtor executed a Construction Loan Agreement (the "Loan Agreement") with the Bank of America N.A., as Administrative Agent for the Bank Group in the amount of $78,840,375. On or about March 9, 2006, the Debtor executed a Deed of Trust Note in the original principal amount of $78,840,375 (the "Note"). The Loan Agreement and Note are secured by two deeds of trust: (i) the Construction Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing recorded on March 22, 2006 and re-recorded on November 17, 2006 to correct

---

[2] The Auction Order was entered on January 8, 2010 as docket number 286.

certain typographical errors (the "Fee Deed of Trust"), and (ii) the Construction Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing (California Leasehold Interest) recorded on March 22, 2006 (the "Leasehold Deed of Trust", and collectively, with the Fee Deed of Trust, the "Deeds of Trust"). The Deeds of Trust encumber the Collateral to secure performance of the obligations evidenced by the Note and the Loan Agreement.

The Debtor defaulted on its obligations to the Bank Group. As a result, the Bank of America delivered a default notice dated as of December 30, 2008. The Debtor remains in default, having failed to cure, and in addition, the Loan matured on its terms on March 9, 2009. Shortly before a hearing on a receivership motion, on April 13, 2009 (the "Petition Date") the Debtor filed a voluntary petition under chapter 11.

On September 10, 2009, the Bank Group filed its proof of claim with the Bankruptcy Court. As of September 3, 2009, the Debtor is indebted to the Bank Group for the principal balance of $77,759,010.54, together with the accrued interest of $4,061,586.52, for a total amount of $81,820,597.06. Pursuant to an order entered on June 1, 2010 as docket no. 492, the Court approved a stipulation with the Bank Group that provided, among its other terms that the claim of the Bank Group is "allowed, at a minimum, only as a secured claim in the amount of $78,422,049.22 plus interest that has accrued since September 3, 2009 (the "Minimum Claim Amount"), subject to the Debtor's right to assert that [the claim] shall not be allowed in an amount greater than the Minimum Claim Amount."

According to the Debtor, the Bank Group is oversecured, and therefore, post-petition interest, late charges, fees and costs continue to accrue. Copies of the Loan Agreement, Note and Deeds of Trust are attached as Exhibits 1 and 2 to the Declaration of David Kegaries, filed concurrently herewith.

### III.

### ARGUMENT

**A. Pursuant To Section 362(d)(3) The Court Must Grant The Bank Group Relief From The Automatic Stay**

A court shall grant a secured creditor relief from the automatic stay on single asset real

4

estate pursuant to section 362(d)(3) unless within 90 days after entry of the order for relief or 30 days after the court determines that the debtor is subject to section 362(d)(3), whichever is later, the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or has commenced monthly interest payments to the secured creditor. 11 U.S.C. § 362(d)(3).

The deadline provided by section 362(d)(3) is intended to protect secured creditors against the harm caused by a debtor's failure to promptly file a plan or reorganization or commence interest payments to the creditor and must be strictly followed by the courts. *See Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R 320, 327 (Bankr. E.D. Vir. 1996)("The Court views relief under § 362(d)(3) to be mandatory where its provisions are not strictly complied with."); *cited by Centofante v. CBJ Dev. (In re CBJ Dev.)*, 202 B.R. 467, 470 (9th Cir. B.A.P. 1996).

The Debtor's bankruptcy petition indicated the Debtor was a single asset real estate entity as defined by section 101(51B). As a result, the Debtor was required to file its chapter 11 plan or commence interest payments on or before July 12, 2009. That deadline was extended by stipulations and orders of the Court to August 31, 2009. The Debtor did not commence making interest payments prior to the deadline, but on August 31, 2009 the Debtor filed its first chapter 11 plan (the "First Plan"). That plan was never confirmed and the Debtor filed an amended plan on February 26, 2010 (the "Amended Plan").

The requirements of section 362(d)(3) are not met by the mere possibility that the Debtor will eventually be able to formulate some plan capable of confirmation, rather it requires that within the first 90 days of the case, the debtor has filed a specific plan that can be confirmed within a reasonable time. If that particular plan is not confirmable, relief from stay must be granted regardless of whether the debtor later files an amended plan capable of confirmation. *See In re Highway 751 Partners, LLC*, 2010 Bankr. LEXIS 562 (Bankr. E.D.N.C. 2010) (Although the SARE debtor attempted to cure deficiencies in its chapter 11 plan filed within 90 days of petition date, the amended plan was filed more than 90 days after the petition date and no interest payments were commenced within the first 90 days. Therefore, section 362(d)(3) required that

the Court grant relief from stay. The Court held, "§ 362(d)(3) is mandatory . . . Even if the debtor's amended plan were confirmable, it was not filed within 90 days of the order for relief . . . Thus, [the secured creditor] would still be entitled to relief from the automatic stay pursuant to § 362(d)(3)."); *see also In re Carolina Commons Dev. Group, LP*, 2010 Bankr. LEXIS 1672 (Bankr. E.D.N.C. 2010).

