DANIEL H. SLATE (SBN: 78173)
RICHARD P. ORMOND (SBN: 207442)
BRIAN T. HARVEY (SBN: 238991)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: dslate@buchalter.com
Email: rormond@buchalter.com
Email: bharvey@buchalter.com

Attorneys for Bank of America, N.A., individually and as
Administrative Agent for a Group of Lenders

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>ROOSEVELT LOFTS, LLC, a Delaware limited liability company,<br><br>Debtor. | Case No. 1:09-bk-14214-GM<br><br>Chapter: 11<br><br>**THE BANK GROUP'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date:    January 25, 2011<br>Time:    10:00 a.m.<br>Place:   Courtroom 303<br>             21041 Burbank Blvd.<br>             Woodland Hills, CA 91367 |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, AND TO THE DEBTOR AND OTHER PARTIES IN INTEREST:**

Bank of America, N.A. (the "Bank of America"), individually and as agent for a group of lenders (the "Bank Group")[1] files this reply (the "Reply") in support of its motion for relief from the automatic stay (the "Motion") in connection with the real property located at 727 West 7th

---

[1] The Bank Group consists of Bank of America, N.A., Manufacturers Bank and East West Bank, a California banking corporation.

Street, Los Angeles, California (the "Property") and provides the following responses to Roosevelt Lofts, LLC's (the "Debtor") opposition to the Motion (the "Opposition").

## I.

## INTRODUCTION

The Debtor's Opposition boils down to two arguments. The Debtor argues that the Court should not enforce Bankruptcy Code section 362(d)(3)[2] because: (i) although the Debtor did not comply with the requirement to confirm a plan "within a reasonable time," it tried to, and (ii) the failure to confirm a plan within a reasonable time is not the Debtor's fault because the Bank Group opposed its efforts. Section 362(d)(3) does not, however, excuse a debtor from compliance if it has been unable to confirm a plan within a reasonable period of time, but tried really hard. Moreover, the requirement is not waived simply because the debtor faces a challenge as unremarkable as opposition from a secured creditor. The purpose of section 362(d)(3) is clear. It is intended to ensure the quick resolution of single asset real estate cases. This case was filed in the spring of 2009 and more than 20 months have passed with no confirmation hearing in sight. No additional analysis is required; more than 20 months to confirm a plan is not a "reasonable" amount of time in a single asset real estate case. The failure to confirm a plan within the first 20 months of the case is not made "reasonable" simply because the Debtor faced opposition from one of its secured creditors or because the Debtor says it would be better to await the outcome of third party litigation in order to enhance the possibility of confirmation.[3] The requirements of section 362(d)(3) have not been met and on that basis relief from stay must be granted.

Although the Bank Group does not believe it is necessary for the Court to look beyond section 362(d)(3), relief from stay is also warranted under section 362(d)(1) due to the Debtor's failure to complete construction on the Property as required by the Court's Auction Order.[4] The Debtor freely admits it violated the requirements of the Auction Order, but cavalierly suggests it's not that big of a deal, arguing that granting relief from stay is too "extreme" a response by the Court. The requirement for the Debtor to complete construction was not included to pad the

---

[2] Statutory references used herein shall be to title 11 of the United States Code unless otherwise noted.
[3] Perhaps more likely, the Debtor was hoping for a dramatic turn in the market.
[4] Defined terms used herein shall have the same meaning ascribed in the Motion unless otherwise noted.

1  pages of the Auction Order, it was intended to set bench marks for progress in this case. For that

2  reason, the Debtor's failure to complete construction is not a harmless violation. Furthermore, it

3  demonstrates that even the Debtor's equity holders are now hesitant to invest additional funds in

4  this languishing bankruptcy case. The Debtor's willful violation of the Auction Order provides

5  sufficient cause to grant relief from stay pursuant to section 362(d)(1).

