DAVID L. NEALE (SBN 141225)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dln@lnbyb.com; jyo@lnbyb.com

Attorneys for Chapter 11 Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:09-bk-14214-GM |
| ROOSEVELT LOFTS, LLC, a Delaware limited liability company, | Chapter 11 |
| Debtor. | **DEBTOR'S REPORT ON STATUS OF CASE; DECLARATION OF M. AARON YASHOUAFAR IN SUPPORT THEREOF** |
| | Status Conference:<br>Date:   March 2, 2011<br>Time:  10:00 a.m.<br>Place: Courtroom "303"<br>            21041 Burbank Blvd.<br>            Woodland Hills, California |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ITS COUNSEL, AND PARTIES REQUESTING SPECIAL NOTICE:**

Roosevelt Lofts, LLC, a Delaware limited liability company, the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files this updated report on the status of its case in advance of the status conference scheduled on March 1, 2011 at 10:00 a.m., as follows:

1. The Debtor filed the Debtor's *Amended Chapter 11 Plan Of Reorganization (Dated February 26, 2010)* [Docket No. 321] (the "Plan") on February 26, 2010. Concurrently with the Plan, the Debtor filed the *"Debtor's Amended Disclosure Statement Describing Amended Chapter 11 Plan Of Reorganization (Dated February 26, 2010)"* (the "Disclosure Statement") [Docket No. 322].

2. On April 9, 2010, the Court entered an order approving the Disclosure Statement and setting a hearing to consider confirmation of the Plan (the "Disclosure Statement Order"). Specifically, the Court set the confirmation hearing for October 14, 2010 at 1:30 p.m., with the hearing to be continued, if necessary, to October 15, 2010 at 9:00 a.m. and October 21, 2010 at 1:30 p.m. In addition, pursuant to the Disclosure Statement Order, the Court established certain briefing and discovery deadlines relating to confirmation of the Plan.

3. Objections to confirmation of the Plan were filed by the Debtor's primary secured creditor, Bank of America, N.A., individually and as agent for a group of lenders (the "Bank"), and various alleged mechanic's lien creditors. The objections to Plan confirmation asserted by the mechanic's lien creditors revolved primarily around the issue of lien priority. Specifically, the mechanic's lien creditors alleged that their liens against the Debtor's property collectively had priority over the lien held by the Bank, and that their claims should be treated accordingly under the Plan.

4. Subsequently, the Debtor began negotiating with the alleged mechanic's lien creditors (as a group) to address their various concerns about the Plan and to try to reach the

1  terms of a consensual Plan and Disclosure Statement.  In the meantime, there was litigation
2  pending before this Court between the Bank and a class of alleged mechanic's lien creditors to
3  determine the respective priority of their liens (the "Lien Priority Litigation").

4     5.     The Debtor believes that most, if not all, of the objections to Plan confirmation
5  asserted by the mechanic's lien creditors can be dealt with relatively easily once the Lien
6  Priority Litigation is resolved.  For example, once the lien priority issue is resolved, the Debtor
7  will likely amend the Plan and Disclosure Statement to adjust the relative priorities of the Bank
8  and the mechanic's lien creditors (and the treatment of such claims) under the Plan in
9  accordance with such resolution.  The Debtor also anticipates that the Plan and Disclosure
10 Statement will need to be modified to provide a mechanism for determining whether
11 mechanic's lien creditors have complied with applicable provisions of the California Civil Code
12 which give rise to mechanic's liens (referred to by the parties in the Lien Priority Litigation as
13 "Phase 2") and possibly a procedure for determining the dollar amount of each mechanic's lien
14 claim (referred to by the parties in the Lien Priority Litigation as "Phase 3").

15     6.     Given the Debtor's belief that the resolution of the Lien Priority Litigation
16 would pave the way for confirmation of a consensual (or mostly consensual) form of the Plan,
17 the Debtor requested a continuance of the Plan confirmation hearings scheduled in October
18 2010 and a corresponding extension of the briefing and discovery deadlines relating thereto.
19 The mechanic's lien creditors who were involved in the Lien Priority Litigation (many of
20 whom filed objections to confirmation of the Plan) supported the Debtor's request to continue
21 the Plan confirmation hearings.

