| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Ian S. Landsberg, Esq.(SBN 137431)<br>Brigitte Gomelsky, Esq.(SBN 255717)<br>LANDSBERG & ASSOCIATES, A Professional Law<br>16030 Ventura Boulevard, Suite 470<br>Encino, California 91436<br>Telephone: (818) 855-5900<br>Fax: (818) 855-5910<br>Email: ilandsberg@landsberg-law.com; bgomelsky@landsberg-law.com<br>*Attorney for Plaintiff*    Official Committee of Creditors Holding Unsecured Claims | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: ROOSEVELT LOFTS, LLC,<br>a Delaware Limited Liability Company<br><br>Debtor. | CHAPTER 11<br><br>CASE NUMBER  1:09-bk-14214<br><br>ADVERSARY NUMBER |
|---|---|
| OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS for ROOSEVELT LOFTS, LLC,<br>vs.    Plaintiff(s),<br><br>LOCKTON INSURANCE BROKERS, LLC<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 303 | **Floor:** 3rd |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| [x] 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By:_____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

**F 7004-1**
F70041

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS for ROOSEVELT LOFTS, LLC, | **DEFENDANTS** <br> LOCKTON INSURANCE BROKERS, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Ian Landsberg, Esq. (SBN 137431) <br> Brigitte Gomelsky, Esq. (SBN 255717) <br> LANDSBERG & ASSOCIATES, A Professional <br> Encino, California 91436 <br> Tel. (818) 855-5900   Fax. (818) 855-5910 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☒ Other Official Committee of Creditors <br> ☐ Trustee    Holding Unsecured Claims | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§ 547(b), AND 550];

(2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS [11 U.S.C. §§ 548, AND 550];

(3) PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; AND

(4) DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT(S) [11 U.S.C. § 502(d)]

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 20,105.00 |

Other Relief Sought

B104

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>ROOSEVELT LOFTS, LLC, || BANKRUPTCY CASE NO.<br>1:09-bk-14214-GM ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA || DIVISION OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>GERALDINE MUND |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>4/12/2011 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ian Landsberg, Esq.(SBN 137431) |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Ian S. Landsberg (SBN 137431)
Brigitte Gomelsky (SBN 255717)
**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone:  (818) 855-5900
Facsimile:   (818) 855-5910
Email:  ilandsberg@landsberg-law.com
Email:  bgomelsky@landsberg-law.com

Attorneys for Plaintiff, Official Committee of Creditors Holding Unsecured Claims for Roosevelt Lofts, LLC,

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ROOSEVELT LOFTS, LLC,<br>a Delaware Limited Liability Company<br><br>    Debtor and Debtor in Possession | Case No.  1:09-bk-14214-GM<br><br>Chapter 11<br><br>Adv. No. |
| OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS for ROOSEVELT LOFTS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>LOCKTON INSURANCE BROKERS, LLC<br><br>    Defendant | **COMPLAINT FOR:**<br><br>(1) **AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS** [11 U.S.C. §§ 547(b), AND 550];<br><br>(2) **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS** [11 U.S.C. §§ 548, AND 550];<br><br>(3) **PRESERVATION OF AVOIDED TRANSFERS** [11 U.S.C. § 551]; AND<br><br>(4) **DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT(S)** [11 U.S.C. § 502(d)] |

2079.001

The Official Committee of Creditors Holding Unsecured Claims for Roosevelt Lofts, LLC (the "Plaintiff") respectfully alleges and avers in its complaint to avoid and recover preferential transfers and fraudulent transfers, to preserve avoided transfers, and to disallow claims (the "Complaint"), the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157(b)(1), and 1334(a).

2. This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Sections 502, 547, 550 and 551 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

4. This is a core proceeding as defined by 28 U.S.C. § 157(b) (2) (A), (B), (F), and (O).

5. The Stipulation entered into between the Plaintiff and Roosevelt Lofts, LLC (the "Debtor") specifically provides that Plaintiff shall have standing to pursue, prosecute and settle any and all avoidance claims. An Order Approving the Stipulation was entered on March 21, 2011.

## PARTIES

6. On April 13, 2009 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under Title 11, Chapter 11 of the United States Code.

7. Plaintiff brings this action solely in its capacity as the Official Committee of Creditors Holding Unsecured Claims for the Debtor. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have

2079.001

avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

8. Plaintiff was appointed after the Petition Date. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to its appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves its right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

9. Lockton Insurance Brokers, LLC (the "Defendant") was, at all times material hereto, a creditor of the Debtor(s) during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date (or a creditor and an "Insider" of the Debtor(s), as that term is defined under 11 U.S.C. § 101(31), between ninety days and one year before the Petition Date) (the "Preference Period") and was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made and/or an immediate or mediate transferee of such recoverable transfers.

## GENERAL ALLEGATIONS

10. As set forth in **Exhibit "A"**, which is attached hereto and specifically incorporated herein by reference, Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor(s) made transfers of property, totaling not less than *$20,105.00,* to or for the benefit of the Defendant within the ninety (90) days prior to the Petition Date (and/or between ninety days and one year before the Petition Date if Defendant was an Insider), together with any other transfers that may subsequently be identified (the "Transfers").

