ORIGINAL

FILED
APR 2 6 2011
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Roosevelt Lofts, LLC,<br><br>　　　　　　　　　　Debtor(s). | Case No: 1:09-bk-14214-GM<br><br>Chapter: 11<br><br>**COURT WRITTEN TENTATIVE RULING REGARDING BANK OF AMERICA N.A. MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: April 26, 2011<br>Time: 10:00 a.m.<br>Location: Courtroom 303 |

Court written tentative ruling attached to this cover sheet.

- 1 -

# United States Bankruptcy Court
# Central District of California

San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

Tuesday, April 26, 2011                                                                 Hearing Room 303

10:00 am
1:09-14214      Roosevelt Lofts, LLC                                                    Chapter 11
#4.00           Motion for relief from stay
                (fr. 1/11/11; 1/25/11; 2/1/11; 5/31/11)

                BANK OF AMERICA, N.A.
                                    Docket #:  695

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

Nothing further received as of 4/24.

prior tentative ruling (2/1)
**Service**
    B of A did not serve several individuals listed as "litigants" on CM/ECF who are now pro se. B of A did serve their former attorney. No addresses are provided for these individuals in the mailings section of CM/ECF however. It is possible that when B of A filed its motion, that the litigants were not yet pro se. Therefore the service is okay

**Factual Background**
    Debtor's bankruptcy is a single asset real estate case, with the property located at 727 West 7th St. Los Angeles, CA. Debtor executed a construction loan agreement with a group of lenders ("Bank Group") in the amount of $78,840,375 in return for a deed of trust. Bank of America ("B of A") is the administrative agent for Bank Group and the party that filed the instant motion for relief from stay.
    B of A delivered a notice of default to Debtor on 12/30/2008. Debtor did not cure. The loan matured on 03/09/2009. Debtor filed bankruptcy on 04/13/2009 shortly before a hearing to impose a receiver.
    As of 09/03/2009, Debtor faced outstanding principal toward Bank Group of $77,759,010 and accrued interest of $4,061,586. However, a stipulation as of 06/01/2010 stated Bank Group was allowed at a minimum a secured claim worth $78,422,049 plus interest accruing after 09/03/2009.
    According to B of A, the first plan Debtor filed on 08/31/2009 was admittedly unconfirmable. Debtor filed another plan 02/24/2010.

# United States Bankruptcy Court
## Central District of California

San Fernando Valley

Judge Geraldine Mund, Presiding

Courtroom 303 Calendar

Tuesday, April 26, 2011             Hearing Room 303

10:00 am

**Cont....**      **Roosevelt Lofts, LLC**          **Chapter 11**

Debtor claims case history shows the ongoing opposition to reorganization it has received from B of A and the Bank Group. First, after filing Debtor attempted to sell units in the building. Debtor alleges B of A opposed the motion to sell, stating that short-term leasing would be preferable. When Debtor then filed a motion to authorize leasing, B of A opposed that motion.

Bank Group also has a lengthy history of opposing Debtor's motions for use of cash collateral and approval to borrow financing from its affiliate, Milbank Holding Corp. Debtor's plan provides that $23 million will be paid on the Effective Date, with the remaining amount paid over 24 months to its secured creditor. All of Debtor's creditors will be paid within two months.

### Timeline
- 04/13/2009: Debtor files chapter 11.
- 08/31/2009: Debtor files its plan of reorganization.
- 11/24/2009: B of A files motion seeking to dismiss Debtor's case or in the alternative, to convert it to chapter 7.
- 12/24/2009: Debtor files motion seeking authority to employ an auction group to offer approximately 65 (but not less than 50 and not more than 75) units for sale.
- 01/08/2010: Auction motion is granted and order is entered by the Court
- 02/26/2010: Debtor files amended versions of the original plan and original disclosure statement to reflect all recent developments in Debtor's bankruptcy.
- 03/16/2010: After several continuances, Court dismisses B of A's motion to dismiss and approves Debtor's amended disclosure statement. Confirmation hearing is set for 10/14/2010.
- Adversary proceedings are filed that involve mechanic's liensholders and Bank Group to determine priority of liens.
- 08/03/2010: Court enters order taking confirmation hearing in October off calendar, vacating deadlines for filing amended papers, and setting a status conference for 12/01/2010.

