Form 210A (10/06)

# United States Bankruptcy Court
# Central District Of California(San Fernando Valley)

**In re:**    , Roosevelt Lofts, LLC,
**Case No.** , 09-bk-14214-GM

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE **or deemed filed** under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Name of Transferee:**
Fair Harbor Capital, LLC
As assignee of JJ Little Esq, (aka PM Estrada Roofing)

**Name of Transferor:**
JJ Little Esq, (aka PM Estrada Roofing)

Name and Address where notices to transferee
should be sent:

    Fair Harbor Capital, LLC
    Ansonia Finance Station
    PO Box 237037
    New York, NY 10023

Court Claim # (if known):  11
Amount of Claim:  $26,700.00
Date Claim Filed:

**Name and Address of Transferor:**
JJ Little Esq, (aka PM Estrada Roofing)
Mr. Estrada
11500 West Olympic Blvd Ste 360
Los Angeles, CA  90064

Phone:  ___212 967 4035_____
Last Four Digits of Acct #: ____n/a_____

Phone:
Last Four Digits of Acct. #: ___n/a____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____n/a_____
Last Four Digits of Acct #: _____n/a_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____/s/Fredric Glass_____    Date:___Tuesday, August 02, 2011_____
Transferee/Transferee's Agent
Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
# Central District Of California(San Fernando Valley)

**In re:**    , Roosevelt Lofts, LLC,
**Case No.**    , 09-bk-14214-GM

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

**Claim No.  (if known) 11**
was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on Tuesday, August 02, 2011.

| **Name of Transferee:** | **Name of Transferor:** |
|---|---|
| Fair Harbor Capital, LLC | JJ Little Esq, (aka PM Estrada Roofing) |
| As assignee of JJ Little Esq, (aka PM Estrada Roofing) | |

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037                                             Name and Address of Transferor:
New York, NY 10023

JJ Little Esq, (aka PM Estrada Roofing)
                                                                              Mr.
Estrada
11500 West Olympic Blvd Ste 360
Los Angeles, CA  90064

### ~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer.  Objection must be filed with the court within twenty (20) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                          _____

                                                                                              Clerk of the Court

United States Bankruptcy Court, Central District Of California (San Fernando Valley)

--------------------------------------------------------------X

In re:                                              : Chapter 11
Roosevelt Lofts, LLC.                               : Case No. 09-bk-14214-GM
         Debtor.                                    : Amount: $26,700.00

--------------------------------------------------------------X

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE
Bankruptcy Rule 3000(e)

PLEASE TAKE NOTICE that the scheduled claim of **PM Estrada Roofing** ("Transferor") against the Debtor(s) in the amount of **$26,700.00**, as listed within Schedule F of the Schedule of Assets and Liabilities filed by the Debtor(s), and all claims (including without limitation the Proof of Claim, if any, identified below and Transferor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim) of Transferor have been transferred and assigned other than for security to Fair Harbor Capital, LLC ("Transferee") in consideration of the sum_____. The signature of the Transferee on this TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE is evidence of the Transfer of the claims and all rights and benefits of Transferor relating to the Claim. The Claim is based on amounts owed to Transferor by Debtor and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Please note that Fair Harbor Capital, LLC is not obligated to file any application, motion, Proof of Claim or other document with the Bankruptcy Court with regard to your claim.

I, the undersigned Transferor of the above-described claims, hereby assign and transfer my claims and all rights there under to the Transferee upon terms as set forth in cover letter received. I represent and warrant that the claim is not less than $26,700.00 and has not been previously objected to, sold, or satisfied. Upon notification by Transferee, I agree to reimburse Transferee a pro-rata portion of the purchase price if the claim is reduced, objected to, or disallowed in whole or part by the Debtor, the Court, or any other party and Transferor represents and warrants that there are no offsets or defenses or preferential payments that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. If Transferor fails to negotiate the distribution check on or before ninety (90) days after issuance of such check, then Transferee shall void the distribution check, the amount of cash attributable to such check shall be deposited in Transferee's bank account, and Transferor shall be automatically deemed to have waived its Claim.

A Proof of Claim Has/Has not (strike one) in the amount of $_____ been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Transferee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Transferor is hereby deemed to sell to Transferee, and, at Transferee's option only, Transferee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Transferee shall remit such payment to Transferor upon Transferee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

I, the undersigned Transferor hereby authorize Transferee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Transferee performs its due diligence on the Claim. Transferee, at its sole option, may subsequently transfer the Claim back to Transferor if due diligence is not satisfactory, in Transferee's sole and absolute discretion pursuant to Rule 3001 (e) of the FRBP. In the event Transferee transfers the Claim back to Transferor or withdraws the transfer, at such time both Transferor and Transferee release each other of all and any obligation or liability regarding this Assignment of Claim. Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in and to this Transfer of Claim. All representation and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such re-assignment.

Other than stated above, Transferee assumes all risks associated with debtor's ability to distribute funds. Transferor agrees to deliver to Fair Harbor Capital, LLC any correspondence or payments received subsequent to the date Transferee signs this agreement. The clerk of the court is authorized to change the address regarding the claim of the Transferor to that of the Transferee listed below.

This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Transferor consents to and confers personal jurisdiction over Transferor by such court or courts and agrees that service of process may be upon Transferor by mailing a copy of said process to Transferor at the address set forth in this Assignment of Claim, and in any action hereunder Transferor waives the right to demand a trial by jury. Transferor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Transferee has paid for the Claim, Transferor shall immediately remit to Transferee all monies paid by Transferee in regard to the Claim and ownership of the Claim shall revert back to Transferor.

TRANSFEROR:                                         TRANSFEREE:
PM Estrada Roofing                                  Fair Harbor Capital, LLC
4257 W 101st Street                                 1841 Broadway, 10th Fl, NY, NY 10023
Inglewood, CA 90304
Print Name: _____ Title: _____      Signature: _____

Signature: _____ Date: 7-29-11              Fred Glass, Member Fair Harbor Capital, LLC

Updated Address (If Changed): _____
Phone: _____ Fax: _____

B10 (Official Form 10)(12/08)

| UNITED STATES BANKRUPTCY COURT Central District Of California | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Roosevelt Lofts, LLC | Case Number: 1:09-14214-GM |

**ORIGINAL**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): J.J. Little, Esq. ~~Estrada~~ P. M. Estrada Roofing, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: J.J. Little, Esq. ~~1516 S. Bundy Dr. #317~~ ~~Los Angeles, CA 90025-2681~~ 11500 West Olympic Blvd. Suite 360 Los Angeles, California 90064 Telephone number: (310) 622-9527 (office)  477-9527 (fax) | Court Claim Number: BC406068 (If known) Los Angeles Superior Court Filed on: January 22, 2009 |
| Name and address where payment should be sent (if different from above): Same As Above Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

FILED
MAY 28 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy

**1. Amount of Claim as of Date Case Filed:** $ 26,700

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. *(See attached)*

**2. Basis for Claim:** Breach of Contract / Foreclosure on Mechanics Lien
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: May 20, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ J.J. Little  Attorney for Estrada Roofing | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

(Copy of complaint attached)