The Debtor's First Plan was admittedly not capable of being confirmed, requiring the Debtor to file the Amended Plan six months later. As a result, the Debtor failed to file a plan within the first 90 days of the bankruptcy case that is capable of being confirmed.[3] Following the mandatory language of section 362(d)(3), the Bank Group must be granted relief from stay.

Moreover, the Court must grant the Bank Group relief from stay because the Debtor failed to comply to with the second component of section 362(d)(3); that the plan be capable of being confirmed <u>within a reasonable time</u>. In the present situation, the Court does not need to speculate on the amount of time it may take the Debtor to confirm a plan. The Debtor has requested that the confirmation hearing be taken off calendar, admitted to the Court that the First Amended Plan is incapable of confirmation and stated that it needs at least another four months to propose a second amended plan and disclosure statement. Therefore, the Court must only answer the question, is more than two years a reasonable amount of time to confirm a plan in a single asset real estate case?

It is hard to imagine that Congress would have thought more than two years was reasonable, given that it required single asset real estate debtors to file a plan within the first 90 days of a case. Two years is a long time to confirm a plan even in a more typical chapter 11 case where extensions of the exclusivity period are the norm. However, section 362(d)(3) is intended to shorten the length of a single asset real estate case and compel the debtor to either quickly reorganize and emerge from bankruptcy or surrender the property to the secured creditor.

Granting relief from stay pursuant to section 362(d)(3), a Northern District of California Bankruptcy Court in *In re El Cerrito Land Partners, LLC* held, "The [debtor's] plan was a plan in

---

[3] Neither version of the Debtor's plan is confirmable. The Bank Group's Opposition To Confirmation Of Debtor's Plan, filed on May 28, 2010 as docket number 488, sets forth the numerous deficiencies under the requirements of section 1129.

name only.  In essence, it proposed that the debtor would have another two years to attempt to sell or refinance the Property without making any payments to [the secured creditor]. This is clearly contrary to the spirit of § 362(d)(3) which was enacted to prevent single asset real estate debtors from using chapter 11 for the purpose of delay in the hopes that the real estate market would improve." *In re El Cerrito Land Ptnrs, LLC*, 2009 Bankr. LEXIS 3181, 8 (Bankr. N.D. Cal 2009).  In this case, the Debtor has not confirmed a plan, or even filed a confirmable plan, yet it has still managed to stay in bankruptcy for the last 20 months, and delay the Bank Group from exercising its rights and remedies, while not making a single payment to the Bank Group.  And the Debtor has requested at least another four months.  There is no question that the Debtor has exceeded the timeframe intended for a single asset real estate case, and relief from stay must be granted.

**B.    Cause Exists To Grant Relief Under Section 362(d)(1) Because The Debtor Has Failed To Comply With The Court's Orders.**

Upon the request of a party in interest, a court shall grant relief from the automatic stay "for cause," which includes the lack of adequate protection of the party's interest in property. 11 U.S.C. § 362(d)(1).  In addition to lack of adequate protection, cause can be established by virtue of other factors and is to be determined on a case-by-case basis.  *In re Tucson Estate, Inc.*, 912 F.2d 1162 (9th Cir. 1990); *In re Trident Associates Ltd. Partnership*, 52 F.3d 127 (6th Cir. 1995).

In the present case, cause exists under section 362(d)(1) due to the Debtor's failure to comply with an order of the Court.  The Auction Order set two deadlines for the Debtor to complete different phases of construction on the Property:

> "Completion of Construction. On or before March 31, 2010, the Debtor shall complete construction of the ninth and tenth floors (as well as any work remaining on floors two through eight) of the Building (the "First Phase"). On or before June 30, 2010, the Debtor shall complete construction of the remaining floors of the Building (other than the penthouse units in the Building, which will have incomplete finishes to be customized by buyers) (the "Second Phase," and together with the First Phase, the "Construction"). The Construction shall be of substantially similar quality and style as is used throughout the Building and otherwise consistent in every material respect with the construction plans and specifications implemented by the Debtor before the commencement of its bankruptcy

case."

The Debtor did not meet the completion deadline for either the First Phase or the Second Phase. Steven Norris, a certified real estate appraiser retained by the Bank Group to conduct an analysis of the cost to complete construction, inspected the Property on October 7, 2010. Mr. Norris determined that substantial work is needed to complete construction on floors 9 through 15 of the Property, and estimated the total cost to complete construction at $2,800,000. As set forth in greater detail in the report prepared by Mr. Norris, significant electrical, plumbing, painting and flooring work remains to be completed. A copy of the report Mr. Norris prepared pursuant to his inspection of the Property which sets forth his analysis of the cost to complete construction is attached as Exhibit 1 to the Declaration of Steven Norris, filed concurrently herewith.

As a result of the Debtor's noncompliance with this Court's order to complete construction on the Property and its total failure to make any progress in the last 20 months, more than sufficient cause exists to grant the Bank Group relief from stay under section 362(d)(1).