**II.**

**REPLY**

**A.    The Debtor Did Not Confirm a Plan Within a Reasonable Time as Required by Section 362(d)(3).**

The Debtor devotes much of the Opposition to distinguishing the facts of this case from the cases cited in the Motion. Those cases were not cited, however, because of any similarities in the chapter 11 plans, but rather for their interpretation of section 362(d)(3) and the general principles espoused by the courts. The Bank Group concedes that the facts in this case are not on all fours with *In re Highway 751 Partners, LLC* and *In re Carolina Commons Dev. Group, LP*. However those two cases are cited to demonstrate that certain courts have interpreted section 362(d)(3) to require that the initial plan filed within the 90-day time period be capable of confirmation, not an amended plan filed after the 90 days has expired. *See In re Highway 751 Partners, LLC*, 2010 Bankr. LEXIS 562 (Bankr. E.D.N.C. 2010)("§ 362(d)(3) is mandatory . . . Even if the debtor's amended plan were confirmable, it was not filed within 90 days of the order for relief . . . Thus, [the secured creditor] would still be entitled to relief from the automatic stay pursuant to § 362(d)(3)."); *see also In re Carolina Commons Dev. Group, LP*, 2010 Bankr. LEXIS 1672 (Bankr. E.D.N.C. 2010). Presumably Congress did not intend for section 362(d)(3) to be undermined by the filing of a plan merely to meet the deadline when it is clear multiple amendments will be needed before the actual plan is ready for a confirmation hearing.

Regardless of whether the Court chooses to follow the strict reading of section 362(d)(3) adopted by *In re Highway 751 Partners, LLC* and *In re Carolina Commons Dev. Group, LP*, at a minimum a debtor must confirm *a* plan within a reasonable time and this Debtor has not. The Debtor incorrectly interprets the Bank Group's argument for relief,stating in the Opposition that

3

Case 1:09-bk-14214-GM    Doc 712    Filed 01/14/11    Entered 01/14/11 16:55:53    Desc
Main Document      Page 4 of 11

1  the Bank Group contends relief from stay must be granted because the First Amended Plan is not

2  capable of being confirmed within a reasonable time. The Opposition goes on to cite case law for

3  the proposition that a relief from stay hearing should not be a mini confirmation hearing.

4  However, the Debtor has stepped past the basis for relief and is responding to an argument the

5  Bank Group has not made.

6       The Bank Group is not raising the issue of whether the Debtor will be able to confirm a

7  plan sometime in the future, rather the Bank Group is arguing that the window to confirm a plan

8  within a reasonable time has already expired. For that reason, the Bank Group is not asking the

9  Court to speculate on whether the Debtor may at some point in the future be able to confirm a

10 further amended plan, and it wholeheartedly agrees that the hearing on the Motion should not be a

11 mini confirmation hearing. In fact the Debtor correctly points out that the Motion does not focus

12 on the future confirmability of the Debtor's proposed plans. The real issue is the simple fact that

13 a reasonable time has long since come and gone and the Debtor has not yet confirmed a plan.

14 The Court need only consider the length of time this case has been pending and the additional

15 amount of time the Debtor claims it will require before it will be ready for a confirmation hearing,

16 in all more than two years. The Bank Group contends the Court can rule on the Motion by

17 answering one question, is more than two years a reasonable amount of time to confirm a plan in

18 a single asset real estate case? The Bank Group believes two years far exceeds the timeframe for

19 a quick resolution of single asset cases intended by Congress when it enacted section 362(d)(3).

20      The Opposition provides numerous explanations for the delays in this case, but none of

21 them excuses compliance with section 362(d)(3). The Debtor complains that the Bank Group

22 opposed many of its motions and discusses at length the procedural history of the case. Such

23 issues, however, are irrelevant to whether relief from stay is warranted. From the beginning of

24 this case the Bank Group did not believe a successful reorganization would be possible and for

25 that reason opposed certain of the Debtor's motions in order to preserve the Bank Group's

26 interests in the Property for what it believes is the inevitable failure of this case. The Debtor

27 emphasizes the Bank Group's tactics as if such oppositions from a creditor are unheard of and

28 justify special consideration from the Court. Section 362(d)(3) does not provide such

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**BANK GROUP'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

consideration nor excuse a debtor from confirming its plan within a reasonable time simply because a creditor is opposing its efforts. Many debtors have confirmed plans under stiffer opposition in significantly less time than this case has been pending. Likewise, the provisions of section 362(d)(3) are not waived because the Debtor desires to await the resolution of the litigation between the Bank Group and mechanic's lien claimants in the hopes that the outcome will aid confirmation of its plan.