22     7.     Ultimately, the Court granted the Debtor's request for a continuance of the Plan
23 confirmation hearings.  Accordingly, on August 3, 2010, the Court entered an order [Docket
24 No. 639] (i) taking the Plan confirmation hearings scheduled in October 2010 off calendar, (ii)
25 vacating the remaining deadlines for the filing of papers with respect to confirmation of the
26 Plan, and (iii) setting a status conference on December 1, 2010 at 1:30 p.m. to consider the
27 setting of further hearings and other matters pertaining to the Plan.
28

8. At the December 1, 2010 status conference, the Court continued the status conference further to March 2, 2011 at 10:00 a.m.

9. Following the December 1, 2010 status conference, the Bank filed a motion for relief from the automatic stay in the Debtor's case (the "<u>Stay Relief Motion</u>"), presumably to foreclose against the real property owned by the Debtor. The Debtor filed a timely opposition to the Stay Relief Motion. At the hearing on the Stay Relief Motion, held on February 1, 2011 at 10:00 a.m., the parties to the Lien Priority Litigation advised the Court that a settlement in principle had been reached between the Bank and the class of mechanic's lien creditors (the "<u>Lien Priority Settlement</u>"). At the conclusion of such hearing, the Court continued the hearing on the Stay Relief Motion to May 3, 2011 at 10:00 a.m. and ordered that the Debtor file further amended versions of the Plan and Disclosure Statement within thirty (30) days following the hearing on a motion to approve the Lien Priority Settlement.

10. The Debtor fully intends to comply with the foregoing order of the Court and file amended versions of the Plan and Disclosure Statement in a timely manner. However, the Debtor understands that the Lien Priority Settlement is still in the process of being documented and submitted to the Court for approval. Since no motion for Court approval of the Lien Priority Settlement has been filed to date, and no hearing for the Court to consider approval of the Lien Priority Settlement has been scheduled, the thirty-day period by which the Debtor must file its further amended Plan and Disclosure Statement has not yet commenced.

11. Given that the objections to Plan confirmation raised by the mechanic's lien creditors revolve primarily around the issue of lien priority, the Debtor continues to believe that the resolution of the Lien Priority Litigation will pave the way for the Debtor to file and confirm an amended version of the Plan which has the full support of at least the mechanic's lien creditors. Accordingly, the Debtor believes that the status conference regarding this bankruptcy case and the Plan should continue to track the progress of the Lien Priority Litigation.

12. Specifically, the Debtor respectfully requests that the status conference be continued for an additional approximately one hundred twenty (120) days so that (i) the Lien

Priority Settlement may get documented and brought before the Court for approval (estimated to occur within the next 30-45 days), (ii) the Debtor may formulate and file amended versions of the Plan and Disclosure Statement within the thirty-day period following the hearing on approval of the Lien Priority Settlement, as ordered by the Court, and (iii) to the extent necessary, seek and obtain approval of the amended Disclosure Statement. The Debtor respectfully submits that the delay caused by the requested continuance will result in minimal prejudice, if any, to creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court continue the status conference to consider, among other things, the setting of further hearings and other matters pertaining to the Plan (or an amended version thereof) to a date in late June 2011 or early July 2011 that is convenient to the Court.

Dated: February 23, 2011                ROOSEVELT LOFTS, LLC

By:  */s/ Juliet Y. Oh*
 DAVID L. NEALE
 JULIET Y. OH
 LEVENE, NEALE, BENDER, YOO
  & BRILL LLP
 Attorneys for Debtor and Debtor in Possession

# DECLARATION OF M. AARON YASHOUAFAR

I, M. AARON YASHOUAFAR, hereby declare as follows:

1. I am the President of Roosevelt Lofts, Inc., which is the Managing Member of Roosevelt Lofts, LLC, a Delaware limited liability company, debtor and debtor in possession herein (the "Debtor"). As such, I am familiar with the Debtor's books and records and operations. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of the Debtor's report on status of case, to which this declaration is attached. Capitalized terms used in this declaration and not otherwise defined have the same meanings as assigned to them in such status report.