11. Plaintiff is informed and believes, and on that basis alleges thereon, that prior to receiving the Transfers, (i) Defendant provided goods and/or services to the Debtor(s) or (ii) the Debtor(s) were otherwise indebted to the Defendant. After such debt was created, the Debtor(s) made the Transfers on account of those obligations. As such, the Transfers were payments on account of antecedent debts owed by the Debtor(s) to the Defendant.

3

2079.001

## FIRST CLAIM FOR RELIEF

[FOR AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. § 547(b)]

12. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers were of a property interest of the Debtor(s).

14. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers were made to or for the benefit of Defendant at a time in which Defendant was a creditor of the Debtor(s), as the term "creditor" is defined by 11 U.S.C. § 101(10).

15. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers were for or on account of an antecedent debt owed by the Debtor(s) to Defendant before such Transfers were made.

16. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers were made while the Debtor(s) were insolvent.

17. Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfers enabled Defendant to receive more than Defendant would otherwise have received if (a) Debtor(s)' bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

18. The Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

19. Interest on the Transfers has accrued and continues to accrue from the date each of the Transfers were made.

20. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Transfers are avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

[FOR AVOIDANCE OF FRAUDULENT TRANSFERS – 11 U.S.C. § 548]

21. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 20, inclusive, as though fully set forth herein.

4

2079.001

22. Plaintiff is informed and believes and, based upon such information and belief, alleges that the Defendant's receipt of the Transfers constituted the receipt of an interest of the Debtor(s) in property (and/or was a Transfer to or for the benefit of an insider under an employment contract).

23. Plaintiff is informed and believes and, based upon such information and belief, alleges that the Debtor(s) received less than a reasonably equivalent value from the Defendant in exchange for the Transfers.

24. Plaintiff is informed and believes and, based upon such information and belief, alleges that the Transfers, or any of them, were made at a time (i) when the Debtor(s) were insolvent on the date(s) the Transfers were made or became insolvent as a result of the Transfers; (ii) when the Debtor(s) were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor(s) was an unreasonably small capital; (iii) when the Debtor(s) intended to incur, or believed that the Debtor(s) would incur, debts that would be beyond the Debtor(s)' ability to pay as such debts matured; or (iv) to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

25. Based upon the foregoing, the Transfers constitute fraudulent transfers and may be avoided pursuant to 11 U.S.C. § 548.

26. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 548 that the Transfers are avoided.

### THIRD CLAIM FOR RELIEF

[FOR RECOVERY OF AVOIDED TRANSFERS - 11 U.S.C. § 550]

27. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant was the initial transferee of the Transfers, or the individual or entity for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers, or any of them.

2079.001

29. Pursuant to 11 U.S.C. § 550, upon avoidance of each and every one of the Transfers under the First and/or Second Claims for Relief alleged herein, Plaintiff is entitled to avoid the transfers under 11 U.S.C. § 547(b) and to recover the value of the property transferred under the Transfers and/or the amount of the Transfers, together with interest thereon at the maximum legal rate from the date of the Transfers, as set forth above.

30. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the Transfers are avoided and recovered for the benefit of the Debtor(s)' bankruptcy estate(s).

## FOURTH CLAIM FOR RELIEF

[FOR PRESERVATION OF AVOIDED TRANSFERS - 11 U.S.C. § 551]

31. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Pursuant to 11 U.S.C § 551, Plaintiff is entitled to preserve any of the Transfers avoided under the First and/or Second Claims for Relief alleged herein for the benefit of the Debtor(s)' bankruptcy estate(s) pursuant to 11 U.S.C. § 551.

33. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 551 that the Transfers are preserved for the benefit of the Debtor(s)' bankruptcy estate(s).

## FIFTH CLAIM FOR RELIEF

[FOR DISALLOWANCE OF CLAIM – 11 U.S.C. § 502(d)]

34. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. Plaintiff is informed and believes, and on that basis alleges thereon, that Defendant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or Defendant received an avoidable transfer under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, and/or 724(a).

36. Plaintiff is informed and believes, and on that basis alleges thereon, that Defendant has not paid the amount, or turned over any such property for which Defendant is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, and/or 553 of the Bankruptcy Code.

37. Pursuant to 11 U.S.C. § 502(d), Defendant's claims, to the extent that Defendant asserts a claim or claims, should be disallowed for failure to repay the Transfers.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the Transfers under 11 U.S.C. § 547(b);

2. For recovery from Defendant by Plaintiff of the value of the property transferred under the Transfers and/or the amount of the Transfers under 11 U.S.C. § 550;

3. For preservation of avoided Transfers for the Debtor's bankruptcy estate;

4. For disallowance of any claims asserted by, or scheduled for, Defendant pursuant to 11 U.S.C. § 502;

5. For recovery of interest at the maximum legal rate, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and

6. For such other and further relief as the Court deems just and proper.

Dated: April __, 2011

**LANDSBERG & ASSOCIATES**
A Professional Law Corporation

By: _____
Ian S. Landsberg, Esq.
Brigitte Gomelsky, Esq.
Attorneys for Plaintiff

7

2079.001

EXHIBIT "A"

# Roosevelt Lofts, LLC

## Payment Summary

| Payment | | |
|---|---|---|
| Check Date | Check Number | Amount |
| 3/20/2009 | 6585 | $14,507.00 |
| 3/20/2009 | 6586 | $4,838.00 |
| 3/20/2009 | 6587 | $760.00 |
| TOTAL | | $20,105.00 |
| | | |