### Relief Sought
B of A in its individual capacity as well as in its capacity as an agent for Bank Group seeks relief from stay pursuant to § 362(d)(1) and (d)(3) to exercise remedies available to it under their loan documents.

United States Bankruptcy Court
Central District of California

San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

Tuesday, April 26, 2011                                                              Hearing Room  303

10:00 am
Cont....        Roosevelt Lofts, LLC                                                 Chapter 11

**Movant Bank of America's Argument**
  Section 362(d)(3)
  B of A does not foresee the possibility of confirming a plan in the near future. B of A points out that this is a relatively simple single asset real estate case, yet by the time disclosure statement hearing, evidentiary analysis, discovery and briefing on the plan will occur, it is likely more than 30 months will have passed.
  B of A argues Debtor attempts to delay the bankruptcy process and pray for a market turnaround in the real estate market downtown. B of A argues this is against the intention of the Bankruptcy Code, which passed § 362(d)(3) so that creditors would not be forced to wait on endless hold. B of A argues the Court must grant it relief from stay unless "the debtor has filed a plan of reorganization that has a possibility of being confirmed within a reasonable time." 11 USC § 362(d)(3)(A).
  In its reply, B of A asserts that tactics Bank Group may have engaged in during Debtor's bankruptcy are all permitted common practices that do not require special consideration from the court. Movant emphasizes the key question is whether more than two years is a reasonable amount of time to confirm a plan for a single asset real estate case, and that even if it were, § 362 does not "excuse a debtor from compliance if it has been unable to confirm a plan within a reasonable period of time, but tried really hard."

  Section 362(d)(1)
  B of A contends Debtor did not comply with the order of the Court. The auction order of 01/08/2010 set two deadlines for Debtor to complete different phases of construction on the property; Debtor did not meet completion deadlines for either of the two phases. A real estate appraiser retained by Bank Group inspected the property on 10/07/2010 and concluded that substantial work is needed to complete construction on floors 9 through 15, with total cost approximately totaling $2,800,000. (Debtor's estimate is set at $3.6 million). Also, significant electrical, plumbing, painting and flooring work remains to be completed.

  Lien Priority Litigation
  B of A argues its motion in no way affects the lien priority litigation. B of A points out that Muir-Chase, the party that filed a brief opposition to the instant motion for relief from stay, provides no argument for why B of A's motion for relief from stay would 'circumvent'

United States Bankruptcy Court
Central District of California

San Fernando Valley

Judge Geraldine Mund, Presiding

Courtroom 303 Calendar

Tuesday, April 26, 2011                                                                 Hearing Room  303

10:00 am
Cont....    **Roosevelt Lofts, LLC**                                                    **Chapter 11**

litigation. Even if the mechanic's lienholders are found to have the senior interest in the property, Debtor argues granting relief from stay would in no way impact the validity or enforceability of such senior liens on the property.

**Debtor's Opposition, Joined to by the Official Unsecured Creditors' Committee**
Section362(d)(3)
Debtor asserts there is no indication the plan on file is patently unconfirmable, and that it will be able to confirm a plan "within a reasonable time" as established by caselaw.