## IV.

## **CONCLUSION**

Based on the foregoing, the Bank Group requests that the Court grant the motion authorizing the Bank Group to exercise its rights and remedies under applicable law and the Loan Documents with respect to the Properties and all related assets as identified in the Loan Documents. The Bank Group also requests that the Court grant any other relief it deems necessary.

DATED: December 14, 2010

BUCHALTER NEMER
A Professional Corporation

By: /s/ Brian Harvey
BRIAN T. HARVEY
Attorneys for Bank of America, N.A.,
individually and as Administrative Agent for a
Group of Lenders

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Buchalter Nemer, 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document described as <u>THE BANK GROUP'S POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 14, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- John B Acierno    ecfcacb@piteduncan.com
- Carleton R Burch    crb@amclaw.com, amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;mav@amclaw.com;esf@amclaw.com;slc@amclaw.com;csh@amclaw.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- L Dominic Chacon    ldominicchacon@yahoo.com
- Cynthia M Cohen    cynthiacohen@paulhastings.com

☒ Service information continued on attached page

**II.  <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**(indicate method for each person or entity served)**:**
On December 14, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **Debtor** | **Honorable Geraldine Mund** |
| **Roosevelt Lofts, LLC** | U.S. Bankruptcy Court |
| 660 S Figueroa St 24th Fl | 21041 Burbank Blvd., Room 342 |
| Los Angeles, CA 90017 | Woodland Hills, CA 91367-6606 |
| (Via U.S. Mail) | (bin outside of elevators on 3rd floor) |
| | (Via Federal Express) |

☒ Service information continued on attached page

**III.  <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 14, 2010 | R. Reeder | /s/ R. Reeder |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                  **9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") Contiuned:**
- Travis W Feuerbacher    tfeuerbacher@gglts.com
- Steven R Fox    emails@foxlaw.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lala@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Brian L Holman    b.holman@mpglaw.com
- Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- Mark J Krone    crb@amclaw.com, crs@amclaw.com;amc@amclaw.com
- Ian Landsberg    ilandsberg@lm-lawyers.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Russell H Rapoport    rrapoport@prllplaw.com, lgillis@prllplaw.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Marian K Selvaggio    selvaggio@huntortmann.com
- Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Lindsey L Smith    lls@lnbrb.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Brandon J Witkow    bwitkow@lockelord.com
- Aimee Y Wong    aywong@mckennalong.com

**SERVED BY U.S. MAIL)**
**Committee of Creditors Holding Unsecured Claims**
Landsberg Margulies LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436


**SERVED BY U.S. MAIL (REQUEST FOR SPECIAL NOTICE)**

Theodore A. Anderson
690 S Brea Blvd
Brea, CA 92821

David J. Barnier
Barker Olmsted & Barnier APLC
3550 Camino del Rio North, Ste 303
San Diego, CA 92108

Robert M Bingham
200 S Main St Ste 200
Corona, CA 92878-3600

Robert Blonstein
Castle & Associates
1925 Century Park East Ste 210
Los Angeles, CA 90067

Alan J Carnegie
23975 Park Sorrento Ste 227
Calabasas, CA 91302

Alan B Clark
355 South Grand Ave
Los Angeles, CA 90071-1560

Patrick J Duffy
725 S Figueroa St Ste 3200
Los Angeles, CA 90017-5446

E Leonard Fruchter
Law Offices of E Leonard Fruchter
1609 Cravens Ave
Torrance, CA 90501

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                **9013-3.1.PROOF.SERVICE**

William C Hernquist
2404 Broadway, Second Floor
San Diego, CA 92102

Beard Hobbs
Beard Hobbs Attorney at Law
7844 La Mesa Blvd
La Mesa, CA 91941

Heather Kadeg
30423 Canwood St Ste 131
Agoura Hills, CA 91301

Meyer S Levitt
10880 Wilshire Blvd Ste 1101
Los Angeles, CA 90024

Kirk S MacDonald
Gill and Baldwin PC
130 North Brand Blvd Ste 405
Glendale, CA 91203-2617

Scott H Marcus
Scott H Marcus & Associates
121 Johnson Rd
Turnersville, NJ 08012

Herbert Alfred Mayer
5360 Willow Oak St
Simi Valley, CA 93063-4591

Gerald W Mouzis
The Mouzis Law Firm APC
13681 Newport Ave Ste N8-605
Tustin, CA 92780

Fred S Pardes
34211 Pacific Coast Hwy Ste 103
Dana Point, CA 92629

Morton G Rosen
6080 Center Dr Ste 800
Los Angeles, CA

Serge Sinanian
Hunt Ortmann Palffy Nieves Lubka et al
301 N Lake Ave 7th Fl
Pasadena, CA 91101-1807

Wallace H Sweet
Hernquist & Associates
8407 La Mesa Blvd
La Mesa, CA 91942

Homan Taghdiri
660 S Figueroa St 24th Fl
Los Angeles, CA 90017

Benjamin R Trachtman
27401 Los Altos Suite 450
Mission Viejo, CA 92691

Cheryl L Van Steenwyk
611 Wilshire Bl Ste 810
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **9013-3.1.PROOF.SERVICE**