**B.     The Debtor's Violation of the Auction Order Provides Sufficient Cause to Grant Relief From Stay Pursuant to Section 362(d)(1).**

The Opposition does not offer any compelling justification for the Debtor's violation of the Auction Order. In fact, the Debtor's violation of the order appears to be a willful and calculated decision. The Debtor's president, M. Aaron Yashouafar, states in his declaration, "I do not believe that the need to complete construction of the Building is immediate." Yashouafar Declaration, ¶ 23. He goes on to suggest that to complete construction of the building as required by the Court, would result in a "windfall" to the Bank Group by enhancing the value of the Property. Indeed, it is telling that the Debtor's president is reluctant to expend funds to complete the building. Further, it highlights the gross inequity pressed upon the Bank Group, which has been forced to unwillingly invest over $80 million in this failed project, while the Debtor's president informs the Court that he and the other equity interest holders simply chose not to comply with the Court's order to complete construction because they did not want to invest their own funds. Mr. Yashouafar's position is clear, it is acceptable to indefinitely tie up and subject the Bank Group's money to loss, but not the funds of the equity holders in control of the Debtor.

The Auction Order does not contain a condition that relieves the Debtor of the requirement to complete construction if the auction does not go forward or because the Debtor's equity holders do not wish to invest the funds necessary to complete the construction.[5] The

---

[5] The Debtor blames its failure to conduct the auction on Fannie Mae's refusal to approve financing and admits that the auction cannot proceed until Fannie Mae agrees to provide purchase financing for prospective bidders. The Debtor claims that the auction will go forward after confirmation of a plan of reorganization, when the Debtor "believes" Fannie Mae will change its mind and approve financing. However, Fannie Mae's policy is to not provide financing until 70% of the units are sold, a catch 22 the Debtor does not address. The Debtor provides no basis for its belief that Fannie Mae will reverse this policy.

1  Debtor willfully violated an order of this Court intended to compel progress in the case,
2  apparently because the Debtor's own equity holders do not want to invest the required funds
3  while there is no prospect for the sale of the units and when any possibility of confirmation is
4  many months away.  Why should the Bank Group be prohibited from recovering its $80 million
5  secured by the Property when the Debtor's equity holders are refusing to comply with a Court
6  order and invest their own money in the Property?  Under the circumstances, the Debtor's failure
7  to timely complete construction on the Property provides sufficient cause to grant relief from stay
8  under section 362(d)(1).

**C.    The Granting of Relief From Stay Does Not Impact the Mechanic's Lien Litigation nor Prejudice the Rights of Senior Mechanic's Lienholders.**

The Debtor argues that the mechanic's lien claimants who have asserted priority over the Bank Group's lien would be negatively impacted by the granting of relief from stay.  Likewise, alleged mechanic lienholder Muir-Chase Plumbing Co., Inc. ("Muir-Chase") filed a brief opposition requesting the Court to delay ruling on the Motion until after outcome of the lien priority litigation.  However, Muir-Chase provides no argument for why a ruling on the Motion would "circumvent" the litigation and despite the Debtor's contention, the mechanic's lien claimants' interests would be unaffected by the granting of the Motion.  Even if the Court determines that Muir-Chase or any other mechanic's lien claimants hold a valid senior lien, the granting of relief from stay would in no way impact the validity or enforceability of such senior liens on the Property.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# III.

# **CONCLUSION**

Based on the foregoing, the Bank Group requests that the Court grant the Motion authorizing the Bank Group to exercise its rights and remedies under applicable law and the Loan Documents with respect to the Property and all related assets as identified in the Loan Documents. The Bank Group also requests that the Court grant any other relief it deems necessary.

DATED: December 14, 2010

BUCHALTER NEMER
A Professional Corporation


By: _____/s/ Brian Harvey_____
BRIAN T. HARVEY
Attorneys for Bank of America, N.A.,
individually and as Administrative Agent for a
Group of Lenders

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Buchalter Nemer, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA  90017

A true and correct copy of the foregoing document described as **THE BANK GROUP'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2011 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II**. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On January 14, 2011 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on                           , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 14, 2011 | Terrine Pearsall | /s/ Terrine Pearsall |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
BN 8008534v1