3. The Debtor filed the Debtor's *Amended Chapter 11 Plan Of Reorganization (Dated February 26, 2010)* (the "Plan") on February 26, 2010. Concurrently with the Plan, the Debtor filed the *"Debtor's Amended Disclosure Statement Describing Amended Chapter 11 Plan Of Reorganization (Dated February 26, 2010)"* (the "Disclosure Statement").

4. On April 9, 2010, the Court entered an order approving the Disclosure Statement and setting a hearing to consider confirmation of the Plan (the "Disclosure Statement Order"), which I have reviewed and with which I am familiar. Pursuant to the Disclosure Statement Order, the Court set the hearing on confirmation of the Plan for October 14, 2010 at 1:30 p.m., with the hearing to be continued, if necessary, to October 15, 2010 at 9:00 a.m. and October 21, 2010 at 1:30 p.m. In addition, pursuant to the Disclosure Statement Order, the Court established certain briefing and discovery deadlines relating to confirmation of the Plan.

5. Objections to confirmation of the Plan were filed by the Debtor's primary secured creditor, Bank of America, N.A., individually and as agent for a group of lenders (the "Bank"), and various alleged mechanic's lien creditors. Based on my review of the objections to Plan confirmation asserted by the mechanic's lien creditors, such objections appear to revolve primarily around the issue of lien priority. Specifically, the mechanic's lien creditors alleged that their liens against the Debtor's property collectively had priority over the lien held by the Bank, and that their claims should be treated accordingly under the Plan.

6. Subsequently, the Debtor and its counsel began negotiating with the alleged mechanic's lien creditors (as a group) to address the mechanic's lien creditors' various concerns about the Plan and to try to reach the terms of a consensual Plan and Disclosure Statement. In the meantime, there was litigation pending before this Court between the Bank and a class of alleged mechanic's lien creditors to determine the respective priority of their liens (the "Lien Priority Litigation").

7. I believe that most, if not all, of the objections to Plan confirmation asserted by the mechanic's lien creditors can be dealt with relatively easily once the Lien Priority Litigation is resolved. For example, once the lien priority issue is resolved, the Debtor will likely amend the Plan and Disclosure Statement to adjust the relative priorities of the Bank and the mechanic's lien creditors (and the treatment of such claims) under the Plan in accordance with such resolution. I also anticipate that the Plan and Disclosure Statement will need to be modified to provide a mechanism for determining whether mechanic's lien creditors have complied with applicable provisions of the California Civil Code which give rise to mechanic's liens (referred to by the parties in the Lien Priority Litigation as "Phase 2") and possibly a procedure for determining the dollar amount of each mechanic's lien claim (referred to by the parties in the Lien Priority Litigation as "Phase 3").

8. Given the Debtor's belief that the resolution of the Lien Priority Litigation would pave the way for confirmation of a consensual (or mostly consensual) form of the Plan, the Debtor previously requested a continuance of the Plan confirmation hearings scheduled in October 2010 and a corresponding extension of the briefing and discovery deadlines relating thereto. It is my understanding and belief that the mechanic's lien creditors who were involved in the Lien Priority Litigation (many of whom filed objections to confirmation of the Plan) supported the Debtor's request to continue the Plan confirmation hearings.

9. Ultimately, the Court granted the Debtor's request for a continuance of the Plan confirmation hearings. I am advised and believe that, on August 3, 2010, the Court entered an order (i) taking the Plan confirmation hearings scheduled in October 2010 off calendar, (ii) vacating the remaining deadlines for the filing of papers with respect to confirmation of the

1  Plan, and (iii) setting a status conference on December 1, 2010 at 1:30 p.m. to consider the
2  setting of further hearings and other matters pertaining to the Plan.