*Reasonable Time*
Debtor points out that the mechanic's lienholders filed litigation to determine priority of their liens relative to that of Bank Group's ("Lien Priority Litigation"). Based on this, Debtor filed a motion to continue its confirmation hearing and other relevant plan deadlines. The Court granted this motion. At a status conference held 12/01/2010, parties to the Lien Priority Litigation stated they were in the process of completing discovery and anticipated being ready for trial in February 2011. Debtor states, "The Court scheduled a trial for Phase 1 of the Lien Priority Litigation on February 10 and 11, 2011 and set briefing schedules relating thereto."
Debtor believes once the Lien Priority Litigation is resolved, the way would be paved for Debtor to file and confirm a modified version of the Amended Plan that has the support of the mechanic's lienholders.
Debtor has a status conference scheduled for 03/02/2011.
Debtor asserts that if the mechanic's lien creditors prevail in the Lien Priority Litigation over B of A, then Debtor's cash flow projections will need to be adjusted to provide for payments in accordance with such priority.
Interestingly, Debtor asserts it may need to adjust the plan for "Phase 2" and "Phase 3" of Lien Priority Litigation. Debtor states that after the intial round of litigation to determine priority vis-à-vis the Bank Group, there may need to be litigation to determine if the mechanic's lienholders complied with the applicable provisions of the California Civil Code and then another round for determining the dollar amount of each mechanic's lien claim.

*Possibility of Confirmation*
Regarding the possibility of confirmation and success of the plan, Debtor states it has already completed 10 floors of construction of the building with non-estate funds. Debtor

United States Bankruptcy Court
Central District of California

San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

Tuesday, April 26, 2011                                                                          Hearing Room 303

10:00 am
Cont....     Roosevelt Lofts, LLC                                                                  Chapter 11

could therefore, in theory, move forward with an auction of the units because there would be a two floor buffer between floor eight and the next phase of construction on floor ten- previously B of A had only wanted construction to continue if there could be a buffer between the units that might be sold, so that possible buyers would not be driven away by the disturbance of construction.

The amended plan provides also for the finishing of the construction of the building at a cost of $3.6 million, which is higher than what the Bank estimates the cost of construction to be.

Section 362(d)(1)
Debtor agues that the auction order of the Court was premised on the expectation units on the first eight floors of the property would be sold at auction and that the new owner-occupants would need a buffer between their floors and the floors under construction. Debtor asserts that as the auction has not gone forward, there is no immediate need to complete construction on the building. Therefore, there is no sufficient cause to provide the bank with the "extreme remedy" of relief from stay. Debtor states the relief from stay would have a negative impact upon other creditors, such as the mechianic's lien creditors who assert priority.

Further, when Debtor initially attempted to sell units after the petition filing, Bank opposed such action, including the reason that the Bank felt short-term leasing would be a better option. Debtor as a result withdrew the sale motions. Bank then opposed Debtor's motion to lease units.

**Legal Authority**
Section 362(d)(1)
Upon the request of a party in interest, the court shall grant relief from the automatic stay "for cause," which includes the lack of adequate protection of the party's interest in property. 11 USC 362(d)(1). In addition to adequate protection, cause can be established by virtue of other factors and is to be determined on a case-by-case basis." In re Tucson Estate, Inc., 912 F.2d. 1162 (9th Cir. 1990); In re Trident Associates Ltd. Partnership, 52 F.3d 127 (6th Cir. 1995).

Section 362(d)(3)
A court shall grant a secured creditor relief from the automatic stay on single asset

United States Bankruptcy Court
Central District of California

San Fernando Valley

Judge Geraldine Mund, Presiding

Courtroom 303 Calendar

Tuesday, April 26, 2011 — Hearing Room 303

10:00 am

Cont.... Roosevelt Lofts, LLC — Chapter 11

real estate pursuant to § 362(d)(3) unless within 90 days after entry of order for relief (or such later date as the court may determine for cause by order entered within that 90 day period) or 30 days after the court determines that the debtor is subject to § 362(d)(3), whichever is later, the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or has commenced monthly interest payments to the secured creditor. 11 USC § 362(d)(3).