**9013-3.1.PROOF.SERVICE**

**I**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –

- John B Acierno    ecfcacb@piteduncan.com
  Carleton R Burch    crb@amclaw.com, amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;mav@amclaw.com;esf@amclaw.com;slc@amclaw.com;csh@amclaw.com
  Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
  L Dominic Chacon    ldominicchacon@yahoo.com
  Cynthia M Cohen    cynthiacohen@paulhastings.com
  Travis W Feuerbacher    tfeuerbacher@gglts.com
  Steven R Fox    emails@foxlaw.com
  Helen R Frazer    hfrazer@aalrr.com
  Varand Gourjian    vg@gourjianlaw.com, lucy@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com
  Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
  Herbert Hayden    herbert@ntlg.us
  Brian L Holman    b.holman@mpglaw.com
  Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
  Mark J Krone    crb@amclaw.com, crs@amclaw.com;amc@amclaw.com
  Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
  David L. Neale    dln@lnbrb.com
  Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
  Russell H Rapoport    rrapoport@prllplaw.com, lgillis@prllplaw.com
  S Margaux Ross    margaux.ross@usdoj.gov
  Bruce D Rudman    bdr@agrlaw.net
  William D Schuster    bills@allieschuster.org
  Marian K Selvaggio    selvaggio@huntortmann.com
  Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
  Lindsey L Smith    lls@lnbrb.com
  David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
  United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
  Marc Weinberg    marcweinberg@att.net
  Brandon J Witkow    bwitkow@lockelord.com
  Aimee Y Wong    aywong@mckennalong.com

**II**.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**

**VIA OVERNIGHT MAIL**:

Hon. Geraldine Mund
U.S. Bankruptcy Court
21041 Burbank Blvd., Room 342
Woodland Hills, CA 91367-6606

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **9013-3.1.PROOF.SERVICE**
BN 8008534v1

**VIA U.S. MAIL**:

Theodore A. Anderson
690 S Brea Blvd
Brea, CA 92821

David J. Barnier
Barker Olmsted & Barnier APLC
3550 Camino del Rio North, Ste 303
San Diego, CA 92108

Rachael H Berman
Buchalter Nemer
1000 Wilshire Blvd Ste 1500
Los Angeles, CA 90017

Robert M Bingham
200 S Main St Ste 200
Corona, CA 92878-3600

Robert Blonstein
Castle & Associates
1925 Century Park East Ste 210
Los Angeles, CA 90067

Alan J Carnegie
23975 Park Sorrento Ste 227
Calabasas, CA 91302

Alan B Clark
355 South Grand Ave
Los Angeles, CA 90071-1560

Patrick J Duffy
725 S Figueroa St Ste 3200
Los Angeles, CA 90017-5446

E Leonard Fruchter
Law Offices of E Leonard Fruchter
1609 Cravens Ave
Torrance, CA 90501

William C Hernquist
2404 Broadway, Second Floor
San Diego, CA 92102

Beard Hobbs
Beard Hobbs Attorney at Law
7844 La Mesa Blvd
La Mesa, CA 91941

Heather Kadeg
30423 Canwood St Ste 131

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **9013-3.1.PROOF.SERVICE**
BN 8008534v1

Agoura Hills, CA 91301

Meyer S Levitt
10880 Wilshire Blvd Ste 1101
Los Angeles, CA 90024

Kirk S MacDonald
Gill and Baldwin PC
130 North Brand Blvd Ste 405
Glendale, CA 91203-2617

Scott H Marcus
Scott H Marcus & Associates
121 Johnson Rd
Turnersville, NJ 08012

Herbert Alfred Mayer
5360 Willow Oak St
Simi Valley, CA 93063-4591

Gerald W Mouzis
The Mouzis Law Firm APC
13681 Newport Ave Ste N8-605
Tustin, CA 92780

Fred S Pardes
34211 Pacific Coast Hwy Ste 103
Dana Point, CA 92629

Morton G Rosen
6080 Center Dr Ste 800
Los Angeles, CA

Serge Sinanian
Hunt Ortmann Palffy Nieves Lubka et al
301 N Lake Ave 7th Fl
Pasadena, CA 91101-1807

Wallace H Sweet
Hernquist & Associates
8407 La Mesa Blvd
La Mesa, CA 91942

Homan Taghdiri
660 S Figueroa St 24th Fl
Los Angeles, CA 90017

Benjamin R Trachtman
27401 Los Altos Suite 450
Mission Viejo, CA 92691

Cheryl L Van Steenwyk
611 Wilshire Bl Ste 810
Los Angeles, CA 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **9013-3.1.PROOF.SERVICE**

BN 8008534v1