3      10.    At the December 1, 2010 status conference, which I attended, the Court
4  continued the status conference further to March 2, 2011 at 10:00 a.m.

5      11.    Following the December 1, 2010 status conference, the Bank filed a motion for
6  relief from the automatic stay in the Debtor's case (the "<u>Stay Relief Motion</u>"), presumably to
7  foreclose against the real property owned by the Debtor. The Debtor filed a timely opposition
8  to the Stay Relief Motion. At the hearing on the Stay Relief Motion, held on February 1, 2011
9  at 10:00 a.m., which I attended, the parties to the Lien Priority Litigation advised the Court that
10 a settlement in principle had been reached between the Bank and the class of mechanic's lien
11 creditors (the "<u>Lien Priority Settlement</u>"). At the conclusion of such hearing, the Court
12 continued the hearing on the Stay Relief Motion to May 3, 2011 at 10:00 a.m. and ordered that
13 the Debtor file further amended versions of the Plan and Disclosure Statement within thirty (30)
14 days following the hearing on a motion to approve the Lien Priority Settlement.

15     12.    The Debtor fully intends to comply with the foregoing order of the Court and
16 file amended versions of the Plan and Disclosure Statement in a timely manner. However, it is
17 my understanding that the Lien Priority Settlement is still in the process of being documented
18 and submitted to the Court for approval. Since no motion for Court approval of the Lien
19 Priority Settlement has been filed to date, and no hearing for the Court to consider approval of
20 the Lien Priority Settlement has been scheduled, it is my understanding and belief that the
21 thirty-day period by which the Debtor must file its further amended Plan and Disclosure
22 Statement has not yet commenced.

23     13.    Given that the objections to Plan confirmation raised by the mechanic's lien
24 creditors revolve primarily around the issue of lien priority, I continue to believe that the
25 resolution of the Lien Priority Litigation will pave the way for the Debtor to file and confirm an
26 amended version of the Plan which has the full support of at least the mechanic's lien creditors.
27 Accordingly, I believe that the status conference regarding this bankruptcy case and the Plan
28 should continue to track the progress of the Lien Priority Litigation.

14.    Based on the foregoing, the Debtor is requesting that the status conference in this case be continued for an additional approximately one hundred twenty (120) days, to a date in late June 2011 or early July 2011 that is convenient to the Court, so that (i) the Lien Priority Settlement may get documented and brought before the Court for approval (estimated to occur within the next 30-45 days), (ii) the Debtor may formulate and file amended versions of the Plan and Disclosure Statement within the thirty-day period following the hearing on approval of the Lien Priority Settlement, as ordered by the Court, and (iii) to the extent necessary, seek and obtain approval of the amended Disclosure Statement. I believe that the delay caused by the requested continuance will result in minimal prejudice, if any, to creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of February, 2011, at Los Angeles, California.

                              */s/ M. Aaron Yashouafar*
                              M. AARON YASHOUAFAR, Declarant

| In re:                      | CHAPTER 11                      |
|-----------------------------|---------------------------------|
| ROOSEVELT LOFTS, LLC,       | CASE NUMBER 1:09-bk-14214-GM    |
| Debtor(s).                  |                                 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing documents described as **DEBTOR'S REPORT ON STATUS OF CASE; DECLARATION OF M. AARON YASHOUAFAR IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. **February 23, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- John B Acierno    ecfcacb@piteduncan.com
- Carleton R Burch    crb@amclaw.com, amc@amclaw.com;jsh@amclaw.com;awh@amclaw.com;mav@amclaw.com;esf@amclaw.com;slc@amclaw.com;csh@amclaw.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- L Dominic Chacon    ldominicchacon@yahoo.com
- Cynthia M Cohen    cynthiacohen@paulhastings.com
- Travis W Feuerbacher    tfeuerbacher@gglts.com
- Steven R Fox    emails@foxlaw.com
- Helen R Frazer    hfrazer@aalrr.com
- Varand Gourjian    vg@gourjianlaw.com, lucy@gourjianlaw.com;naz@gourjianlaw.com;art@gourjianlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Herbert Hayden    herbert@ntlg.us
- Brian L Holman    b.holman@mpglaw.com
- Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- Mark J Krone    crb@amclaw.com, crs@amclaw.com;amc@amclaw.com
- Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- David L. Neale    dln@lnbrb.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Russell H Rapoport    rrapoport@prllplaw.com, lgillis@prllplaw.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Bruce D Rudman    bdr@agrlaw.net
- William D Schuster    bills@allieschuster.org
- Marian K Selvaggio    selvaggio@huntortmann.com
- Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Lindsey L Smith    lls@lnbrb.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Marc Weinberg    marcweinberg@att.net
- Brandon J Witkow    bwitkow@lockelord.com
- Aimee Y Wong    aywong@mckennalong.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **February 23, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