The deadline provided by § 362(d)(3) is intended to protect secured creditors against the harm caused by a debtor's failure to promptly file a plan or reorganization or commence interest payments to the creditor and shall be strictly followed by the courts. See Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.), 191 B.R. 320, 327 (Bankr. E.D. Vir. 1996), cited by Centofante v. CBJ Dev. (In re CBJ Dev.), 202 B.R. 467, 470 (9th Cir. BAP 1996).

B of A cites authority from the Eastern District of North Carolina that took a hard line toward the 90-day post- order of relief deadline. In In re Highway 751 Partners, LLC, 2010 Bankr. LEXIS 562 (Bankr. E.D.N.C. 2010), a single asset real estate debtor attempted to cure deficiencies in its chapter 11 plan filed within 90 days of petition date. However, the amended plan was filed more than 90 days after the petition date and no interest payments occurred within the first 90 days. The court found that "§ 362(d)(3) is mandatory ... Even if the debtor's amended plan were confirmable, it was not filed within 90 days of the order for relief. ... Thus, [the secured creditors] would still be entitled to relief from the automatic stay pursuant to § 362(d)(3)." See also In re Carolina Commons Dev. Group, LP, 2010 Bankr. LEXIS 1672 (Bankr. E.D.N.C. 2010).

Debtor distinguishes its situation from that of Highway 751 Partners, LLC because in Highway 751, the debtor filed its amended plan only after the court in that case denied the first plan on the merits. Here, the Debtor filed the amended plan prior to any Court ruling on confirmation of the original plan. Also, the delay in considering Debtor's plan is due to the Lien Priority Litigation. (However, it should be noted Debtor's plan filing was still after the deadline imposed by § 362(d)(3).)

Debtor also feels Carolina Commons is poor authority because the plan in Carolina Commons was dismissed for bearing no resemblance to current commercial market conditions. The plan provided for no payments to the secured lender for the first three years unless the debtor sold its property. No interest payments were provided for in the first three years, and after that period, the secured lender's claim would be amortized over 20 years ending in a balloon payment. By contrast, Debtor points out in its plan that $23

United States Bankruptcy Court
Central District of California

San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

Tuesday, April 26, 2011                                                                 Hearing Room  303

10:00 am
Cont....    Roosevelt Lofts, LLC                                                        Chapter 11

million will be paid on the Effective Date, with the remaining amount paid over 24 months to its secured creditor. All of Debtor's creditors will be paid within two months.

The court in El Cerrito Land Partners opined, "The [debtor's] plan was a plan in name only. In essence, it proposed that the debtor would have another two years to attempt to sell or refinance the Property without making any payments to [the secured creditor]. This is clearly contrary to the spirit of § 362(d)(3) which was enacted to prevent single asset real estate debtors from using chapter 11 for the purpose of delay in the hopes that the real estate market would improve." In re El Cerrito Land Partners, LLC, 2009 WL3244752 (Bankr. N.D. CA 10/6/09) (slip opinion).

Debtor also cites its attempts to move its case forward as evidence that El Cerrito does not apply, and that it has had a consistent approach all along and is not merely waiting the real estate market will improve. Debtor's approach ahs been since the beginning to sell units, complete construction of the property, and repay creditors, including B of A, in full with interest. Debtor states this was also the approach followed in both its first and amended plan.

Debtor provides its own legal authority to argue that "the adjudication of a relief from stay motion under § 362(d)(3)(A) should not be a mini-confirmation hearing." In re Windwood Heights, Inc., 385 B.R. 832, 834 (Bankr. N.D. W. Va. 2008)(quoting In re LDN Corp., 191 B.R. 320, 325 (Bankr. E.D. Va. 1996)). According to Windwood, the showing required in § 362(d)(3)(A) is only that the plan have a reasonable possibility of being confirmed, which is a lesser showing than that at confirmation. Such a showing includes establishing (1) the debtor is proceeding to propose a plan of reorganization; (2) the proposed or contemplated plan has a realistic chance of being confirmed; (3) the proposed or contemplated plan is not patently unconfirmable.