*[X] Service list attached*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*    **F 9013-3.1**

| In re: | CHAPTER 11 |
| ROOSEVELT LOFTS, LLC, | CASE NUMBER 1:09-bk-14214-GM |
| Debtor(s). | |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 23, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**_Served via Attorney Service_**
Hon. Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Ctrm 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **February 23, 2011** | Stephanie Reichert | */s/ Stephanie Reichert* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010* **F 9013-3.1**

Roosevelt Lofts
RSN

Roosevelt Lofts, LLC
c/o Mr. M. Aaron Yashouafar, President
16661 Ventura Blvd., #600
Encino, CA 91436

U.S. Trustee
Attn: S Margaux Ross, Esq.
21051 Warner Ctr Ln Ste 115
Woodland Hills, CA 91367

**Counsel for Siemens Bldg Tech., Inc.**
Benjamin R. Trachtman, Esq.
Trachtman & Trachtman
27401 Los Altos, Suite 300
Mission Viejo, Ca 92691

**Counsel for HD Supply Construction**
William D. Schuster, Esq.
Allie & Schuster PC
2122 N Broadway
Santa Ana, CA 92706-2614

Homan Taghdiri, Esq.
**Milbank**
660 S. Figueroa St., 24th Floor
Los Angeles, CA 90017

Herbert Alfred Mayer
5360 Willow Oak Street
Simi Valley, CA 93063-4591

**Counsel for Bank of America**
Daniel H. Slate, Esq.
Buchalter, Nemer
1000 Wilshire Blvd., Ste 1500
Los Angeles, CA 90017

**Counsel for Sidney Alter dba Alter Electric**
Bruce D. Rudman, Esq.
Abdulaziz, Grossbart & Rudman
PO Box 15458
North Hollywood, CA 91615

**Counsel for VGI**
Patrick J. Duffy III
Andrew W Hawthorne
Monteleone & McCrory
725 S. Figueroa St., Ste. 3200
Los Angeles, CA 90017

L.A. County Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

**Counsel for Infiniti Metals**
Law Ofcs Theodore A. Anderson
690 S. Brea Blvd.
Brea, CA 92821

**Committee Member**
Kuetar Flooring
Attn: Joseph Kember/Ed Sheats
2 Innovation Drive
Renfrew
Ontario, **CANADA** K7V4B1

<u>**COMMITTEE COUNSEL**</u>
Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Ste. 470
Encino, CA 91436

**Counsel for ThyssenKrupp Elevator**
William C. Hernquist II
Wallace H. Sweet
8407 La Mesa Blvd.
La Mesa, CA 91942

**Counsel for American Gunite, Inc.**
Varand Gourjian, Esq.
Gourjian Law Group
100 N. Brank Blvd., Sixth Floor
Glendale, CA 91203

**Committee Member**
Bontempi USA
Attn: Yeujye Chen
8919 Beverly Blvd.
West Hollywood, CA 90048

**Committee Member**
A American Custom Flooring
Attn: Richard S. Lauter
311 S. Wacker Drive
Chicago, IL 60066

<u>**Counsel to Bank of America**</u>
Seyfarth Shaw LLP
T. Larry Watts, Eric B. von Zeipel
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