**Analysis**
  Section 362(d)(1)
  B of A's argument for cause under § 362(d)(1) seems weak; Debtor's decision not to develop the condominiums does not seem to be the result of bad faith. There appears to be no intent to consciously disregard the Court's will, and the Court's auction order only seemed in response to Debtor's request to be permitted to sell. However, the fact is that the Debtor literally rushed into court for permission to hold the auction and virtually guaranteed that this would start the sale process and that within a set period of time the units would be absorbed by the market. This was about one year ago and no auction or

United States Bankruptcy Court
Central District of California

San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

Tuesday, April 26, 2011                      Hearing Room 303

10:00 am

Cont....    Roosevelt Lofts, LLC                       Chapter 11

sale has taken place.

<u>Section 362(d)(3)</u>
Debtor's motion goes through a litany of behaviors that B of A and Bank Group have engaged in to allegedly hinder its reorganization efforts. Debtor details various motions for sale of condominiums and cash collateral, and Bank Group's resistence. However, this information is largely inapposite when focus is taken away from the events of the case and back to the language of section 362(d)(3)

The language of § 362(d)(3) does not provide exceptions for debtors that have been diligent in trying to propose plans, but who have been waylaid by aggressively oppositional creditors . The statute states that relief "shall" be granted if the timeframe has not been complied with. The statute does not say the Court "may" grant relief, and the statute does not leave discretion up to the court.

There is an option for debtors to file motions with the court to extend the deadlines of § 362(d)(3), but such motions must be received before the initial deadline (90 days) expires. Debtor in this case never filed such a motion.

At this point the Court is unsure as to when this was declared a single asset real estate case, so I do not know the exact 90 day deadline date, but it has been clear from the beginning that this is what it is. No motion to extend has ever been filed.

As to the plan which is on file, I believe that the delay is to ascertain the priority of B of A for voting purposes. It is also possible that there is some litigation as to how much is owing to B of A and whether the Bank Group has any liability to the Debtor. But I am not sure about this.

Granting relief from stay will not affect the lienholders who are senior to the Bank Group since their liens will remain in place. It will wipe out those who are junior to the Bank Group.

Debtor has stated as many as two more additional rounds of litigation regarding mechanic's lien priority may be needed. This certainly argues against its asserting that confirmation is likely to occur within a reasonable time. Also, as B of A points out, if the litigation later determines that the mechanic's lienholders do indeed have first priority, B of A can accommodate paying them in full.

Debtor's amended plan, which it argues bears a possibility of confirmation within a reasonable time, was filed 02/24/2010. Debtor filed bankruptcy some ten months earlier, on 04/13/2009, and it now just shy of a year of when Debtor filed its plan that had

# United States Bankruptcy Court
## Central District of California

San Fernando Valley

Judge Geraldine Mund, Presiding

Courtroom 303 Calendar

Tuesday, April 26, 2011                                                    Hearing Room 303

10:00 am

Cont....    Roosevelt Lofts, LLC                                            **Chapter 11**

possibility of confirmation "within a reasonable time."

### Proposed Ruling

I need an analysis from the Debtor as to why the plan cannot go forward (1) now or (2) after the first ruling on mechanics' lien priority. I also want to know why the auction never took place.

I am fully aware that B of A has not made it easy for the Debtor, but that is not a sufficient reason to ignore §362(d)(3). I just don't think that I have a complete understanding of what is going on here.

Party Information

Debtor(s):
    Roosevelt Lofts, LLC                             Represented By
                                                  David L. Neale
                                                  Juliet Y Oh
                                                  Lindsey L Smith

Movant(s):
    BANK OF AMERICA, N.A.                       Represented By
                                                  Daniel H Slate
                                                  Rachael H Berman
                                                  Brian T Harvey
                                                  Alexandra Kazhokin
                                                  Carleton R Burch