David Sherwood
CEO
Daniel's Jewelers
PO Box 3750
Culver City, CA 90231

Fred S. Pardes, Esq.
LAW OFFICES OF FRED S. PARDES
A Professional Corporation
34211 Pacific Coast Highway, Suite 103
Dana Point, Ca. 92629

S.E.C.
5670 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90036

<u>Attorney for Canon Financial Svcs</u>
Scott H. Marcus & Associates
121 Johnson Road
Turnersville, NJ 08012

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

Roosevelt Lofts
**CREDITORS COMMITTEE**

**Committee Member**
A American Custom Flooring
Attn: Richard S. Lauter
311 S. Wacker Drive
Chicago, IL 60066

**Committee Member**
Kuetar Flooring
Attn: Joseph Kember/Ed Sheats
2 Innovation Drive
Renfrew
Ontario, **CANADA** K7V4B1

**Counsel**
Ian Landsberg, Esq.
Landsberg Margulies LLP
16030 Ventura Blvd., Ste. 470
Encino, CA 91436

**Committee Member**
Bontempi USA
Attn: Yeujye Chen
8919 Beverly Blvd.
West Hollywood, CA 90048

Roosevelt Lofts
Secured Creditors and their agents

Bank of America, N.A.
333 S. Hope St.
11th Floor
Los Angeles, CA 90071

V.G.I. Corporation
5508 S. Santa Fe Avenue
Vernon, CA 90058

Wrightway Construction, Inc.
1070 E. Dominguez St.
Suite A
Carson, CA 90746

Thermalair
1140 Red Gum Street
Anaheim, CA 92806

American Gunite, Inc.
5042 Wilshire Blvd.
Suite 496
Los Angeles, CA 90036

Integrity Builders West, Inc.
25942 Via Marejada
Mission Viejo, CA 92691

Pfinish Koncepts Inc.
dba Stonecraft Enterprise
2820 N. San Fernando Blvd.
Burbank, CA 91504

Westye Group - West, Inc.
dba Sub-Zero Wolf
145 W. 134th Street
Los Angeles, CA 90061

Lynn Safety, Inc.
367 Civic Drive
Suite 8
Pleasant Hill, CA 94523

Thyssenkrupp Elevator, Inc.
6087 Triangle Drive
Los Angeles, CA 90040

Purcell Murray Builder Sales Company, Inc.
2341 Jefferson Street
Suite 200
San Diego, CA 92110

Cal-State Steel Corporation
1801 W. Compton Boulevard
Compton, CA 90220

Commercial Glass Company
1577 Tierra Rejada Road
Simi Valley, CA 93065

Allsale Electric Inc.
7950 Deering Avenue
Canoga Park, CA 91304

EJ Reyes Corp.
6328 Roundhill Drive
Whittier, CA 90601

EFCO Corporation
1290 Carbide Drive
Corona, CA 92881

Addison Pools, Inc.
10835 Magnolia Boulevard
North Hollywood, CA 91601

SRS Fire Protection, Inc.
6829 Canoga Avenue #2
Canoga Park, CA 91303

CraneNetics, Inc.
4780 Cheyenne Way
Chino, CA 91710

Siemens Building Technologies, Inc.
10775 Business Center Drive
Cypress, CA 90630

Brewster Marble Co., Inc.
11818 Glenoaks Boulevard
San Fernando, CA 91340

HD Supply / White Cap Construction Supply
P.O. Box 1770
Costa Mesa, CA 92626

New World West
940 Challenger Street
Brea, CA 92821

PM Estrada Roofing
4257 W. 101st Street
Inglewood, CA 90304

American Concrete Cutting Inc.
dba American Demolition/Concrete Cutting
620 Poinsettia Street
Santa Ana, CA 92701

Dunn-Edwards Corporation
4885 E. 52nd Place
Los Angeles, CA 90040

Insul-Flow, Inc.
1911 N. Fine
Fresno, CA 93727

Robertson's Ready Mix  
PO Box 3600  
Corona, CA 92878

Glendale Plumbing & Fire Supply  
c/o Kirk s. MacDonald, Esq.  
Gill and Baldwin, P.C.  
130 N. Brand Blvd., #405  
Glendale, CA 91205

Frank's Disposal  
PO Box 4271  
Sunland, CA 91041

AB California Acquisition Corp.  
dba Acoustical Material Services  
10200 S. Pioneer Boulevard,  
Suite 500  
Santa Fe Springs, CA 90670

William F. McVey Sr.  
Grif-Fab Corp.  
1 Westlake Village  
Council Bluffs, LA  51501

A Fence Company, Inc.  
15205 Carretera Drive  
Whittier, CA 90605

Agent for Bank of America  
T. Larry Watts, Esq.  
2029 Century Park East, Suite 3300  
Los Angeles, CA 90067

Orco Construction Supply  
477 N. Canyons Parkway, #A  
Livermore, CA 94551

**Counsel for Bank of America**  
Daniel H. Slate, Esq.  
Buchalter, Nemer  
1000 Wilshire Blvd., Ste 1500  
Los Angeles, CA 90017

Agent for Wrightway Construction  
E. Leonard Fruchter, Esq.  
1609 Cravens Avenue  
Torrance, CA90501

Arrow  
7635 Burnet Avenue  
Van Nuys, CA 91405

Agent for American Gunite  
Bradley A. Raisin, Esq.  
16055 Ventura Blvd., Suite 601  
Encino, CA 91436

Agent for Pfinish Koncepts, Inc.  
Alan J. Carnegie, Esq.  
23975 Park Sorrento, Suite 227  
Calabasas, CA 91302

Agent for V.G.I. Corporation  
Patrick J. Duffy, Esq.  
725 S. Figueroa St., Suite 3200  
Los Angeles, CA 90017

Agent for Westye Group – West, Inc.  
Christopher W. Bayuk, Esq.  
Bayuk & Associates  
401 W. 'A' Street, Ste. 1400  
San Diego, CA 92101

Agent for Cal State Steel Corp  
Heather M. Kadeg, Esq.  
30423 Canwood Street, Suite 131  
Agoura Hills, CA 91301

Agent for Southland Exterior Building Svcs  
Fred S. Pardes, Esq.  
34211 Pacific Coast Hwy, Suite 103  
Dana Point, CA 92629

Agent for Lynn Safety  
Herbert Hayden, Esq.  
40931 Fremont Boulevard  
Fremont, CA 94538

Agent for Spectra Company  
Beard Hobbs, Esq.  
7844 La Mesa Boulevard  
La Mesa, CA 91941

Agent for Purcell Murray Builder Sales  
David J. Barnier, Esq.  
2341 Jefferson Street, Suite 200  
San Diego, CA 92110

Agent for EFCOCorp  
Michael C. Brown, Esq.  
23230 Chagrin Blvd., Suite 940  
Cleveland, OH 44122

Agent for Robertson's Ready Mix  
Robert M. Binam, Esq.  
200 S. Main Street, Suite 200  
Corona, CA 92882

Agent for EJ Reyes  
Meyer S. Levitt, Esq.  
10880 Wilshire Blvd., Suite 1101  
Los Angeles, CA 90024

Agent for American Concrete Cutting  
Ryan K. Hirota, Esq.  
PO Box 19694  
Irvine, CA 92623

**Counsel for Sidney Alter dba Alter Electric**  
Bruce D. Rudman, Esq.  
Abdulaziz, Grossbart & Rudman  
PO Box 15458  
North Hollywood, CA 91615

Agent for PM Estrada Roofing  
J.J. Little, Esq.  
1516 S. Bundy Dr., Suite 312  
Los Angeles, CA 90025

Southland Exterior Bldg Svcs  
27881 La Paz Rd., Ste G  
Laguna Niguel, CA 92677

Agent for HD Supply  
William D. Schuster, Esq.  
2122 N. Broadway  
Santa Ana, CA 92706

Spectra Company  
2510 Supply Street  
Pomona, CA 91767-2113